1  Kathryn S. Rosen, WSBA #29465
   Davis Wright Tremaine LLP
2  920 5th Avenue, Ste. 3300
   Seattle, WA 98104-1610
3  Tel: (206) 622-3150
   Fax: (206) 757-7700
4  katierosen@dwt.com

5  Mark W. Robertson, N.Y. Bar #4508248
   (*pro hac vice*)
6  O'Melveny & Myers LLP
   7 Times Square
7  New York, NY 10036
   Tel: (212) 326-2000
8  Fax: (212) 326-2061
   mrobertson@omm.com
9
   M. Tristan Morales, CA Bar #278498
10 (*pro hac vice*)
   O'Melveny & Myers LLP
11 1625 Eye Street, NW
   Washington, D.C. 20006
12 Tel.: (202) 383-5300
   Fax: (202) 383-5414
13 tmorales@omm.com

14 *Attorneys for Defendants*

15

16              **UNITED STATES DISTRICT COURT**
                **EASTERN DISTRICT OF WASHINGTON**
17

18 CASEY CLARKSON,                          Case No. 2:19-cv-0005 TOR

19              Plaintiff,                   **DEFENDANTS ALASKA**
                                            **AIRLINES, INC., HORIZON AIR**
20      v.                                  **INDUSTRIES, INC., and**
                                            **ALASKA AIRLINES**
21 ALASKA AIRLINES, INC.,                   **PENSION/BENEFITS**
   HORIZON AIR INDUSTRIES, INC.,            **ADMINISTRATIVE**
22 and ALASKA AIRLINES                      **COMMITTEE'S ANSWER AND**
   PENSION/BENEFITS                         **AFFIRMATIVE DEFENSES TO**
23 ADMINISTRATIVE COMMITTEE,                **PLAINTIFF'S COMPLAINT**

24              Defendants.

25

26

   DEFENDANTS' ANSWER
   Case No. 2:19-cv-0005 TOR

1    Defendant Alaska Airlines, Inc. ("Alaska"), Horizon Air Industries, Inc.

2    ("Horizon"), and Alaska Airlines Pension/Benefits Administrative Committee

3    (collectively "Defendants") respectfully submit their answer and affirmative

4    defenses to Plaintiff Casey Clarkson's ("Plaintiff's") First Amended Complaint

5    ("FAC").

6                              **GENERAL DENIALS**

7        Except as expressly admitted below, Defendants deny each and every

8    allegation against them and deny liability to Plaintiff.  With respect to those

9    allegations in the FAC that specify no applicable time, Defendants have answered

10   as of the present date.

11       Plaintiff includes in his FAC headings purporting to characterize certain

12   actions or events.  Because the headings and subheadings are not set forth in

13   numbered paragraphs, they are not properly pleaded facts, and no response is

14   necessary.  To the extent that Plaintiff has included headings or impertinent

15   materials that are inappropriate under Rules 8 and 12(f) of the Federal Rules of

16   Civil Procedure, no response is necessary.  To the extent Plaintiff's headings or

17   subheadings purport to state facts to which a response is required, Defendants deny

18   each and every such allegation.  Plaintiff's headings are repeated below solely for

19   organizational purposes.  Defendants specifically deny, and do not adopt, the

DEFENDANTS' ANSWER                    2
Case No. 2:19-cv-0005 TOR

1   characterizations set forth in these organizational headings and subheadings.

2       Specific denials on behalf of both Defendants do not indicate that both

3   Defendants are subject to the specific allegations nor do such denials on behalf of

4   both Defendants waive any response or defense on behalf of any particular

5   Defendant.

6       Defendants reserve the right to seek to amend and/or supplement this

7   Answer as may be necessary.

8                  **RESPONSES TO SPECIFIC ALLEGATIONS**

9       In addition to and incorporating the above general denials, Defendants

10  further answer the numbered paragraphs in the FAC as follows:

11                          **<u>INTRODUCTION</u>**

12      1.     The allegations in Paragraph 1 of the FAC state a legal conclusion to

13  which no response is required.  To the extent a response is required, Defendants

14  deny the allegations in Paragraph 1, except admit that Paragraph 1 purports to

15  describe Plaintiff's Complaint.

16      2.     Defendants deny the allegations in Paragraph 2 of the FAC, except

17  admit that Paragraph 2 cites to a portion of USERRA and aver that USsERRA

18  speaks for itself.

19      3.     Defendants deny the allegations in Paragraph 3 of the FAC.

DEFENDANTS' ANSWER                 3           O'Melveny & Myers LLP
Case No. 2:19-cv-0005 TOR                       LAW OFFICES
                                                  7 Times Square
                                                New York, NY  10036
                                          212.326.2000 main · 212-326-2061 fax

4.      Defendants deny the allegations in Paragraph 4 of the FAC.

5.      Defendants deny the allegations in Paragraph 5 of the FAC, except admit that both Alaska and Horizon are wholly-owned subsidiaries of Alaska Air Group, Inc.

6.      Defendants deny the allegations in Paragraph 6 of the FAC.

7.      Defendants deny the allegations in Paragraph 7 of the FAC, except admit that Paragraph 7 purports to describe the nature of Plaintiff's Complaint.

8.      Defendants deny the allegations in Paragraph 8 of the FAC, except admit that Paragraph 8 purports to describe the nature of Plaintiff's Complaint.

9.      Defendants deny the allegations in Paragraph 9 of the FAC, except admit that Paragraph 9 purports to describe the nature of Plaintiff's Complaint.

## JURISDICTION AND VENUE

10.      The allegations in Paragraph 10 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 10, except admit that this Court has jurisdiction over the federal question presented by Plaintiff's claims under USERRA unless and until the litigation of Plaintiff's claims reveals that the claims raise questions of interpretation or application of a collective bargaining agreement, at which time the Railway Labor Act, 45 U.S.C. §§ 151, *et seq*., may require dismissal of

DEFENDANTS' ANSWER
Case No. 2:19-cv-0005 TOR

4

O'Melveny & Myers LLP
LAW OFFICES
7 Times Square
New York, NY  10036
212.326.2000 main · 212-326-2061 fax

1   Plaintiff's claims for lack of jurisdiction.

2        11.    The allegations of Paragraph 11 of the FAC state a legal conclusion to

3   which no response is required.  To the extent a response is required, Defendants

4   deny allegations in Paragraph 11 except admit that Plaintiff and certain other

5   employees of Defendants Alaska and Horizon reside in and Defendants transact

6   business in the Eastern District of Washington.

7        12.    The allegations of Paragraph 12 of the FAC state a legal conclusion to

8   which no response is required.  To the extent a response is required, Defendants

9   deny allegations in Paragraph 12 except admit that Defendant Horizon is a

10  Washington corporation and Defendants Horizon and Alaska are licensed to

11  conduct business in the State of Washington and conduct business in the Eastern

12  District of Washington.

13  **PARTIES**

14       13.    Defendants admit that Plaintiff Clarkson was employed by Horizon as

15  a pilot beginning in November 2013 until he was hired by Alaska as a pilot on

16  November 6, 2017, and is currently employed by Alaska.  Except as specifically

17  admitted, Defendants lack knowledge or information sufficient to form a belief as

18  to the truth of the allegations in Paragraph 13 of the FAC.

19       14.    Defendants deny the allegations in Paragraph 14 of the FAC, except

DEFENDANTS' ANSWER
Case No. 2:19-cv-0005 TOR

5

O'Melveny & Myers LLP
LAW OFFICES
7 Times Square
New York, NY  10036
212.326.2000 main · 212-326-2061 fax

1  admit that Alaska is an Alaskan corporation that is licensed to conduct business in

2  the state of Washington and Alaska's registered agent's address is 19300

3  International Blvd. SeaTac, WA 98188.

4     15. Defendants deny the allegations in Paragraph 15 of the FAC, except

5  admit that Horizon is a Washington corporation that is licensed to conduct business

6  in the State of Washington and Horizon's registered agent's address is 19300

7  International Blvd. SeaTac, WA 98188.

8     16. The allegations in Paragraph 16 of the FAC state a legal conclusion to

9  which no response is required.  To the extent a response is required, Defendants

10  deny the allegations in Paragraph 16, except admit that Defendant Alaska Airlines

11  Pension/Benefit Administrative Committee is the Plan Administrator of the Alaska

12  Airlines, Inc. Pilots Investment and Savings Plan, which is the defined-contribution

13  plan that is offered to Alaska pilots and Plaintiff Clarkson is and has been a

14  participant in the Plan at least since October 2018.

15  **CLASS ACTION ALLEGATIONS**

16     17. The allegations in Paragraph 17 of the FAC state a legal conclusion to

17  which no response is required.  To the extent a response is required, Defendants

18  deny the allegations in Paragraph 17, except admit that Paragraph 17 purports to

19  describe Plaintiff's Complaint.

DEFENDANTS' ANSWER
Case No. 2:19-cv-0005 TOR

6

1    18.    The allegations in Paragraph 18 of the FAC state a legal conclusion to

2    which no response is required.  To the extent a response is required, Defendants

3    deny the allegations in Paragraph 18, except admit that Paragraph 18 purports to

4    describe Plaintiff's Complaint.

5    **Impracticability of Joinder**

6    19.    The allegations in Paragraph 19 of the FAC state a legal conclusion to

7    which no response is required.  To the extent a response is required, Defendants

8    deny the allegations in Paragraph 19, except admit that Horizon employs at least

9    700 pilots.

10    20.    The allegations in Paragraph 20 of the FAC state a legal conclusion to

11    which no response is required.  To the extent a response is required, Defendants

12    deny the allegations in Paragraph 20.

13    21.    The allegations in Paragraph 21 of the FAC state a legal conclusion to

14    which no response is required.  To the extent a response is required, Defendants

15    deny the allegations in Paragraph 21, except admit that Alaska and Horizon

16    maintain hubs in numerous geographically dispersed airports.

17    **Commonality**

18    22.    Defendants deny the allegations in Paragraph 22 of the FAC.

19    23.    Defendants deny the allegations in Paragraph 23 of the FAC.

DEFENDANTS' ANSWER
Case No. 2:19-cv-0005 TOR

7

O'Melveny & Myers LLP
LAW OFFICES
7 Times Square
New York, NY  10036
212.326.2000 main · 212-326-2061 fax

1     24.     Defendants deny the allegations in Paragraph 24 of the FAC.

2     25.     Defendants deny the allegations in Paragraph 25 of the FAC.

3     26.     Defendants deny the allegations in Paragraph 26 of the FAC.

4  **Typicality**

5     27.     Defendants deny the allegations in Paragraph 27 of the FAC.

6     28.     Defendants deny the allegations in Paragraph 28 of the FAC.

7  **Adequacy**

8     29.     The allegations in Paragraph 29 of the FAC state a legal conclusion to

9  which no response is required.  To the extent a response is required, Defendants

10  deny the allegations in Paragraph 29 including for lack of knowledge or

11  information.

12     30.     The allegations in Paragraph 30 of the FAC state a legal conclusion to

13  which no response is required.  To the extent a response is required, Defendants

14  deny the allegations in Paragraph 30 including for lack of knowledge or

15  information.

16     31.     The allegations in Paragraph 31 of the FAC state a legal conclusion to

17  which no response is required.  To the extent a response is required, Defendants

18  deny the allegations in Paragraph 31 including for lack of knowledge or

19  information.

DEFENDANTS' ANSWER
Case No. 2:19-cv-0005 TOR    8

O'Melveny & Myers LLP
LAW OFFICES
7 Times Square
New York, NY  10036
212.326.2000 main · 212-326-2061 fax

32.    The allegations in Paragraph 32 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 32.

33.    The allegations in Paragraph 33 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 33 including for lack of knowledge or information.

**Rule 23(b)(3)**

34.    Defendants deny the allegations in Paragraph 34 of the FAC.

35.    Defendants deny the allegations in Paragraph 35 of the FAC.

36.    Defendants deny the allegations in Paragraph 36 of the FAC.

37.    Defendants deny the allegations in Paragraph 37 of the FAC.

## FACTUAL ALLEGATIONS

**Defendant Horizon's Policies Regarding Military Leave**

36.    Defendants deny the allegations of Paragraph 36 of the FAC, except admit that Horizon has several policies that apply to employees who take leave to perform military service.[1]

---

[1] Plaintiff's FAC renumbers to Paragraph 36 here.

DEFENDANTS' ANSWER
Case No. 2:19-cv-0005 TOR

9

O'Melveny & Myers LLP
LAW OFFICES
7 Times Square
New York, NY  10036
212.326.2000 main · 212-326-2061 fax

1      37.    Defendants deny the allegations in Paragraph 37 of the FAC.

2      38.    Defendants deny the allegations in Paragraph 38 of the FAC, except

3  admit that Horizon has applied a collectively-bargained "virtual credit" policy that

4  at one point allocated 2.45 hours per day for pilots on certain leaves, including

5  certain military leaves.

6      39.    Defendants deny the allegations in Paragraph 39 of the FAC.

7      40.    Defendants deny the allegations in Paragraph 40 of the FAC.

8  **Defendant Alaska Airlines' Policies Regarding Military Leave**

9      41.    Defendants deny the allegations in Paragraph 41 of the FAC.

10 **Horizon's "Virtual Credit" Policy Causes Plaintiff Clarkson to Lose His Regular Line Holder Status**

11

12     42.    Defendants deny the allegations in Paragraph 42 of the FAC, except

13 admit that Plaintiff Clarkson began working for Horizon as a pilot in November

14 2013.

15     43.    Defendants deny the allegations in Paragraph 43 of the FAC, except

16 admit that Plaintiff Clarkson went on military leave beginning June 8, 2017 and

17 was on military leave for 23 days in June 2017 and received virtual credit during

18 that military leave in accordance with the collectively-bargained credit matrix that

19 was effective at the time.

DEFENDANTS' ANSWER                    10
Case No. 2:19-cv-0005 TOR

O'Melveny & Myers LLP
LAW OFFICES
7 Times Square
New York, NY  10036
212.326.2000 main · 212-326-2061 fax

44.     Defendants deny the allegations in Paragraph 44 of the FAC, except admit that Plaintiff Clarkson went on military leave in July 2017 and received virtual credit during that military leave in accordance with the collectively-bargained credit matrix that was effective at the time.

45.     Defendants deny the allegations in Paragraph 45 of the FAC.

46.     Defendants deny the allegations in Paragraph 46 of the FAC.

47.     Defendants deny the allegations in Paragraph 47 of the FAC.

48.     Defendants deny the allegations in Paragraph 48 of the FAC, except admit that went on military leave on September 26 and received virtual credit during that military leave in accordance with the collectively-bargained credit matrix that was effective at the time.

49.     Defendants deny the allegations in Paragraph 49 of the FAC, except admit that Plaintiff Clarkson took military leave in October 2017.

50.     Defendants deny the allegations in Paragraph 50 of the FAC.

51.     Defendants deny the allegations in Paragraph 51 of the FAC.

**Plaintiff Clarkson and the U.S. Department of Labor Notified Horizon That its Virtual Credit Policy Violates USERRA**

52.     Defendants deny the allegations of Paragraph 52 of the FAC, except admit that Plaintiff emailed members of Horizon's management regarding the

DEFENDANTS' ANSWER
Case No. 2:19-cv-0005 TOR

11

1  company's "virtual credit" policy on June 11, 2017.

2       53.     Defendants deny the allegations of Paragraph 53 of the FAC, except

3  admit that Plaintiff filed a complaint with the U.S. Department of Labor's Veterans

4  Employment and Training Services ("DOL").

5       54.     Defendants deny the allegations of Paragraph 54 of the FAC, except

6  admit that the DOL contacted Horizon and Horizon told the DOL that while the

7  company did not "track reservists," as of August 18, 2017, "30 [of the company's

8  698] pilots [were] on military leaves."

9       55.     Defendants deny the allegations of Paragraph 55 of the FAC, except

10  admit that the DOL completed its investigation of Clarkson's complaint and issued

11  a letter with its findings on October 4, 2017, and the DOL's letter speaks for itself.

12       56.     Defendants deny the allegations of Paragraph 56 of the FAC.

13  **Both Defendants Failed to Pay Plaintiff Clarkson During Periods of Short-Term Military Leave**

14

15       55.     Defendants admit the allegations of Paragraph 55 of the FAC.[2]

16       56.     Defendants deny the allegations of Paragraph 56 of the FAC.

17       57.     Defendants deny the allegations of Paragraph 57 of the FAC.

18

---

19  [2] Plaintiff's FAC renumbers here to Paragraph 55.

DEFENDANTS' ANSWER
Case No. 2:19-cv-0005 TOR

12

O'Melveny & Myers LLP
LAW OFFICES
7 Times Square
New York, NY  10036
212.326.2000 main · 212-326-2061 fax

1 **Defendants' USERRA Violations Were Knowing and Willful**

2    58.    Defendants deny the allegations of Paragraph 58 of the FAC, except

3 admit that Plaintiff claimed to Horizon that its virtual credit policy violated

4 USERRA.  The DOL's investigation speaks for itself.

5    59.    Defendants deny the allegations of Paragraph 59 of the FAC including

6 for lack of knowledge or information.

7    60.    Defendants deny the allegations of Paragraph 60 of the FAC.

8

**Count I**
**Violation of USERRA, 38 U.S.C. §§ 4312 & 4313**
**On Behalf of the Virtual Credit Class Against Horizon**

9

10    61.    Defendants restate and reallege the responses set forth in the

11 foregoing as if fully set forth herein.

12    62.    The allegations in Paragraph 62 of the FAC state a legal conclusion to

13 which no response is required.  To the extent a response is required, Defendants

14 deny the allegations in Paragraph 62, except admit that Paragraph 62 cites to a

15 portion of USERRA and aver that USERRA speaks for itself.

16    63.    Defendants deny the allegations of Paragraph 63 of the FAC, except

17 admit that Plaintiff Clarkson provided Horizon notice of his military obligation

18 beginning June 8, 2017.

19    64.    Defendants admit the allegations of Paragraph 64 of the FAC.

DEFENDANTS' ANSWER
Case No. 2:19-cv-0005 TOR

13

O'Melveny & Myers LLP
LAW OFFICES
7 Times Square
New York, NY  10036
212.326.2000 main · 212-326-2061 fax

1    65.    Defendants deny the allegations of Paragraph 65 of the FAC including

2   for lack of knowledge or information.

3    66.    Defendants admit the allegations of Paragraph 66 of the FAC.

4    67.    Defendants deny the allegations in Paragraph 67 of the FAC, except

5   admit that Paragraph 67 purports to describe the nature of Plaintiff's Complaint.

6    68.    The allegations in Paragraph 68 of the FAC state a legal conclusion to

7   which no response is required.  To the extent a response is required, Defendants

8   deny the allegations in Paragraph 68, except admit that Paragraph 62 cites to a

9   portion of USERRA and aver that USERRA speaks for itself.

10    69.    Defendants deny the allegations in Paragraph 69 of the FAC.

11                              **Count II**
    **Violation of USERRA § 4316(a), 38 U.S.C. § 4316(a) on Behalf of**
12            **the Virtual Credit Class Plaintiffs Against Horizon**

13    70.    Defendants restate and reallege the responses set forth in the

14   foregoing as if fully set forth herein.

15    71.    The allegations in Paragraph 71 of the FAC state a legal conclusion to

16   which no response is required.  To the extent a response is required, Defendants

17   deny the allegations in Paragraph 71, except admit that Paragraph 71 cites to a

18   portion of USERRA and aver that USERRA speaks for itself.

19    72.    The allegations in Paragraph 72 of the FAC state a legal conclusion to

DEFENDANTS' ANSWER                    14
Case No. 2:19-cv-0005 TOR

1 | which no response is required.  To the extent a response is required, Defendants

2 | deny the allegations in Paragraph 72, except admit that Paragraph 72 cites to a

3 | portion of USERRA and aver that USERRA speaks for itself.

4 |       73.    Defendants deny the allegations in Paragraph 73 of the FAC.

5 |       74.    Defendants deny the allegations in Paragraph 74 of the FAC.

6 |
7 |

**Count III**
**Violation of USERRA § 4316(c), 38 U.S.C. § 4316(c) on Behalf of the Virtual Credit Class Against Horizon**

8 |       75.    Defendants restate and reallege the responses set forth in the

9 | foregoing as if fully set forth herein.

10 |       76.    The allegations in Paragraph 76 of the FAC state a legal conclusion to

11 | which no response is required.  To the extent a response is required, Defendants

12 | deny the allegations in Paragraph 76, except admit that Paragraph 76 cites to a

13 | portion of USERRA and aver that USERRA speaks for itself.

14 |       77.    The allegations in Paragraph 77 of the FAC state a legal conclusion to

15 | which no response is required.  To the extent a response is required, Defendants

16 | deny the allegations in Paragraph 77.

17 |       78.    Defendants deny the allegations in Paragraph 78 of the FAC.

18 |
19 |

**Count IV**
**Violation of USERRA § 4316(b), 38 U.S.C. § 4316(b)**
**On Behalf of the Paid Leave Class Against Horizon and Alaska**

DEFENDANTS' ANSWER
Case No. 2:19-cv-0005 TOR

15

O'Melveny & Myers LLP
LAW OFFICES
7 Times Square
New York, NY  10036
212.326.2000 main · 212-326-2061 fax

79.     Defendants restate and reallege the responses set forth in the foregoing as if fully set forth herein.

80.     The allegations in Paragraph 80 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 80, except admit that Paragraph 80 cites to a portion of USERRA and aver that USERRA speaks for itself.

81.     The allegations in Paragraph 81 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 81, except admit that Paragraph 81 cites to a portion of the federal regulations under USERRA and aver that the federal regulations under USERRA speak for themselves.

82.     Defendants deny the allegations in Paragraph 82 of the FAC.

83.     Defendants deny the allegations in Paragraph 83 of the FAC.

84.     Defendants deny the allegations in Paragraph 84 of the FAC.

85.     Defendants deny the allegations in Paragraph 85 of the FAC.

86.     Defendants deny the allegations in Paragraph 86 of the FAC.

**Count V**
**Violation of ERISA § 104(b), 29 U.S.C. § 1024(b)**
**Brought by Plaintiff Clarkson Individually Against the Alaska Airlines Pension/Benefit Administrative Committee**

DEFENDANTS' ANSWER
Case No. 2:19-cv-0005 TOR                16

O'Melveny & Myers LLP
LAW OFFICES
7 Times Square
New York, NY  10036
212.326.2000 main · 212-326-2061 fax

87.     Defendants restate and reallege the responses set forth in the foregoing as if fully set forth herein.

88.     The allegations in Paragraph 88 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 88, except admit that Paragraph 88 cites to a portion of ERISA and aver that ERISA speaks for itself.

89.     The allegations in Paragraph 89 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 89, except admit that Paragraph 89 cites to a portion of ERISA and aver that ERISA speaks for itself.

90.     Defendants deny the allegations in Paragraph 90 of the FAC.

91.     Defendants deny the allegations in Paragraph 91 of the FAC, except admits that on October 22, 2019, Plaintiff Clarkson sent via certified mail a letter to the Alaska Airlines Pension/Benefit Administrative Committee asking it to provide "the latest updated summary plan description; (2) any summaries of material modification to the Plan; (3) the latest full annual report, including a statement of assets and liabilities of the Plan and accompanying notes as well as a statement of income and expenses of the Plan, and accompanying notes; and (4) any bargaining agreement, trust agreement, contract; or (5) other instruments under

DEFENDANTS' ANSWER
Case No. 2:19-cv-0005 TOR                    17

O'Melveny & Myers LLP
LAW OFFICES
7 Times Square
New York, NY  10036
212.326.2000 main · 212-326-2061 fax

1    which the Plan is established or operated, and any applicable amendments..

2        92.    The allegations in Paragraph 92 of the FAC state a legal conclusion to

3    which no response is required.  To the extent a response is required, Defendants

4    deny the allegations in Paragraph 92.

5        93.    The allegations in Paragraph 93 of the FAC state a legal conclusion to

6    which no response is required.  To the extent a response is required, Defendants

7    deny the allegations in Paragraph 93, except admit that Paragraph 93 cites to a

8    portion of ERISA and aver that ERISA speaks for itself.

9        94.    The allegations in Paragraph 94 of the FAC state a legal conclusion to

10   which no response is required.  To the extent a response is required, Defendants

11   deny the allegations in Paragraph 94, except admit that Paragraph 94 cites to a

12   portion of ERISA and aver that ERISA speaks for itself.

13   **PRAYER FOR RELIEF**

14       Defendants deny that Plaintiff, as an individual and on behalf of the putative

15   class, is entitled to any of the relief set forth in clauses A-K of the FAC, including

16   their component subparts.

17   **JURY TRIAL DEMAND**

18       The allegations in the Jury Trial Demand in the FAC state a legal conclusion

19   to which no response is required.  To the extent a response is required, Defendants

DEFENDANTS' ANSWER
Case No. 2:19-cv-0005 TOR

18

O'Melveny & Myers LLP
LAW OFFICES
7 Times Square
New York, NY  10036
212.326.2000 main · 212-326-2061 fax

1  deny the allegations in the Jury Trial Demand of the FAC except admit that

2  Plaintiff purports to demand a trial by jury for all causes of action and issues for

3  which trial by jury is available.

4  ### AFFIRMATIVE DEFENSES

5      Defendants assert the following affirmative defenses.  By alleging these

6  affirmative defenses, Defendants do not agree or concede that they have the burden

7  of proof on any of the issues raised in these defenses or that any particular issue or

8  subject matter herein is relevant to Plaintiff's allegations.

9  ### FIRST AFFIRMATIVE DEFENSE

10      Pursuant to the Railway Labor Act, 45 U.S.C. §§ 151, *et seq*., the Court

11  lacks subject-matter jurisdiction to adjudicate the merits of Plaintiff's claims, or

12  some of them, to the extent resolution of Plaintiff's claims would require the Court

13  to interpret or apply a collective bargaining agreement governing the terms of

14  Plaintiff or the putative class's employment with Defendants.

15  ### SECOND AFFIRMATIVE DEFENSE

16      The claims in the FAC are barred in whole or in part by the doctrine of

17  laches.

18  ### THIRD AFFIRMATIVE DEFENSE

19      The claims in the FAC are barred in whole or in part by the applicable

DEFENDANTS' ANSWER
Case No. 2:19-cv-0005 TOR

19

1  statute of limitations.

2  **<u>FOURTH AFFIRMATIVE DEFENSE</u>**

3  This lawsuit is not appropriate for class certification, and Plaintiff cannot

4  meet his burden to show that the claims for which class treatment is sought meet

5  the requirements of Federal Rule of Civil Procedure 23.

6  **<u>FIFTH AFFIRMATIVE DEFENSE</u>**

7  Assuming *arguendo* that Plaintiff were to prove Defendants violated

8  USERRA, which he cannot, any such violation was not willful, and therefore

9  Plaintiff is not entitled to recover liquidated damages.

10  **<u>SIXTH AFFIRMATIVE DEFENSE</u>**

11  The claims in the FAC fail as a matter of law under USERRA.

12  **<u>SEVENTH AFFIRMATIVE DEFENSE</u>**

13  This Court lacks personal jurisdiction over class members who have never

14  performed work for Defendants in Washington.

15  **<u>EIGHTH AFFIRMATIVE DEFENSE</u>**

16  Plaintiff and putative class members may be barred by a settlement or

17  release from bringing claims.

18  **<u>NINTH AFFIRMATIVE DEFENSE</u>**

19  Plaintiffs' claims may be barred by the takings clause of the Fifth

DEFENDANTS' ANSWER
Case No. 2:19-cv-0005 TOR

20

O'Melveny & Myers LLP
LAW OFFICES
7 Times Square
New York, NY 10036
212.326.2000 main · 212-326-2061 fax

1  Amendment to the United States Constitution.

2  **<u>RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES</u>**

3      Defendants reserve the right to assert, and hereby gives notice that they

4  intends to rely upon, any other defense that may become available or appear during

5  discovery proceedings or otherwise in this case and hereby reserves the right to

6  amend their Answer to assert any such defense.

7      **<u>WHEREFORE</u>**, Defendants demand judgment as follows:

8          A.    Plaintiff's FAC and each cause of action therein be

9      dismissed with prejudice;

10         B.    Plaintiff's requests for damages, remedies, fees, costs, and

11     other relief be denied in their entirety, and that Plaintiff take nothing by

12     way of the FAC;

13         C.    Defendants be awarded their costs, disbursements, and

14     attorneys' fees incurred in this action; and

15         D.    The Court order such other and further relief for

16     Defendants as the Court deems just and proper.

17

18

19

DEFENDANTS' ANSWER                    21
Case No. 2:19-cv-0005 TOR

1   Respectfully submitted,

2   Dated:  July 15, 2019                    <u>s/Mark W. Robertson</u>
                                           Mark W. Robertson (*pro hac vice*)

3

4   Kathryn S. Rosen, WSBA #29465     Mark W. Robertson (*pro hac vice*)
  Davis Wright Tremaine               (N.Y. Bar #4508248)

5   920 5th Avenue, Ste. 3300         O'Melveny & Myers LLP
  Seattle, Washington 98104-1610    7 Times Square

6   Tel.: (206) 622-3150               New York, New York 10036
  Fax: (206) 757-7700              Tel.: (212) 326-2000

7   katierosen@dwt.com              Fax: (212) 326-2061
                                    mrobertson@omm.com

8   *Attorneys for Defendants*
                                     Tristan Morales (*pro hac vice*)

9                                      (CA Bar # 278498)
                                     O'Melveny & Myers LLP

10                                     1625 Eye Street, NW
                                    Washington, D.C. 20006

11                                     Tel.: (202) 383-5300
                                    Fax: (202) 383-5414

12                                     tmorales@omm.com

13

14

15

16

17

18

19

O'Melveny & Myers LLP
LAW OFFICES
7 Times Square
New York, NY  10036
212.326.2000 main · 212-326-2061 fax

1

## CERTIFICATE OF SERVICE

2       The undersigned certifies that, on July 15, 2019, a true and correct copy of

3 Defendants Alaska Airlines, Inc., Horizon Air Industries, Inc., and Alaska Airlines

4 Pension/Benefits Administrative Committee's Answer and Affirmative Defenses to

5 Plaintiff's Complaint, was served on all counsel of record by the Court's electronic

6 filing system (CM/ECF).

7

8                               By */s/ Mark W. Robertson*
                                   Mark W. Robertson (*pro hac vice*)

9

10

11

12

13

14

15

16

17

18

19

O'Melveny & Myers LLP
LAW OFFICES
7 Times Square
New York, NY  10036
212.326.2000 main · 212-326-2061 fax