UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CASEY CLARKSON,<br><br>    Plaintiff,<br><br>v.<br><br>ALASKA AIRLINES, INC., HORIZON AIR INDUSTRIES, INC., and ALASKA AIRLINES PENSION/BENEFITS ADMINISTRATIVE COMMITTEE,<br><br>    Defendants. | NO. 2:19-CV-0005-TOR<br><br>ORDER DENYING DEFENDANTS ALASKA AIRLINES, INC. AND HORIZON AIR INDUSTRIES, INC.'S MOTION FOR IMMEDIATE APPEAL OR FOR RECONSIDERATION |

BEFORE THE COURT is Defendant Alaska Airlines, Inc. and Horizon Air Industries, Inc.'s ("Defendants") Motion For Immediate Appeal Under 28 U.S.C. § 1292(b), or, in the Alternative, for Reconsideration. ECF No. 36. This matter was submitted on an expedited basis, without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Defendants' Motion (ECF No. 36) is **DENIED**.

//

ORDER DENYING DEFENDANTS' MOTION FOR IMMEDIATE APPEAL OR FOR RECONSIDERATION ~ 1

Defendants moved to dismiss all of four counts against them for failure to state a claim, including the claim that Horizon and Alaska violated section 4316(b) of USERRA by failing to pay Plaintiff wages during periods of short-term military leave (Count IV). The Court declined to dismiss Plaintiff's claims **at this stage of the litigation**.

When evaluating a complaint under Rule 12(b)(6), courts must "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the plaintiff." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). And, notwithstanding Rule 8(a)(2), the Supreme Court has specified that pleadings which merely offer "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancements" are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007)). Thus, while "detailed factual allegations" are not required, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is **plausible** on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570) (emphasis added).

In the motion to dismiss, Defendants argued that wages for work not performed while on military leave are not a non-seniority-based "benefit" under USERRA and, therefore, Plaintiff failed to state a claim under section 4316(b).

ECF No. 18 at 13-14. Plaintiff responded that the "rights and benefits" under section 4303(2) includes wages, which must be given equally to employees on military leave if given to other employees who take comparable forms of leave. ECF No. 24 at 22.

Once again, the Court concludes that it is unable to decide this issue on these pleadings alone. At minimum, in evaluating the allegations in Count IV, the Court would be required to consider what other "similarly situated employees" of Horizon and Alaska are guaranteed by "employment contract, agreement, policy, practice, or plan in effect at the employee's workplace," which would require the Court to review evidence extraneous to the Complaint. Plaintiff's Complaint does not provide sufficient evidence for the Court to make a comparability determination on the wage issue at this time. Nor do Defendants provide the Court with any sworn testimony or evidence by which this determination can be decided. Rather, these arguments are more appropriately considered on a motion for summary judgment so the Court can consider relevant evidence outside the Complaint (which must be presumed to be true on a motion to dismiss).

Accordingly, the Court again denies Defendants' motion for reconsideration insofar as it relates to Count IV because the Court requires evidence outside Plaintiff's Complaint to make a final determination on this issue.

Because the standard of review applicable to a motion to dismiss is "plausibility" and this Court has not made any legal determination as to whether Count IV will ultimately be successful, there is nothing to certify to the Circuit. Nor is there any other legal basis to reconsider the Court's prior order denying the motion to dismiss.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant Alaska Airlines, Inc. and Horizon Air Industries, Inc.'s ("Defendants") Motion For Immediate Appeal Under 28 U.S.C. § 1292(b), or, in the Alternative, for Reconsideration, ECF No. 36, is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** August 8, 2019.



THOMAS O. RICE
Chief United States District Judge