R. Joseph Barton
(admitted *pro hac vice*)
BLOCK & LEVITON LLP
1735 20th Street, NW
Washington D.C. 20009
Tel: (202) 734-7046
Fax: (617) 507-6020
jbarton@blockesq.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CASEY CLARKSON, on behalf of himself and all other similarly situated | Case No. 2:19-cv-00005-TOR |
| Plaintiff, | **PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** |
| v. | **NOTED FOR HEARING: AUGUST 4, 2020 AT 10:00 A.M.** |
| ALASKA AIRLINES, INC., HORIZON AIR INDUSTRIES, INC. and ALASKA AIRLINES PENSION/ BENEFITS ADMINISTRATIVE COMMITTEE, | WITH ORAL ARGUMENT |
| Defendants. | |

# TABLE OF CONTENTS

MOTION ................................................................................................ 1

BACKGROUND .................................................................................... 2

ARGUMENT .......................................................................................... 3

    I.      The Classes are Objectively and Properly Defined ............................ 4

    II.     The Requirements of Rule 23(a) are Satisfied .................................... 5

           A.    The Classes are so Numerous that Joinder is Impracticable ..... 5

           B.    There are Common Questions of Law and Fact ....................... 6

           C.    The Typicality Requirement of Rule 23(a) is Met ................. 10

                 1.    Plaintiff's Claims are Typical of the Classes ............... 10

                 2.    Defendants Assert No Unique Defenses Against Plaintiff ........................................................................ 12

           D.    Plaintiff and his Counsel Will Adequately Represent the Classes ............................................................................ 13

                 1.    There is no Evidence of Conflict ................................. 13

                 2.    Plaintiff will Vigorously Prosecute the Claims ............. 14

                 3.    Plaintiff's Counsel are More Than Adequate ................ 15

    III.    The Claims Meet the Requirements of Rule 23(b)(3) ...................... 16

           A.    The Predominance Requirement is Met ................................ 16

           B.    The Superiority Requirement is Met ..................................... 19

CONCLUSION ..................................................................................... 20

# TABLE OF AUTHORITIES

**Pages**

**Cases**

*Allen v. Hyland's Inc.*,
  300 F.R.D. 643 (C.D. Cal. 2014) ........................................................ 15

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997) ............................................................................ 4

*Amgen Inc. v. Conn. Ret. Plans and Tr. Funds*,
  568 U.S. 455 (2013) .................................................................. 4, 7, 17

*Armstrong v. Davis*,
  275 F.3d 849 (9th Cir. 2001) .............................................................. 11

*Baumann v. Chase Inv. Servs. Corp.*,
  747 F.3d 1117 (9th Cir. 2014) ............................................................ 15

*Briseno v. ConAgra Foods, Inc.*,
  844 F.3d 1121 (9th Cir. 2017) ........................................................ 4, 20

*Clarkson v. Alaska Airlines, Inc.*,
  No. 19-CV-0005, 2019 WL 2503957 (E.D. Wash. June 17, 2019) ...... 2, 7, 11, 12

*Duffer v. United Cont'l Holdings, Inc.*,
  173 F. Supp. 3d 689 (N.D. Ill. 2016) .................................................... 8

*Hall v. L-3 Commc'ns Corp.*,
  No. 15 CV 00231, 2019 WL 3845460 (E.D. Wash. Aug. 2, 2019) .................... 16

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ............................................................ 13

*In re Online DVD-Rental Antitrust Litig.*,
  779 F.3d 934 (9th Cir. 2015) .............................................................. 13

*In re Visa Check/MasterMoney Antitrust Litig.*,
  280 F.3d 124 (2d Cir. 2001) ............................................................... 20

*Just Film, Inc. v. Buono*,
  847 F.3d 1108 (9th Cir. 2017) ...................................................... 11, 17

*McCluskey v. Trs. of Red Dot Corp. Employee Stock Ownership Plan & Tr.*,
268 F.R.D. 670 (W.D. Wash. 2010) ..................................................................... 6

*McGuire v. Dendreon Corp.*,
267 F.R.D. 690 (W.D. Wash. 2010) ................................................................... 14

*Messner v. Northshore U. HealthSystem*,
669 F.3d 802 (7th Cir. 2012) .............................................................................. 17

*Mullins v. Direct Dig., LLC*,
795 F.3d 654 (7th Cir. 2015) .............................................................................. 20

*Parsons v. Ryan*,
754 F.3d 657 (9th Cir. 2014) ........................................................................ 10, 11

*Rodriguez v. Hayes*,
591 F.3d 1105 (9th Cir. 2010) ........................................................................... 12

*Saucedo v. NW Mgmt. & Realty Servs., Inc.*,
290 F.R.D. 671 (E.D. Wash. 2013) ...................................................................... 5

*Shady Grove Orthopedic Assocs. v. Allstate Ins. Co.*,
559 U.S. 393 (2010) ............................................................................................. 4

*Staton v. Boeing Co.*,
327 F.3d 938 (9th Cir. 2003) .............................................................................. 13

*Stockwell v. City and County of San Francisco*,
749 F.3d 1107 (9th Cir. 2014) ............................................................................. 7

*Torres v. Mercer Canyons Inc.*,
835 F.3d 1125 (9th Cir. 2016) ............................................................................. 6

*Torres v. Mercer Canyons, Inc.*,
No. 14 CV 03032, 2015 WL 1641519 (E.D. Wash. Apr. 8, 2015) .................... 11

*Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016) ................... 16, 17

*Vaquero v. Ashley Furniture Indus., Inc.*,
824 F.3d 1150 (9th Cir. 2016) ........................................................................ 7, 17

*Walker v. Life Ins. Co. of the Sw.*,
953 F.3d 624 (9th Cir. 2020) .............................................................................. 17

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011) ................................................................ 7

*Waltermyer v. Aluminum Corp. of Am.*,
   804 F.2d 821 (3d Cir. 1986) ..................................................... 8

*Wang v. Chinese Daily News, Inc.*,
   737 F.3d 538 (9th Cir. 2013) .................................................... 6

*Wilcox v. Swapp*,
   330 F.R.D. 584 (E.D. Wash. 2019) ................................... 4, 10, 15

*Wolin v. Jaguar Land Rover N.A., LLC*,
   617 F.3d 1168 (9th Cir. 2010) .................................................. 19

**Other Authorities**

*Newberg on Class Actions* § 3.58 (5th ed. 2011) ............................. 13

20 C.F.R. § 1002.150(b) ..................................................... 7, 17

Fed. R. Civ. P. 23(a)(3). .................................................... 10

Fed. R. Civ. P. 23(b)(3). .................................................... 19

Fed. R. Civ. P. 23(g)(1)(A) .................................................. 15

# INDEX OF EXHIBITS

**Declaration of R. Joseph Barton with** Block & Leviton LLP Firm Resume

**Declaration of Vincent Cheng with the following attachments:**[1]

**Exhibit 1:**  Excerpts of the Transcript of the Rule 30(b)(6) Deposition of Alaska Airlines, Inc. through its Designated Representative S. Elizabeth Ryan on May 5, 2020 ("Alaska Dep.")

**Exhibit 2:**  Excerpts of the Transcript of the Rule 30(b)(6) Deposition of Horizon Air Industries, Inc. through its Designated Representative Bernadette Davis on May 6, 2020 ("Horizon Dep.").

**Exhibit 3:**  Declaration of Elizabeth Ryan on Behalf of Alaska Airlines, Inc. in Response to Plaintiff's Rule 30(b)(6) Deposition Notice Topic Nos. 1, 7, and 11 that was provided in lieu of testimony at a deposition.

**Exhibit 4:**  Declaration of Bernadette Davis on Behalf of Horizon Air Industries, Inc. in Response to Plaintiff's Rule 30(b)(6) Deposition Notice Topic Nos. 2, 5, 11, and 16 that was provided in lieu of testimony at a deposition.

---

[1] Unless otherwise indicated, all references to "Ex." in numerals in the Motion are to the Exhibits to the Declaration of Vincent Cheng.

**Exhibit 5:**  Plaintiff's March 2, 2020 Amended Notice of Deposition of Alaska  Airlines, Inc. Pursuant to Rule 30(b)(6).

**Exhibit 6:**  Plaintiff's March 2, 2020 Amended Notice of Deposition of Horizon Air Industries, Inc. Pursuant to Rule 30(b)(6).

**Exhibit 7:**  Defendants' Second Amended Responses to Plaintiff's First Set of Interrogatories dated March 12, 2020.

**Exhibit 8:**  Defendants' Second Amended Responses to Plaintiff's Second Set of Interrogatories dated April 10, 2020.

**Exhibit 9:**  Defendants' Objections and Responses to Plaintiff's First Set of Requests for Production dated September 30, 2019.

**Exhibit 10:**  Defendants' Objections and Responses to Plaintiff's Second Set of Requests for Production dated November 21, 2019.

**Exhibit 11:**  Excerpts of Collective Bargaining Agreement Between Horizon Air Pilot Group as Represented by the International Brotherhood of Teamster Local 1224 and Horizon Air Industries, Inc. Effective February 1, 2016 through December 31, 2024 bates-stamped ALASKA_CLARKSON_0001638

**Exhibit 12:**  Excerpts of the Association of Flight Attendants-CWA Horizon Air Flight Attendant Contract, May 1, 207 through January 18, 2019 (ALASKA_CLARKSON_0003395)

**Exhibit 13:** Appendix G: Credit Matrix to the Collective Bargaining Agreement Between Horizon Air Pilot Group as Represented by the International Brotherhood of Teamster Local 1224 and Horizon Air Industries, Inc. Effective February 1, 2016 through December 31, 2024 and bates-stamped ALASKA_ CLARKSON_0001797

**Exhibit 14:** Updated Credit Matrix, bates-stamped ALASKA_ CLARKSON_0003821-24

**Exhibit 15:** Excerpts of 2007 Alaska Airlines Employee Benefits Handbook for Management Employee (ALASKA_CLARKSON_ 0016726)

**Exhibit 16:** Excerpts of 2017 Alaska Airlines Employee Benefits Handbook for Management Employees (ALASKA_CLARKSON_ 0016244)

**Exhibit 17:** Summary of Comparable Forms of Leaves Provided by Alaska Airlines to Employees – 2004 to Present

**Exhibit 18:** Summary of Comparable Forms of Leaves Provided by Horizon Air to Employees – 2004 to Present

**Declaration of Casey Clarkson**

**Exhibit A:** Email Thread dated June 11, 2017, bates-stamped

CLARKSON_002028

**Exhibit B:**  Email Thread dated June 11, 2017, bates-stamped

ALASKA_CLARKSON_0004255-56

**Exhibit C:**  October 4, 2017 Letter by Linda Jacobe Cole of the U.S.

Department of Labor to Horizon Air Industries, Inc., bates-

stamped CLARKSON_001607-09

**Exhibit D:**  October 4, 2017 Letter by Linda Jacobe Cole of the U.S.

Department of Labor to Casey Clarkson, bates-stamped

CLARKSON_001605-06

**Exhibit E:**  Duties of Class Representatives Form dated January 4, 2019

and signed by Casey Clarkson

**Declaration of Matthew Crotty**

**Declaration of Thomas Jarrard**

**Declaration of Peter Romer-Friedman**

**Declaration of Ming Siegel**

**Declaration of Michael Scimone**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

# MOTION

Pursuant to Rule 23(a) and (b)(3), Plaintiff moves the Court for an order:

1.      Certifying Count IV on behalf of the Paid Leave Class and Counts I-III on behalf of the Virtual Credit Class:

Paid Leave Class: All current or former Alaska union-represented employees or Horizon employees who have taken short-term military leave from October 10, 2004 through the date of the judgment and current or former Alaska non-union employees who took short-term military leave between October 10, 2004 and December 31, 2017.

Virtual Credit Class: All current and former employees of Horizon or any subsidiary, joint venture, or division of Horizon who were subjected to Horizon's "virtual credit" policy with respect to a period of military leave, from May 1, 2017 through the date of the judgment.[2]

2.      Appointing Casey Clarkson as the representative for both Classes

3.      Appointing R. Joseph Barton of Block & Leviton and Michael J. Scimone of Outten & Golden as Co-Lead Class Counsel and Plaintiff's

---

[2] Excluded from the Classes are persons who previously reached settlements with or judgments against Defendants resolving or releasing any claims arising during the Class Period under USERRA related to any of the claims in this lawsuit.

PLAINTIFF'S MOTION FOR
CLASS CERTIFICATION

1  other counsel as additional Class Counsel.

2  **BACKGROUND**

3  Casey Clarkson worked for Horizon as a pilot from November 2013 until

4  early November 2017 and has since worked as a pilot for Alaska. ECF No. 31

5  ("Compl.") & ECF No. 32 ("Answ.") ¶ 13. From November 2013 through June 30,

6  2018, he was a member of the Washington National Guard and took periods of

7  military leave from Alaska and Horizon to perform his military duties. Clarkson

8  Decl. ¶ 3; Compl. & Answ. ¶¶ 43-44, 48-49.

9  *The Paid Leave Class Claim:* Count IV alleges that by failing to provide the

10  Paid Leave Class with paid short-term military leave while providing paid leave

11  for other comparable forms of leave, Alaska and Horizon violated USERRA

12  § 4316(b). Compl. ¶¶ 79-86; *Clarkson v. Alaska Airlines, Inc.*, No. 19-CV-0005,

13  2019 WL 2503957, at *7 (E.D. Wash. June 17, 2019). Military leave at Alaska and

14  Horizon was unpaid for all employees. Alaska Dep. at 70:8-11 & 89:3-6; Horizon

15  Dep. at 47:6-48:1. But Alaska and Horizon provided paid leave for other short-

16  term leave including jury duty. Alaska Dep. at 68:7-69:20 & 70:12-73:14; Horizon

17  Dep. at 48:8-49:8**.** This was true across all work groups. *Id.;* Exs. 17 & 18.

18  *The Virtual Credit Class Claims:* In May 2017, Horizon implemented a

19  "Virtual Credit Policy" that credited pilots and flight attendants taking military

20  leave with 2.30 hours per day for flight attendants and 2.45 or 2.75 hours per day

1    for pilots (depending on type of plane), despite a minimum guarantee of 4 hours

2    per day when flying and often receiving more credit for longer trips. Horizon Dep.

3    at 123:6-9, 123:24-124:2, 124:16-125:1, 132:19-133-15, 171:11-173:8; Ex. 4 ¶¶ 5-

4    8; Exs. 11 at ALASKA_CLARKSON 1673; Exs. 12, 13 & 14. If the credit

5    differential for leave caused a servicemember to be unable to meet the monthly

6    minimum, the policy then "forces [the servicemember] into a reserve holder status

7    instead of the line holder status" after he returned from military leave. Clarkson

8    Decl. Ex. C. As a result, the Department of Labor ("DOL") found that this policy

9    violated DOL regulations governing USERRA reemployment rights regarding

10   seniority and status. *Id.* The Complaint alleges that this policy violated three

11   USERRA provisions. Count I alleges that the Policy violated USERRA §§ 4312

12   and 4313 because employees were not reemployed with the status or position that

13   they would have held but for military service. Compl.  ¶¶ 61-69. Count II alleges

14   that the Policy violated USERRA § 4316(a) by denying the Class the seniority and

15   related rights and benefits that they would have had if they had remained

16   continuously employed. *Id.* ¶¶ 70-74. Count III alleges that Horizon violated

17   USERRA § 4316(c) by applying the Policy to discharge employees from a status

18   or position following military leave of at least 31 days without cause. *Id.* ¶¶ 75-78.

19                                   **ARGUMENT**

20        Certification of a class requires meeting the four prerequisites of Rule 23(a)

and a subsection of Rule 23(b). *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591,

613-14 (1997). While class certification issues may "entail some overlap with the

merits of the plaintiff's underlying claim," those "[m]erits questions may be

considered to the extent—but only to the extent—that they are relevant to

determining whether the Rule 23 prerequisites for class certification are satisfied."

*Amgen Inc. v. Conn. Ret. Plans and Tr. Funds*, 568 U.S. 455, 466 (2013). A district

court does not have discretion to deny class certification if Rule 23's requirements

are met. *Shady Grove Orthopedic Assocs. v. Allstate Ins. Co.*, 559 U.S. 393, 398

(2010). Both Classes satisfy all the requirements of Rules 23(a) and 23(b)(3).

## I.    The Classes are Objectively and Properly Defined

A class is properly "defined by an objective criterion." *Briseno v. ConAgra*

*Foods, Inc.*, 844 F.3d 1121, 1124 (9th Cir. 2017). A class definition is based on

objective criteria when the definition is "not based on class members' feelings or

beliefs." *Wilcox v. Swapp*, 330 F.R.D. 584, 596 (E.D. Wash. 2019) (rejecting

arguments a class definition needs to frame the scope of defendants' liability or

identify all members of the class). Here, the Paid Leave Class is based on objective

criteria: whether the person (1) is a current or former employee of Alaska or

Horizon, and (2) took short-term military leave on or after October 10, 2004.

Compl. ¶ 17. The Virtual Credit Class is also based on objective criteria: whether

the person (1) is a current or former Horizon employee, and (2) took military leave

1  on or after May 1, 2017 subject to the Virtual Credit Policy. *Id.* All pilots and flight

2  attendants who took military leave were subject to the Virtual Credit Policy. Ex. 13

3  & Ex. 14; Horizon Dep. at 148:2-5**.** For the Paid Leave Class, Defendants have

4  produced the data necessary to identify the employees of Alaska and Horizon who

5  took short-term military leave since October 10, 2004. Ex. 3 ¶¶ 5-6 & Ex. B; Ex. 4

6  ¶¶ 11-12 & Ex. B. For the Virtual Credit Class, Horizon has data identifying the

7  pilots and flight attendants subject to the Virtual Credit Policy since May 1, 2017.

8  Ex. 4 ¶¶ 11-12 & Ex. B; Horizon Dep. at 140:1-143:24; 154:5-156:6, 164:1-8,

9  202:19-203:4. Thus, both Classes are sufficiently and properly defined.

10  **II.    The Requirements of Rule 23(a) are Satisfied**

11      Rule 23(a) requires: (1) the class is so numerous that joinder of all members

12  is impracticable; (2) there are questions of law or fact common to the class; (3) the

13  claims or defenses of the representative parties are typical of the claims or defenses

14  of the class; and (4) the representative parties will fairly and adequately protect the

15  interests of the class. Fed. R. Civ. P. 23(a). Both Classes satisfy all these criteria.

16      **A.    The Classes are so Numerous that Joinder is Impracticable**

17      Rule 23(a) does not require any "minimum number of class members," but

18  "a class consisting of forty or more members is presumed to be sufficiently

19  numerous." *Saucedo v. NW Mgmt. & Realty Servs., Inc*., 290 F.R.D. 671, 676

20  (E.D. Wash. 2013) (Rice, J.). Courts have certified smaller classes based on factors

such as geographic dispersion, financial resources, or request for injunctive relief and judicial economy. *McCluskey v. Trs. of Red Dot Corp. Employee Stock Ownership Plan & Tr.*, 268 F.R.D. 670, 673-74 (W.D. Wash. 2010) (certifying class of 27). Defendants identified 278 Alaska and Horizon employees who took military leave for a period not exceeding 15 consecutive days during a portion of the Class Period. Ex 8 at No. 11.[3] Using Alaska's definition of short-term leave of 30 days, there are actually 189 more employees in the Paid Leave Class. *Id.*; Siegel Decl. ¶¶ 2, 4; Alaska Dep. at 121:12-20. For the Virtual Credit Class, Horizon has not yet provided data on flight attendants, Cheng Decl. ¶ 3, but 75 pilots were provided virtual credit hours for military leave between May 1, 2017 and November 30, 2019. Ex. 8 at No. 9. Of the pilots, 73 received less than 4.5 virtual credit hours for any day of military leave. *Id*. at No. 10. Even if this Class has less than 40 members, the Complaint requests declaratory relief and the class is geographically dispersed. Answ. ¶ 21; Siegel Decl. ¶¶ 3 & 7; Compl. Prayer for Relief ¶¶ A, B, D. Thus, Rule 23(a)(1) is met.

## B.    There are Common Questions of Law and Fact

"To satisfy Rule 23(a)(2) …, '[e]ven a single [common] question' will do." *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1133 (9th Cir. 2016). Not "every question in the case, or even a preponderance of questions," need be "capable of

---

[3] Defendants inexplicably provided responses for only a portion of the class period.

classwide resolution." *Wang v. Chinese Daily News, Inc*., 737 F.3d 538, 544 (9th Cir. 2013). A common question does not have to be one that "will be answered, on the merits, in favor of the class." *Amgen*, 568 U.S. at 459**.** Commonality "means that the class members' claims 'must depend upon a common contention' and that the 'common contention, moreover, must be of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" *Vaquero v. Ashley Furniture Indus., Inc*., 824 F.3d 1150, 1153 (9th Cir. 2016) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)). The existence of a policy satisfies Rule 23(a)(2). *Stockwell v. City and County of San Francisco*, 749 F.3d 1107, 1116 (9th Cir. 2014) (reversing denial of certification where plaintiffs "challeng[ed] a single policy" that "adversely affected them").

The claim for the Paid Leave Class rests on two common issues: (1) is paid leave one of the "rights and benefits" that must be provided equally to employees on military leave under USERRA § 4316(b) when other comparable forms of leave are paid; (2) do Defendants provide other short-term paid leave that is comparable to short-term military leave. *Clarkson*, 2019 WL 2503957, at *7. The first issue is a legal one which will have a common answer. The second issue will assess the factors in the DOL regulations addressing whether two leaves are comparable: duration, purpose, and voluntariness of the leave. *Id.*at *7 (citing 20 C.F.R.

PLAINTIFF'S MOTION FOR
CLASS CERTIFICATION

1 § 1002.150(b)). As Defendants' own corporate representatives conceded, those

2 factors do not vary between groups. Alaska Dep. at 102:22-103:2, 105:9-16, 106:4-

3 109:9, 121:16-20; Horizon Dep. at 58:1-16, 62:12-63:3, 65:12-67:17**.** Thus, the

4 relevant facts are not unique to specific employees or groups but on common

5 policies, and are subject to common proof.

6     The Paid Leave Class was subjected to materially the same policies. Short-

7 term military leave for *all* employees at Alaska and Horizon is and has been unpaid

8 since at least 2004. Alaska Dep. at 70:8-11 & 89:3-6; Horizon Dep. at. 47:6-48:1;

9 Exs. 17 & 18. Yet, at the same time, Alaska and Horizon provided their employees

10 with various types of paid leave that courts have determined are comparable:[4]

11 Alaska employees in the Paid Leave Class were provided paid leave for jury duty,

12 sick leave, vacation, and bereavement. Alaska Dep. 68:7-69:20 & 70:12-73:14.

13 Horizon employees in the Paid Leave Class received pay for the same leaves**.**

14 Horizon Dep. at 48:8-49:8.

15     The Virtual Credit Policy claims (Counts I-III) rest on two common issues.

16 *First,* whether the Virtual Credit Class members had to be credited or work a

---

[4] *E.g., Waltermyer v. Aluminum Corp. of Am.*, 804 F.2d 821, 825 (3d Cir. 1986)

18 (finding military leave comparable to jury duty); *Duffer v. United Cont'l Holdings,*

19 *Inc.*, 173 F. Supp. 3d 689, 704 (N.D. Ill. 2016) (finding military leave comparable

20 to jury duty and sick leave).

certain number of hours to keep their Regular Line Holder status. *Second,* whether the Virtual Credit Policy failed to credit these employees with the same amount of hours if they been employed at Horizon instead of on military leave. Pilots must work for at least 70-73 hours during a bid period to maintain their minimum pay guarantee for Regular Line Holders. Horizon Dep. at 136:4-14. Flight attendants must work for or be credited at least 69.5 hours to maintain their minimum pay guarantee for Regular Line Holders. *Id*. at 212:7-10. While Horizon credited pilots and flight attendants with a *minimum of four hours per flight*, when they were on military leave, Horizon only credited pilots with 2.45-2.75 hours for each day (between May 2017 and Jan. 2018) or 2:36-4:45 hours each day (after Jan. 2018) and credited flight attendants with 2.3 hours per day (after from May 2017). *Id*. at 132:19-133:15, 161:11-163:1, 171:11-173:8; Exs. 11, 12, 13 & 14. As the facts necessary to answer the central questions for the Virtual Credit Class will be based on common policies governing number of virtual credit hours that Horizon provided for military leave, these questions will be subject to common proof.

The Paid Leave claim depends primarily on two sources of evidence: First, written policies, consisting of collective bargaining agreements ("CBAs"), which are the only source of rules governing the relevant leaves for union employees, or employee handbooks (*e.g.,* Exs. 15 & 16).[5]  Alaska Dep. at 38:18-24; Horizon Dep.

---

[5] "[T]here is one [leave] policy for nonrepresented work groups at Horizon."

at 46:23-47:3. Second, Defendants' data identifies the dates and duration of the

leaves taken by class members. Ex. 3 at Ex. B; Ex. 4 at Ex. B. The material

similarity of the relevant provisions of the CBAs across the work groups make

these issues resolvable using common evidence. Exs. 17 & 18. Likewise, the

Virtual Credit claims rely on: (1) two CBAs setting out the Virtual Credit Policy,

and (2) Defendants' data regarding the virtual credit hours class members received

during military leave and the employees' status. Exs. 13 & 14; Ex. 4 ¶¶ 5-8 & *id*. at

Ex. B. The commonality requirement of Rule 23(a)(b) is met.

### C.    The Typicality Requirement of Rule 23(a) is Met

Rule 23(a)(3) requires that "the claims or defenses of the representative

parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3).

"Typicality refers to the nature of the claim or defense of the class representative,

and not to the specific facts from which it arose or the relief sought." *Wilcox*, 330

F.R.D. at 591. "Under the rule's permissive standards," claims "are 'typical' if they

are reasonably coextensive with those of absent class members; they need not be

substantially identical." *Parsons v. Ryan*, 754 F.3d 657, 685 (9th Cir. 2014).

### 1.    Plaintiff's Claims are Typical of the Classes

"The Ninth Circuit is clear that when a policy or practice is at issue that

Horizon Dep. at 43:7-16. Horizon has not yet produced this document. *See id*. at

45:17-52:4; Cheng Decl. ¶ 2.

affects all class members, typicality exists." *Torres v. Mercer Canyons, Inc*., No. 14 CV 03032, 2015 WL 1641519, at *5 (E.D. Wash. Apr. 8, 2015) (citing *Parsons*, 754 F.3d at 685 and *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001)). "[I]t is sufficient for typicality if the plaintiff endured a course of conduct directed against the class." *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1118 (9th Cir. 2017) ("[T]ypicality is not primarily concerned with whether each person in a proposed class suffers the same type of damages"). For both Classes, Plaintiff's claims challenge policies and a course of conduct based on the same legal theories. For the Paid Leave Class, Count IV alleges that "both Horizon and Alaska apply a uniform policy and practice of refusing to pay servicemember-employees their regular wages or salaries during periods of short-term military leave, while paying the regular wages or salaries of its employees who take comparable forms of non-military leave" in violation of USERRA § 4316(b). *Clarkson*, 2019 WL 2503957, at *2. This claim requires determining whether short-term military leave is comparable to other forms of leave. *Id*. at *7. Alaska and Horizon provide unpaid leave for military leave to all members of the Paid Leave Class, but provide paid leave for comparable leaves across workgroups. Alaska Dep. at 68:7-69:20, 70:8-73:14 & 89:306; Horizon Dep. at 47:6-49:8;Exs. 17 & 18.

Counts I-III challenge Horizon's Virtual Credit Policy to servicemembers. *Clarkson*, 2019 WL 2503957 at *4-6; Compl. ¶¶ 61-78. Horizon provided pilots

with virtual credit hours of either 2.45 or 2.75 hours (between May 1, 2017 and

Feb. 2018) and between 2:36 and 4:45 hours (after Feb. 2018) and flight attendants

2.3 hours for each day of their military leave – i.e., all less than their daily flying

minimum credit of 4 hours. Exs. 11, 12, 13, & 14; Horizon Dep. at 171:11-172:4.

While the policy for flight attendants and pilots were in two different CBAs, they

only differed in the amount of credit provided. Horizon Dep. at 148:18-149:2.

After February 2018, the policies were the same and the only change was an

increased credit for pilots (the credit for flight attendants remained the same). *Id.* at

162:23-163:1. While the amount of credit differed, the claims depend on the

legality of the Policy applied to servicemembers who took military leave. *See*

*Clarkson*, 2019 WL 2503957, at *4-6. As the legal theories for underlying the

claims of each of the two Classes are substantively identical, and the relevant

factual circumstances and practices are materially the same, typicality is met.

### 2.    Defendants Assert No Unique Defenses Against Plaintiff

"Defenses unique to a class representative counsel against class certification

only where they 'threaten to become the focus of the litigation.'" *Rodriguez v.*

*Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010). Defendants have admitted that no

facts support their Second, Third, Eighth, and Ninth Affirmative Defenses. Ex. 7 at

Nos. 3, 4, 6 & 7. Their remaining "Affirmative Defenses" are not affirmative

defenses, and in any event, would apply equally to claims of all members of the

1    Classes and are none of them are unique to Clarkson. *Id.*; Answ. at 19-21. Thus,

2    none of those "defenses" would defeat class certification. Ex. 7 at No. 5.

3          **D.    Plaintiff and his Counsel Will Adequately Represent the Classes**

4          Determining whether a class representative will fairly and adequately protect

5    the interest of the class under Rule 23(a)(4) involves resolving two questions: "(1)

6    Do the representative plaintiffs and their counsel have any conflicts of interest with

7    other class members, and (2) will the representative plaintiffs and their counsel

8    prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327

9    F.3d 938, 957 (9th Cir. 2003). Plaintiff and his counsel meet both requirements.

10         **1.    There is no Evidence of Conflict**

11          "Only conflicts that are fundamental to the suit and that go to the heart of

12   the litigation prevent a plaintiff from meeting the Rule 23(a)(4) adequacy

13   requirement." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 942 (9th

14   Cir. 2015) (quoting 1 William B. Rubenstein et al., *Newberg on Class Actions* §

15   3.58 (5th ed. 2011)). Denial of class certification is not appropriate based on trivial

16   or "speculative conflicts." *Id.* There is no conflict where the class is "not divided

17   into conflicting discrete categories" and where "each potential plaintiff has the

18   same problem." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1021 (9th Cir. 1998).

19   Here, there is no conflict.

20          For both the Paid Leave claim and the Virtual Credit Claims, Plaintiff was

PLAINTIFF'S MOTION FOR
CLASS CERTIFICATION

subject to substantially the same policies at Alaska and Horizon as the rest of the

Classes. *Supra* I.B & I.C. As Count IV seeks to pay employees for what has been

unpaid military leave, no member of the Paid Leave Class would be economically

harmed by the relief sought. Compl. at Prayer for Relief ¶ E. The Virtual Credit

claims challenges a policy that credits servicemembers with fewer hours than the

amount they would have worked had they not been on military leave. Horizon Dep.

at 138:13-139:18. Both pilots and flight attendants who worked were credited with

a *minimum of four hours* (and could be credited more), but far less if they took

military leave. *Compare id.* at 171:11-173:8 *with id* at 132:19-133:11 & 162:13-

163:1. That difference could result in a servicemember having their status reduced.

*Id*. at 139:19-25, 164:1-8. Thus, both Classes share Plaintiff's interest in ensuring

that Defendants comply with USERRA's requirements.

## 2.    Plaintiff will Vigorously Prosecute the Claims

In this Circuit, "[t]he threshold of knowledge required to qualify a class

representative is low; a party must be familiar with the basic elements of her

claim." *McGuire v. Dendreon Corp.*, 267 F.R.D. 690, 697 (W.D. Wash. 2010). It is

enough if plaintiff has read the complaint, "understands he has a fiduciary duty to

represent the class," has participated in discovery and "is willing to spend as much

time as necessary to see the litigation through." *Id* at 696. *Allen v. Hyland's Inc*.,

300 F.R.D. 643, 663 (C.D. Cal. 2014) (finding plaintiffs adequate who "made

themselves available for depositions and demonstrated familiarity with the case.")).

Before this litigation began, Mr. Clarkson filed an administrative complaint with

the DOL and sought documents pursuant to ERISA § 104(b). Clarkson Decl. ¶ 9.

He provided documents to counsel and assisted with the filing of the Complaint,

reviewed the initial and Amended Complaint, assisted counsel, and participated in

discovery, including responding to Defendants' interrogatories and document

requests. *Id.* ¶¶ 12-13, 16. He understands and is prepared to fulfill his duties as

class representatives to vigorously pursue the claims on behalf of the Classes. *Id.*

¶ 15. Therefore, Mr. Clarkson is more than meets the requirement of Rule 23(a)(4).

### 3.    Plaintiff's Counsel are More Than Adequate

"[A]dequacy of counsel is considered under Rule 23(a)(4) and Rule 23(g)."

*Allen,* 300 F.R.D. at 664 (citing *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d

1117, 1122–23 (9th Cir. 2014)); *Wilcox,* 330 F.R.D. at 599. Rule 23(g) assesses

"(i) the work counsel has done in identifying or investigating potential claims in

the action; (ii) counsel's experience in handling class actions, other complex

litigation, and the types of claims asserted in the action; (iii) counsel's knowledge

of the applicable law; and (iv) the resources that counsel will commit to

representing the class." Fed. R. Civ. P. 23(g)(1)(A).

Plaintiff's proposed Co-Lead Counsel readily meet these factors: Block &

Leviton LLP partner R. Joseph Barton has litigated complex employee benefits

1    class actions for more than 18 years and USERRA class actions for more than 8

2    years. Barton Decl. ¶¶ 4-9. Outten & Golden LLP partner Michael J. Scimone has

3    extensive experience litigating employment and USERRA class actions. Scimone

4    Decl. ¶ 7. Both firms have been previously appointed class counsel by Courts in

5    this District. *See Swapp*, 330 F.R.D. at 599 (recognizing Block & Leviton's

6    "extensive class action experience"); *Hall v. L-3 Commc'ns Corp.*, No. 15 CV

7    00231, 2019 WL 3845460, at *3 (E.D. Wash. Aug. 2, 2019) (appointing Outten &

8    Golden as class counsel). Plaintiff's other counsel also have significant relevant

9    experience. Romer-Friedman Decl. ¶ 8; Jarrard Decl. ¶¶ 5, 10; Crotty Decl. ¶¶ 4-6.

10   Thus, Plaintiffs' counsel readily satisfy Rule 23(a)(4) and Rule 23(g).

11   **III.    The Claims Meet the Requirements of Rule 23(b)(3)**

12        Rule 23(b)(3) applies when (1) "common questions predominate over any

13   questions affecting only individual members," and (2) "a class action is superior to

14   other available methods for the fairly and efficiently adjudicating the controversy."

15   Fed. R. Civ. P. 23(b)(3). Here, the claims meet Rule 23(b)(3).

16        **A.    The Predominance Requirement is Met**

17        Predominance "asks whether the common, aggregation-enabling, issues in

18   the case are more prevalent or important than the non-common, aggregation-

19   defeating, individual issues." *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036,

20   1045 (2016). Predominance exists when common questions "present *a significant*

PLAINTIFF'S MOTION FOR
CLASS CERTIFICATION

16

1  *aspect of the case* and . . . can be resolved for all members of the class in a single

2  adjudication." *Walker v. Life Ins. Co. of the Sw.*, 953 F.3d 624, 630 (9th Cir. 2020)

3  (affirming Rule 23(b)(3) certification); *Just Film, Inc.*, 847 F.3d at 1120 (finding

4  predominance where claims "arise from a course of conduct that impacted the

5  class"). "[A]ssessment of predominance "begins… with the elements of the

6  underlying cause of action." *Walker,* 953 F.3d at 630. Predominance "does

7  *not* require a plaintiff seeking class certification to prove that each 'elemen[t] of

8  [her] claim [is] susceptible to classwide proof.'" *Amgen*, 568 U.S. at 469. The "text

9  of Rule 23(b)(3) itself contemplates that [] individual questions will be present."

10  *Messner v. Northshore U. HealthSystem*, 669 F.3d 802, 815 (7th Cir. 2012); *Tyson*

11  *Foods*, 136 S. Ct. at 1045 (explaining other "important" individual issues "will

12  have to be tried separately"). And it is "well settled" that "damage calculations

13  alone cannot defeat certification." *Vaquero,* 824 F.3d at 1155.

14      Here, the central questions for the Paid Leave Class are whether paid leave

15  are among the "rights and benefits" protected by USERRA § 4316(b) and whether

16  short-term military leave is comparable to jury duty or bereavement leave. *Supra*

17  I.B. Determining whether "two types of leave are comparable" considers "the

18  duration of the leave [as] the most significant factor" and "other factors such as the

19  purpose of the leave and the ability of the employee to choose when to take the

20  leave." 20 C.F.R. § 1002.150(b).  These factors do not require individualized

PLAINTIFF'S MOTION FOR
CLASS CERTIFICATION

determinations as to specific class members. The first and most significant factor of duration can be analyzed based on leave data produced by Defendants. Alaska Dep. at 121:16-20; Horizon Dep. at 59:8-13; Ex. 3 at Ex. B; Ex. 4 at Ex. B. The second factor, purpose, will turn on the overall purpose of each type of leave, which does not differ based on the person who takes the leave. Alaska Dep. at 106:4-109:9; Horizon Dep. at 62:12:63:3. The third factor, ability to choose to take leave, will turn on the policies setting forth the terms of leave. Alaska Dep. at 102:22-103:2; *id.* at 105:9-16; Horizon Dep. at 65:23-67:17; Ex. 7 at No. 1. These claims challenge the same conduct that harmed all Class Members in the same way: none was paid for periods of short-term military leave. Alaska Dep. at 70:8-11 & 89:3-6; Horizon Dep. at. 47:6-48:1; Exs. 17 & 18. The common conduct, harm, and sources of proof ensure that common issues will predominate over any individual liability or damages issues.

For the Virtual Credit Class, the central questions concern whether Class members must work a certain number of hours (70-73 for pilots and 69.5 for flight attendants) a month to keep their minimum pay guarantees and whether Horizon's Virtual Credit Policy failed to provide them with adequate virtual credit hours during a period of military leave so that they are not relegated to a reduced status. *Supra* I.B; Horizon Dep. at 84:23-85:7, 85:25-86:3 & 138:12-142:1. The answers to these questions will turn on Horizon's polices governing the number of hours

PLAINTIFF'S MOTION FOR
CLASS CERTIFICATION

1 pilots and flight attendants need, the minimum pay guarantees and the number of

2 virtual credit hours awarded Class. *Supra* I.B; *see* Horizon Dep. at 140:1-143:24,

3 155:6-156:6; Exs. 11, 12, 13, & 14. These questions do not require individualized

4 liability determinations as to specific Class Members.

5      Accordingly, the important issues of law and fact common to all members of

6 the Classes predominate over any individual issues.

7      **B.    The Superiority Requirement is Met**

8      Superiority "requires the court to determine whether maintenance of this

9 litigation as a class action is efficient and whether it is fair." *Wolin v. Jaguar Land*

10 *Rover N.A., LLC*, 617 F.3d 1168, 1175–76 (9th Cir. 2010). Rule 23(b)(3) identifies

11 the following factors: (A) class members' interest in individually controlling the

12 prosecution or defense of separate actions; (B) the extent and nature of any other

13 litigation concerning the controversy already begun by class members; (C) the

14 desirability of concentrating the litigation of the claims in the particular forum; and

15 (D) the likely difficulties in managing of a class action. Fed. R. Civ. P. 23(b)(3).

16      The first factor is met "[w]here recovery on an individual basis would be

17 dwarfed by the cost of litigating on an individual basis." *Wolin*, 617 F.3d at 1175–

18 76.[6] Here, an individual Class member's recovery on either set of claims is likely

---

19 [6] Defendants have not produced data regarding the compensation of the members

20 of the Classes. Ex. 9 at No. 1; Ex. 10 at No. 7. Defendants have not produced data

relatively small, as the claims are only for short-term military leave or loss of pay

and benefits due to temporary demotions from Regular Line Holder status. Second,

there is no other pending litigation. Cheng Decl. ¶ 7. Third, concentrating the

claims in this District is desirable as both Alaska and Horizon conduct business in

this District and are headquartered in Washington, Horizon is a Washington

corporation, and many class members, including Plaintiff, are located here. Am.

Compl. & Answ. ¶¶ 11, 12, 14 & 15. Finally, there is a "well-settled presumption

that courts should not refuse to certify a class merely on the basis of manageability

concerns." *Briseno*, 844 F.3d at 1128 (citing *Mullins v. Direct Dig., LLC*, 795 F.3d

654, 663 (7th Cir. 2015) and *In re Visa Check/MasterMoney Antitrust Litig.*, 280

F.3d 124, 140 (2d Cir. 2001) (Sotomayor, J.) (listing management tools)). Nothing

in this case is so complex that it would be unmanageable as a class action at trial.

Thus, a class action is a superior method of resolving the Classes' claims.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion should be granted.

---

sufficient to determine whether pilots or flight attendants were harmed by the

Virtual Credit Policy although such data existed. Horizon Dep. at 202:18-203:4.

PLAINTIFF'S MOTION FOR
CLASS CERTIFICATION

1    Dated: May 20, 2020                    Respectfully submitted,

2

3                                           R. Joseph Barton
                                            (admitted *pro hac vice*)
4                                           BLOCK & LEVITON LLP
                                            1735 20th Street, NW
5                                           Washington D.C. 20009
                                            Tel: (202) 734-7046
6                                           Fax: (617) 507-6020
                                            jbarton@blockesq.com
7
                                            Vincent Cheng
8                                           (admitted *pro hac vice*)
                                            BLOCK & LEVITON LLP
9                                           100 Pine Street, Suite 1250
                                            San Francisco, CA 94111
10                                          Tel: (415) 968-8999
                                            Fax: (617) 507-6020
11                                          vincent@blockesq.com

12                                          Peter Romer-Friedman
                                            (admitted *pro hac vice*)
13                                          GUPTA WESSLER PLLC
                                            1900 L Street, NW, Suite 312
14                                          Washington, DC 20036
                                            Tel: (202) 888-1741
15                                          peter@guptawessler.com

16                                          Hannah Cole-Chu
                                            (admitted *pro hac vice*)
17                                          OUTTEN & GOLDEN LLP
                                            601 Massachusetts A venue, NW
18                                          Second Floor West
                                            Washington, DC 20001
19                                          Tel: (202) 847-4400
                                            hcolechu@outtengolden.com

20

PLAINTIFF'S MOTION FOR
CLASS CERTIFICATION

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

Michael J. Scimone
(admitted *pro hac vice*)
OUTTEN & GOLDEN LLP
685 Third Avenue
25th Floor
New York, NY 10017
Tel: (212) 245-1000
mscimone@outtengolden.com

Matthew Z. Crotty
CROTTY & SON LAW FIRM, PLLC
905 W. Riverside Ave.
Suite 404
Spokane, WA 9920 I
Tel: (509) 850-7011
matt@crottyandson.com

Thomas G. Jarrard
LAW OFFICE OF THOMAS G. JARRARD
LLC
1020 N. Washington St.
Spokane, WA 99201
Tel: (425) 239-7290
Fax: (509) 326-2932
Tjarrard@att.net

*Attorneys for Plaintiff*

PLAINTIFF'S MOTION FOR
CLASS CERTIFICATION

22

1

## **CERTIFICATE OF SERVICE**

2  I certify that on May 20, 2020, I caused the foregoing to be electronically

3 filed with the Clerk of the Court using the CM/ECF system, which sent notification

4 of such filing to all counsel of record.

5

6             _____

7             Ming Siegel

8

9

10

11

12

13

14

15

16

17

18

19

20

PLAINTIFF'S MOTION FOR
CLASS CERTIFICATION

23