1  Vincent Cheng
   (admitted *pro hac vice*)
2  BLOCK & LEVITON LLP
   100 Pine Street, Suite 1250
3  San Francisco, CA 94111
   Tel: (415) 968-8999
4  Fax: (617) 507-6020
   vincent@blockesq.com
5
   *[Other counsel listed*
6  *on signature page.]*
7  *Attorneys for Plaintiff*

8

9              **UNITED STATES DISTRICT COURT**
               **EASTERN OF WASHINGTON**
10

   CASEY CLARKSON,                    NO. 2:19-CV-005-TOR
11
                     Plaintiff,       PLAINTIFF'S MOTION FOR
12   v.                               PARTIAL SUMMARY
                                      JUDGMENT
13   ALASKA AIRLINES, INC,
     HORIZON AIR INDUSTRIES,          SEPTEMBER 8, 2020
14   INC. and ALASKA AIRLINES         WITHOUT ORAL ARGUMENT
     PENSION/BENEFITS
15   ADMINISTRATIVE
     COMMITTEE,
16
                     Defendants.
17

18

19

20

21

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

1

# TABLE OF CONTENTS

2

INTRODUCTION AND REQUESTED RELIEF ................................................. 1

3

STATEMENT OF FACTS ............................................................................... 2

4

LEGAL STANDARD ...................................................................................... 4

ARGUMENT ................................................................................................... 5

5

6

I.    Defendants' First Affirmative Defense, that Plaintiff's Claims are Subject to Railway Labor Act Preclusion, Fails as a Matter of Law .................... 5

7

II.    Defendants' Second and Third Affirmative Defenses, Laches and the Statute of Limitations, Fail as a Matter of Law And Because Defendants Have No Evidence to Support those Defenses......................................... 6

8

9

    A.    Plaintiff's USERRA Claims (Counts I-IV) Are Not Barred by Any Statute of Limitations ....................................................... 7

10

    B.    Plaintiff's USERRA Claims (Counts I-IV) Are Not Barred by the Doctrine of Laches............................................................. 7

11

    C.    Count V Is Undisputedly Timely................................................ 10

12

III.    Defendants' Seventh Affirmative Defense, that the Court lacks Personal Jurisdiction Over Absent Class Members, Fails as a Matter of Law ...... 11

13

IV.    Defendants' Eighth Affirmative Defense Fails Because Neither Plaintiff Nor any Other Class Member has Settled or Released Their Claims ..... 12

14

15

V.    Defendants' Obligations to Servicemembers Under USERRA are not a Government Taking Violative of the Fifth Amendment to the United States Constitution ................................................................................. 13

16

17

VI.    Plaintiff is Entitled to Summary Judgment as to Liability on Count V .. 15

CONCLUSION ............................................................................................... 17

18

19

20

21

1

# TABLE OF AUTHORITIES

2

**Pages**

3

**Cases**

4

*Alaska Airlines Inc. v. Schurke,*
   898 F.3d 904 (9th Cir. 2018) ................................................... 6

5

*Celotex Corp. v. Catrett,*
   477 U.S. 317 (1986) ................................................................ 5

6

*Devereaux v. Abbey,*
   263 F.3d 1070 (9th Cir. 2001) ................................................ 5

7

*Grand Canyon Tr. v. Tucson Elec. Power Co.,*
   391 F.3d 979 (9th Cir. 2004) .................................................. 9

8

9

*Hamilton v. United States,*
   No. 03 Civ. 669, 2005 WL 2671373 (S.D. Ohio Oct. 19, 2005) .......... 8

10

*Huhmann v. Fed. Express Corp.,*
   874 F.3d 1102 (9th Cir. 2017) ................................................ 6

11

12

*In re Beaty,*
   306 F.3d 914 (9th Cir. 2002) .................................................. 9

13

*In re N. Dist. of Cal. Dalkon Shield IUD Prod. Liab. Litig.,*
   526 F. Supp. 887 (N.D. Cal. 1981) .................................... 11, 12

14

*Intel Corp. v. Hartford Accident & Indem. Co.,*
   952 F.2d 1551 (9th Cir. 1991) ................................................ 5

15

16

*Jarrow Formulas, Inc. v. Nutrition Now, Inc.,*
   304 F.3d 829 (9th Cir. 2002) ............................................. 7, 8

17

*Loretto v. Teleprompter Manhattan CATV Corp.,*
   458 U.S. 419, 422 (1982) ...................................................... 15

18

*Lucas v. S.C. Coastal Council,*
   505 U.S. 1003 (1992) ............................................................ 15

19

20

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,*
   475 U.S. 574 (1986) .............................................................. 5

21

*McCurley v. Royal Seas Cruises, Inc.*,
   No. 17-CV-00986-BAS-AGS, 2019 WL 3006469 (S.D. Cal. July 10, 2019).... 12

*Montoya v. Orange Cty. Sheriff's Dep't*,
   No. SACV111922JGBRNBX, 2013 WL 12348371 (C.D. Cal. Oct. 23, 2013) ... 7

*Penn Centr. Transp. Co. v. City of New York*,
   438 U.S. 104 (1978) ................................................................................ 14

*Pennsylvania Coal Co. v. Mahon*,
   260 U.S. 393 (1922) ................................................................................ 15

*Reno Air Racing Ass'n., Inc. v. McCord*,
   452 F.3d 1126 (9th Cir. 2006) ................................................................... 8

*Shouse v. Pierce County*,
   559 F.2d 1142 (9th Cir. 1977) ............................................................... 8, 9

*Sierra Med. Servs. All. v. Kent*,
   883 F.3d 1216 (9th Cir. 2018) ................................................................. 14

*Stearns v. Ticketmaster Corp.*,
   655 F.3d 1013 (9th Cir. 2011) ................................................................. 12

*Supreme Tribe of Ben-Hur v. Cauble*,
   255 U.S. 356 (1921) ................................................................................ 12

*Townsley v. Snc-Lavalin Constructors, Inc.*,
   No. C15-1228-JCC, 2016 WL 772792 (W.D. Wash. Feb. 29, 2016) ................ 11

*United States v. Baker*,
   No. 08 Civ. 374, 2009 WL 1407018 (E.D. Tenn. May 19, 2009) ...................... 8

*United States v. Lawrence*,
   276 F.3d 193 (5th Cir. 2001) ..................................................................... 8

*White v. Associated Industries of Alabama, Inc.*,
   373 So. 2d 616 (Ala. 1979) ..................................................................... 15

**Statutes**

20 U.S.C. § 1091a(2) ................................................................................... 8

29 U.S.C. § 1024(b), ERISA § 104(b) .......................................... 10, 16, 17

29 U.S.C. § 1132(c)(1), ERISA § 502(c)(1).................................... 10, 16

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - iii

38 U.S.C. § 4327(b)................................................................................. 7, 8, 9

**Other Authorities**

Fed. R. Civ. P. 56(a) ................................................................................... 4

Pub. L. 110-389, § 311(f)(1), 122 Stat. 4163 (Oct. 10, 2008)................................. 7

U.S. Const. Amend. V. ............................................................................... 14

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - iv

1

## INDEX OF EXHIBITS

2 **Declaration of Vincent Cheng ("Cheng Decl.")**

3   **Exhibit 1**  United States Postal Service electronic proof of delivery for the

4          item bearing tracking number 7016 0910 0000 5356 3765;

5   **Exhibit 2**  Email correspondence sent by Defendants' counsel Tristan

6          Morales to Plaintiff's Counsel R. Joseph Barton dated March 5,

7          2019.

8 **Declaration of Casey Clarkson ("Clarkson Decl.")**

9   **Exhibit 1**  Letter from Casey Clarkson to Alaska Airlines Pension/Benefit

10          Administrative Committee dated October 22, 2018;

11   **Exhibit 2**  Certified mail receipt for Letter from Casey Clarkson to Alaska

12          Airlines Pension/Benefit Administrative Committee dated

13          October 22, 2018 bearing tracking number 7016 0910 0000

14          5356 3765;

15   **Exhibit 3**  Letter from Casey Clarkson to Alaska Airlines Pension/Benefit

16          Administrative Committee dated December 27, 2018.

17

18

19

20

21

1

**INTRODUCTION AND REQUESTED RELIEF**

2  This suit alleges violations of the Uniformed Services Employment and

3 Reemployment Rights Act ("USERRA") against Alaska Airlines, Inc. ("Alaska")

4 and Horizon Air Industries, Inc. ("Horizon"). Amended Complaint ("Am.

5 Compl.") ¶ 1 (ECF No. 31). The Amended Complaint alleges two sets of claims on

6 behalf of two classes. First, the Complaint alleges that Alaska and Horizon failed

7 to pay employees when they take short-term military leave, even though they pay

8 employees who take other comparable forms of leave. Second, the Complaint

9 alleges Horizon also failed to properly re-employ employees who take military

10 leave or to provide them with the rights and benefits to which they are entitled.

11 Additionally, Plaintiff also brings an individual claim against the Alaska Airlines

12 Pension/Benefits Administrative Committee for violating the disclosure

13 requirements of the Employee Retirement Income Security Act ("ERISA").

14 Defendants have asserted nine affirmative defenses in response. *See* Defendants'

15 Answer at 19-21 (ECF No. 32).

16  Summary judgment should be granted in Plaintiff's favor on Defendants'

17 First, Second, Third, Seventh, Eighth, and Ninth affirmative defenses. The issues

18 raised are straightforward. At least two of these six Affirmative Defenses—statute

19 of limitations and release—fail because Defendants have admitted that they have

20 no evidence to support those defenses. The remaining four defenses—Railway

21

1  Labor Act ("RLA") preclusion, laches, lack of personal jurisdiction over class

2  members, and the takings clause—fail as a matter of law.

3      Summary Judgment should be granted on liability in Plaintiff's favor as to

4  Count V as well. There is no genuine issue of material fact that the Alaska Airlines

5  Pension/Benefit Administrative Committee failed to timely provide Plaintiff with

6  documents which he requested and was entitled to receive under ERISA §

7  104(b)(4).

8                  **STATEMENT OF FACTS**

9      Casey Clarkson worked for Horizon as a pilot from November 2012 until he

10 was hired as a pilot for Alaska on November 6, 2017. Declaration of Casey

11 Clarkson in Support of Plaintiff's Motion for Class Certification ("Clarkson Class

12 Decl.") ¶ 2 (ECF No. 73-22). He is still employed by Alaska. *Id.* From at least

13 November 2012 until June 30, 2018, Plaintiff was a member of the Washington Air

14 National Guard. *Id.* ¶ 3. During his employment at Horizon and Alaska, Plaintiff

15 took leave to perform his military duties. *Id.*

16     While at Horizon, Plaintiff was subject to a virtual credit policy by which he

17 was credited with only 2.45 credit hours per day for military leave, an amount

18 lower than his daily average. Mr. Clarkson was required to work or be credited at

19 least 70 hours in each calendar month to maintain his status as a Regular Line

20 Holder (a status which carried with it a monthly minimum pay guarantee). Because

21 the credit he received for military leave was lower than his working average, Mr.

1    Clarkson lost his regular line and was forced into on-call status for July 2017. *Id.* at

2    ¶ 4.

3        Count I alleges that the virtual credit policy violated USERRA §§ 4312 and

4    4313 because employees were not reemployed in the position that they would have

5    held but for military service. Am. Compl. ¶¶ 61-69. Count II alleges that the policy

6    violated USERRA § 4316(a), which requires that such employees be provided the

7    seniority and related rights and benefits that they would have attained if they had

8    remained continuously employed. *Id*. ¶¶ 70-74. Count III alleges that Horizon

9    violated USERRA § 4316(c) in applying the Policy by discharging employees

10   from a position following military leave of at least 31 days without cause. *Id*. ¶¶

11   75-78. Count IV alleges that both Alaska and Horizon violated USERRA §

12   4316(b) by failing to pay employees when they take short-term military leave, but

13   paying employees who take comparable forms of non-military leave. *Id*. ¶¶ 37, 41,

14   79-86.

15       Count V alleges that the Alaska Airlines Pension/Benefit Administrative

16   Committee failed to furnish Plaintiff with documents to which he was entitled

17   upon request pursuant to ERISA § 104(b). *Id.* ¶¶ 87-94. Plaintiff is and has been

18   since at least October 2018 a participant in the Alaska Airlines, Inc. Pilots

19   Investment and Savings Plan (the "Plan"), the defined-contribution plan offered to

20   Alaska pilots. Answer to Amended Complaint ("Answer") ¶ 16 (ECF No. 32). The

21   Alaska Airlines Pension/Benefit Administrative Committee (the "Committee") is

the Plan Administrator of the Plan. *Id*. On October 22, 2019, Mr. Clarkson sent a letter via certified mail to the Alaska Airlines Pension/Benefit Administrative Committee asking it to provide him with:

> the latest updated summary plan description; (2) any summaries of material modification to the Plan; (3) the latest full annual report, including a statement of assets and liabilities of the Plan and accompanying notes as well as a statement of income and expenses of the Plan, and accompanying notes; and (4) any bargaining agreement, trust agreement, contract; or (5) other instruments under which the Plan is established or operated, and any applicable amendments.

Answer ¶ 91; Clarkson Decl. Ex. 1 at 1. The Committee did not respond to Mr. Clarkson's request. Mr. Clarkson sent a follow-up letter on December 27, 2018, noting that a response to his request had been due November 21, 2018. Clarkson Decl. Ex. 3 at 1. The Committee likewise did not respond to this letter. Clarkson Decl. ¶ 1. The Committee made a partial production of documents on January 8, 2019, the day after this suit was filed, Clarkson Decl. ¶ 4. On February 27, 2019, Plaintiff's counsel inquired regarding the outstanding documents, including the latest updated summary plan description for the Plan. Cheng Decl. Ex. 2 at 3. The Committee produced additional documents on March 5, 2019. Clarkson Decl. ¶ 2. The Committee has to date not produced the latest updated summary plan description for the Plan. Cheng. Decl. ¶ 7.

## LEGAL STANDARD

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 4

moving party bears the initial burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the opposing party must show that there is a genuine issue of fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). The opposing party must present significant and probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). When the nonmoving party has the burden of proof at trial (as on an affirmative defense), the moving party can meet its burden on summary judgment by pointing out that there is an absence of evidence to support the nonmoving party's case. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001).

## ARGUMENT

**I.    Defendants' First Affirmative Defense, that Plaintiff's Claims are Subject to Railway Labor Act Preclusion, Fails as a Matter of Law.**

Defendants allege that "[p]ursuant to the Railway Labor Act, 45 U.S.C. §§ 151, *et seq.* the Court lacks subject-matter jurisdiction to adjudicate the merits of Plaintiff's claims" because resolution "would require the Court to interpret or apply a collective bargaining agreement." Answer at 19. But Defendants identify no term within any collective bargaining agreement that is subject to dispute. *See* Defendants' Second Amended Objections and Responses to Plaintiff's First Set of Interrogatories ("Interrogatory Responses") at No. 2 (ECF No. 73-10). And the Ninth Circuit has held there is no RLA preclusion where the question is whether

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 5

1  the "undisputed terms" of benefits provided under a collective bargaining

2  agreement violate "the independent rights granted to [plaintiff] under USERRA."

3  *Huhmann v. Fed. Express Corp.*, 874 F.3d 1102, 1107 (9th Cir. 2017) (finding

4  USERRA claim not subject to the RLA). Defendants identify no term within any

5  collective bargaining agreement over which the parties dispute any meaning.

6  Defendants' Second Amended Objections and Responses to Plaintiff's First Set of

7  Interrogatories ("Interrogatory Responses") at No. 2 (ECF No. 73-10). To the

8  extent that employee CBAs will need to be consulted, it will only be for the

9  purpose of establishing the policies that govern the employment of Plaintiff and the

10  Class (such as whether military leave is paid or unpaid), not to resolve any dispute

11  over the rights of Plaintiff or the Class under the CBA. *See Alaska Airlines Inc. v.*

12  *Schurke*, 898 F.3d 904, 921 (9th Cir. 2018) (holding RLA preemption requires "an

13  active dispute over 'the meaning of contract terms'"). Thus, Plaintiff is entitled to

14  summary judgment on this affirmative defense because this Court is not deprived

15  of jurisdiction over his claims by operation of the RLA under the controlling rule

16  of *Huhmann*.

17  **II.    Defendants' Second and Third Affirmative Defenses, Laches and the**
**Statute of Limitations, Fail as a Matter of Law And Because Defendants**
18  **Have No Evidence to Support those Defenses.**

19      Defendants' Second Affirmative Defense allege that the claims in the

20  Complaint are "barred in whole or in part by the doctrine of laches." Answer at 19.

21  Defendants' Third Affirmative Defense alleges that Plaintiff's claims are barred in

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 6

whole or in part by the applicable statute of limitations. *Id.* at 19–20. Both affirmative defenses fail as a matter of law and for lack of evidence.

### A.    Plaintiff's USERRA Claims (Counts I-IV) Are Not Barred by Any Statute of Limitations.

Since October 10, 2008, USERRA has provided that for any complaint filed in "a Federal or State court under this chapter alleging a violation of [USERRA], *there shall be no limit* on the period for filing the complaint or claim." 38 U.S.C. § 4327(b) (emphasis added); *see also* Pub. L. 110-389, § 311(f)(1), 122 Stat. 4163 (Oct. 10, 2008). As any claims that accrued prior to this amendment were subject to a four year statute of limitations, any claims that were timely as of the date of the amendment remain timely. *See Montoya v. Orange Cty. Sheriff's Dep't*, No. SACV111922JGBRNBX, 2013 WL 12348371, at *3 (C.D. Cal. Oct. 23, 2013) (holding USERRA claims arising after October 10, 2004 not time barred). Moreover, Defendants have conceded that they do not have "facts supporting the affirmative defense that the claims are barred by an applicable statute of limitations." Interrogatory Responses at No. 4. Thus, Plaintiff is entitled to summary judgment on Defendants' Third Affirmative Defense.

### B.    Plaintiff's USERRA Claims (Counts I-IV) Are Not Barred by the Doctrine of Laches.

The text of USERRA § 4327(b) is not limited to the application of a statute of limitations, but rather, provides that "there is *no limit* on" the time to file a USERRA complaint. 38 U.S.C. § 4327(b) (emphasis added). This applies to the defense of laches as much as to the statute of limitations. As the Ninth Circuit has

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 7

1  explained, "[l]aches is an equitable time limitation on a party's right to bring suit."

2  *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 (9th Cir. 2002).

3  To apply a defense of laches to a USERRA claim would allow exactly what §

4  4327(b) expressly bars: a "limit on the period for filing the complaint or claim." 38

5  U.S.C. § 4327(b). Indeed, when Congress similarly amended the law governing

6  student loan collection actions to provide that "no limitation shall terminate the

7  period within which suit may be filed," 20 U.S.C. § 1091a(2), courts uniformly

8  held that laches was barred by this nearly identical statutory language. *United*

9  *States v. Lawrence*, 276 F.3d 193, 196 & n.2 (5th Cir. 2001) (holding 20 U.S.C. §

10  1091a(2) bars equitable defense of laches); *United States v. Baker*, No. 08 Civ.

11  374, 2009 WL 1407018, at *3 (E.D. Tenn. May 19, 2009) (holding no genuine

12  issue of material fact raised on laches defense to student loan collection action

13  "due to the elimination of the statute of limitations"); *Hamilton v. United States*,

14  No. 03 Civ. 669, 2005 WL 2671373, at *4 (S.D. Ohio Oct. 19, 2005) (holding that

15  to recognize laches defense to student loan collection action would "undermine

16  Congress's intent in eliminating the statute of limitations"). Where, as here,

17  plaintiff "filed suit within the analogous limitations period, the strong presumption

18  is that laches is inapplicable." *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d

19  1126, 1138-1139 (9th Cir. 2006) (quoting *Jarrow Formulas*, 304 F.3d at 835–36);

20  *Shouse v. Pierce County,* 559 F.2d 1142, 1147 (9th Cir.1977) ("It is extremely rare

21  for laches to be effectively invoked when a plaintiff has filed his action before

1  limitations in an analogous action at law has run."). Thus, Defendants' affirmative

2  defense of laches is barred by USERRA § 4327(b) as a matter of law.

3      Finally, as Defendants themselves recognize, "[t]o prove laches, the

4  defendant must prove both an unreasonable delay by the plaintiff and prejudice to

5  itself." Interrogatory Responses at No. 3. Defendants only assert that they have

6  been prejudiced by any delay because "Plaintiff or other putative class members

7  now assert that they are entitled to damages for an alleged failure to provide paid

8  military leave during this extended period of years." *Id.* But "laches is not a

9  doctrine concerned solely with timing. Rather, it is primarily concerned with

10  prejudice." *In re Beaty*, 306 F.3d 914, 924 (9th Cir. 2002). Defendants must show

11  either evidentiary prejudice—"such things as lost, stale, or degraded evidence, or

12  witnesses whose memories have faded or who have died"—or that they "took

13  actions or suffered consequences that they would not have, had the plaintiff

14  brought suit promptly." *Grand Canyon Tr. v. Tucson Elec. Power Co.,* 391 F.3d

15  979, 988 (9th Cir. 2004). Defendants to do not identify any lost evidence or

16  witnesses. Interrogatory Responses at No. 3. And "[d]ifficulties caused by the

17  pendency of a lawsuit, and not by delay in bringing the suit do not constitute

18  prejudice within the meaning of the laches doctrine." *Shouse v. Pierce County*, 559

19  F.2d 1142, 1147 (9th Cir. 1977) (finding no prejudice by delay); *see Grand*

20  *Canyon Tr.*, 391 F. 3d at 988 (holding that the mere potential for civil fines is not

21  "the type of expectations-based prejudice that laches requires"). Defendants merely

1   argue that they will *now* have to pay damages (in the amount of paid leave that

2   they would have otherwise paid), which does not constitute prejudice. *See*

3   Interrogatory Responses at No. 3.[1] Thus, Plaintiff is entitled to summary judgment

4   on this affirmative defense.

5         **C.    Count V Is Undisputedly Timely.**

6       Count V is brought under ERISA § 502(a)(1)(A), seeking statutory penalties

7   for failure to furnish certain documents to Mr. Clarkson upon his written request

8   pursuant to ERISA § 104(b). Am. Compl. ¶¶ 87–94. Mr. Clarkson made a request

9   for such documents by certified mail on October 22, 2018. Am. Compl. & Answer

10   ¶ 91; Clarkson Decl. Ex. 1 at 1. The letter was delivered and received on October

11   25, 2018. Cheng Decl. Ex. 1 at 1. Pursuant to ERISA § 502(c)(1), a response was

12   due by not later than 30 days later, or November 25, 2018. 29 U.S.C. § 1132(c)(1)

13

14   _____

    [1] From Defendants' Interrogatory Response referencing only "paid military leave,"

15   it appears that Defendants only assert this defense as to Count IV. *See*

16   Interrogatory Responses at No. 3. As the Complaint was filed less than 2 years

    after Horizon began implemented its Virtual Credit Policy beginning May 1 2017

17   and Plaintiff raised the issue internally immediately. He filed the complaint less

18   than 2 years later after Horizon did not remediate the issue after a Department of

19   Labor finding. Defendants therefore have no argument that they were prejudiced

20   by a such a small delay. *Atchley v. Pepperidge Farm, Inc.*, No. CV-07-0277-FVS,

    2008 WL 5377770, at *6 (E.D. Wash. Dec. 22, 2008) (holding plaintiff's mere two

21   year delay to file claim "defeats an assertion of unreasonable delay").

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 10

1   (response due within 30 days). None came, and Plaintiff's claim therefore accrued

2   on November 26, 2018. The initial complaint, which included Count V, was filed

3   less than two months later, on January 7, 2019. See ECF No. 1. This was well

4   within the limitations period. *See Townsley v. Snc-Lavalin Constructors, Inc.*, No.

5   C15-1228-JCC, 2016 WL 772792, at *3 (W.D. Wash. Feb. 29, 2016) (explaining

6   that while there has been no binding determination as to statute of limitations on

7   this issue, even the least generous potentially applicable statute limitations in

8   Washington is two years).[2] These facts are undisputed, and Defendants are aware

9   of no facts suggesting the statute of limitations for Count V ran prior to the filing

10  of this case. Interrogatory Responses at No. 4. Plaintiff is entitled to summary

11  judgment on this affirmative defense to this claim.

12  **III.   Defendants' Seventh Affirmative Defense, that the Court lacks Personal Jurisdiction Over Absent Class Members, Fails as a Matter of Law.**

13

14      Defendants' Seventh Affirmative Defense asserts that "[t]his Court lacks

15  personal jurisdiction over class members who have never performed work for

16  Defendants in Washington." Answer at 20. "It has long been recognized that class

17  [2] When a federal statute such as ERISA § 502(a)(1)(A) does not provide for a

18  limitations period, courts look to state law for the most analogous limitations

19  period. *Townsley*, 2016 WL 772792, at *3. The most likely candidates are the two-

20  year "catch-all" provision of Rev. Code Wash. § 4.16.130 or the three-year period

21  applicable to fiduciary breach claims under Washington law. *Id.*  at *1, *3.

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 11

1    actions may proceed, in fact often must proceed, in the absence of personal

2    jurisdiction over all class members." *In re N. Dist. of Cal. Dalkon Shield IUD*

3    *Prod. Liab. Litig.*, 526 F. Supp. 887, 905 (N.D. Cal. 1981) (citing *Supreme Tribe of*

4    *Ben-Hur v. Cauble,* 255 U.S. 356, 364 (1921) (holding judgment in class action

5    brought on behalf of persons who "resided in many different states of the

6    Union," binding on all members)). "In accordance with Rule 23's class action

7    device, '[the] law keys on the representative party, *not all of the class members*[]'

8    to assess jurisdictional issues." *McCurley v. Royal Seas Cruises, Inc.*, No. 17-CV-

9    00986-BAS-AGS, 2019 WL 3006469, at *7 (S.D. Cal. July 10, 2019) (emphasis in

10   original) (quoting *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1021 (9th Cir.

11   2011)). Defendants do not contend personal jurisdiction is lacking as to *Plaintiff*,

12   the representative party on whom the focus appropriately lies. *See* Answer ¶ 11

13   ("Plaintiff and certain other employees of Defendants Alaska and Horizon reside in

14   and Defendants transact business in the Eastern District of Washington."). Even if

15   the Court lacks personal jurisdiction over certain absent members of the putative

16   classes, that does not prevent issuing a judgment in this case that is binding on

17   them. Thus, Defendants' Seventh Affirmative Defense fails as a matter of law.

18   **IV.    Defendants' Eighth Affirmative Defense Fails Because Neither Plaintiff**
     **Nor any Other Class Member has Settled or Released Their Claims.**

19

20           Defendants' Eighth Affirmative Defense alleges that "Plaintiff and putative

     class members *may be* barred by a settlement or release from bringing claims."

21
     Answer at 20 (emphasis added). Plaintiff's Amended Complaint excludes from the

Classes:

> all former or current individuals who previously reached settlements
> with or judgments against Defendants resolving or releasing any
> claims arising during the Class Period under USERRA related to any
> of the claims in this lawsuit

Am. Compl. ¶18. Defendants do not assert that Plaintiff himself has signed any

release or settled his claims, only that they are "investigating" whether he or

members of the Classes have done so. Interrogatory Responses at No. 6. Plaintiff's

Request for Production No. 6 requested that Defendant produce any documents

that supported any of their affirmative defenses. ECF No. 63-2 at 11. In the ten

months since Plaintiff served that request on September 9, 2019, Defendants have

not produced any purported settlement or release executed by Mr. Clarkson or by

any other member of the Classes that would release the claims in this case. Cheng

Decl. ¶¶ 4-6. As there is no evidence supporting Defendants purported defense

Plaintiff is entitled to summary judgment on Defendants' Eighth Affirmative

Defense.

**V.    Defendants' Obligations to Servicemembers Under USERRA are not a
Government Taking Violative of the Fifth Amendment to the United
States Constitution.**

Defendants' Ninth Affirmative Defense asserts that "Plaintiff's claims may

be barred by the takings clause of the Fifth Amendment to the United States

Constitution." Answer 20-21. According to Defendants' Interrogatory Response,

Defendants contend that:

> Plaintiff's theory that employer's [sic] must pay employees their
> regular salaries while they are on military leave may constitute a

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 13

"taking" for a public purpose without just compensation in violation of the Fifth Amendment to the United States Constitution. *See Pennsylvania Coal Co. v. Mahon*, 260 U.S. 393 (1922); *Cf. White v. Associated Industries of Alabama, Inc*., 373 So.2d 616 (Ala. 1979).

Interrogatory Responses at No. 7. Not only do Defendants misconstrue Plaintiff's Second Amended Complaint,[3] but the Takings Clause does not apply to Plaintiff's claims.

The Fifth Amendment's Takings Clause prohibits the taking of "private property ... for public use, without just compensation." U.S. Const. Amend. V. To implicate the Takings Clause, a party must "possess[] a 'property interest' that is constitutionally protected." *Sierra Med. Servs. All. v. Kent*, 883 F.3d 1216, 1223 (9th Cir. 2018). The Supreme Court has held that determining whether a regulation amounts to a taking requires analyzing (1) "[t]he economic impact of the regulation on the claimant," (2) "the extent to which the regulation has interfered with distinct investment-backed expectations," and (3) "the character of the government action." *Penn Centr. Transp. Co. v. City of New York*, 438 U.S. 104, 124, (1978). This framework establishes an insurmountable hurdle for Defendants: what is the relevant property interest? What expectations did Alaska and Horizon have when they entered the market for the services of Class members that were

_____

[3] Plaintiff does not allege that employers have a general duty to pay employees their regular salaries while they are on military leave. *See* Plaintiff's Opposition to Motion to Dismiss at 22–24 (ECF No. 24).

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 14

1    interfered with by the enactment of USERRA? Defendants have no answer to

2    either question. Interrogatory Responses at No. 7. And in any event, this case

3    clearly does not fall within either category of *per se* regulatory takings identified

4    by the Supreme Court. It neither requires a sacrifice of all economically beneficial

5    uses of Defendants' property, *see Lucas v. S.C. Coastal Council*, 505 U.S. 1003,

6    1019–20 (1992), nor does it constitute "permanent physical occupation authorized

7    by government," because members of the Classes continued to work for the

8    Defendants and were not simply permanently requisitioned by the armed forces.

9    *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 422, 426 (1982).

10       Neither of cases cited by Defendants in their Interrogatory response are on

11   point. In *Pennsylvania Coal Co. v. Mahon*, 260 U.S. 393 (1922), the Court

12   established that a regulation may amount to a taking, but in that case the relevant

13   property interest was the right to coal—where the government had required the

14   sacrifice of all economically beneficial uses of the right. *Id.* at 415. This is not such

15   a case. And *White v. Associated Industries of Alabama, Inc.*, 373 So. 2d 616 (Ala.

16   1979) was not a case brought under the Takings Clause at all, but rather a case

17   brought under the due process and impairment-of-contracts provisions of the

18   Alabama Constitution. *Id.* at 620. Plaintiff is entitled to summary judgment as to

19   Defendants' Takings Clause defense because no constitutionally protected property

20   right is implicated by USERRA, and Defendants cannot satisfy the requirements of

21   *Penn Centr. Transp. Co.* and its progeny.

## VI.    Plaintiff is Entitled to Summary Judgment as to Liability on Count V.

Count V is brought under ERISA § 502(a)(1)(A), seeking statutory penalties for failure to furnish certain documents to Mr. Clarkson upon his written request pursuant to ERISA § 104(b). Am. Compl. ¶¶ 87–94. Pursuant to ERISA § 104(b), the plan administrator of an employee benefit plan is required, "upon written request of any participant or beneficiary, [to] furnish a copy of the latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated." ERISA § 104(b). Defendants admit that the Committee is the Plan Administrator of the Plan. *Id*. Defendants admit that Plaintiff is and has been, since at least October 2018, a participant in the Plan. Answer ¶ 16. Mr. Clarkson made a request for such documents by certified mail on October 22, 2018. Am. Compl. & Answer ¶ 91;[4] Clarkson Decl. ¶ 2. The letter was delivered and received on October 25, 2018. Cheng Decl. Ex. 1 at 1. Pursuant to ERISA § 502(c)(1), a response was due by not later than 30 days later, by November 25, 2018. 29 U.S.C. § 1132(c)(1) (response due within 30 days of such request). The Committee did not produce *any* documents until January 8, 2019, the

---

[4] Defendants Answer contains a typographical error that states that the request was made on October 22, 2019.  As the Committee's original Answer, filed on April 17, 2019, contains the same October 22, 2019 date, the 2019 date is obviously a typographical error by Defendants. *See* ECF No. 17.

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 16

day after this suit was filed, and then only partially produced documents—the Plan document, the most recent annual statement, the CBA for Alaska pilots, and the Third Amendment to the Plan. Clarkson Decl. ¶ 4. The Committee produced additional documents on March 5, 2019. Cheng Decl. ¶ 2. However, to date and despite a specific inquiry by Plaintiff's counsel, Cheng Decl. Ex. 2 at 2, the Committee has not produced the most recently updated summary plan description for the Plan. Cheng Decl. ¶ 7. This is one of the documents specifically referenced by the statute. ERISA § 104(b). As there is no genuine issue of material fact as to any of the elements of this ERISA claim and the Committee still has not satisfied its obligations under ERISA (let alone within the statutory 30 day period), Plaintiff is entitled to summary judgment as to liability on Count V.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant summary judgment on Defendants' First, Second, Third, Seventh, Eighth, and Ninth Affirmative Defenses and as to liability on Count V.

1    Dated: July 17, 2020                          Respectfully submitted,

2

3                                                  Vincent Cheng

4                                                  (admitted *pro hac vice*)
                                                   BLOCK & LEVITON LLP

5                                                  100 Pine Street, Suite 1250
                                                   San Francisco, CA 94111
                                                   Tel: (415) 968-8999

6                                                  Fax: (617) 507-6020
                                                   vincent@blockesq.com

7

8                                                  Matthew Z. Crotty
                                                   CROTTY & SON LAW FIRM, PLLC

9                                                  905 W. Riverside Ave.
                                                   Suite 404
                                                   Spokane, WA 9920 I

10                                                 Tel: (509) 850-7011
                                                   matt@crottyandson.com

11

12                                                 R. Joseph Barton
                                                   (admitted *pro hac vice*)
                                                   BLOCK & LEVITON LLP

13                                                 1735 20th Street, NW
                                                   Washington D.C. 20009

14                                                 Tel: (202) 734-7046
                                                   Fax: (617) 507-6020

15                                                 jbarton@blockesq.com

16                                                 Peter Romer-Friedman
                                                   (admitted *pro hac vice*)

17                                                 GUPTA WESSLER PLLC
                                                   1900 L Street, NW, Suite 312

18                                                 Washington, DC 20036
                                                   Tel: (202) 888-1741

19                                                 peter@guptawessler.com

20

21

     PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 18

Hannah Cole-Chu
(admitted *pro hac vice*)
OUTTEN & GOLDEN LLP
601 Massachusetts A venue, NW
Second Floor West
Washington, DC 20001
Tel: (202) 847-4400
hcolechu@outtengolden.com

Michael J. Scimone
(admitted *pro hac vice*)
OUTTEN & GOLDEN LLP
685 Third Avenue
25th Floor
New York, NY 10017
Tel: (212) 245-1000
mscimone@outtengolden.com

Thomas G. Jarrard
LAW OFFICE OF THOMAS G. JARRARD LLC
1020 N. Washington St.
Spokane, WA 99201
Tel: (425) 239-7290
Fax: (509) 326-2932
Tjarrard@att.net

*Attorneys for Plaintiff*

1

## <u>CERTIFICATE OF SERVICE</u>

2        I certify that on July 17, 2020, I caused the foregoing to be electronically

3  filed with the Clerk of the Court using the CM/ECF system, which sent notification

4  of such filing to all counsel of record.

5

6                                                                Ming Siegel

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21