# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CASEY CLARKSON,<br><br>Plaintiff,<br><br>v.<br><br>ALASKA AIRLINES INC., HORIZON AIR INDUSTRIES INC., and ALASKA AIRLINES PENSION/BENEFITS ADMINISTRATIVE COMMITTEE,<br><br>Defendants. | NO. 2:19-CV-0005-TOR<br><br>ORDER PARTIALLY GRANTING MOTION FOR CLASS CERTIFICATION |

BEFORE THE COURT is Plaintiff's Motion for Class Certification (ECF No. 73). This matter was heard with telephonic oral argument on August 4, 2020. Plaintiff was represented by R. Joseph Barton and Thomas G. Jarrard. Defendants were represented by Anton Metlitsky, M. Tristan Morales, and Mark W. Robertson. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Plaintiff's Motion for Class Certification (ECF No. 73) is granted in part.

## BACKGROUND

**A. Factual Background**

This case concerns two of Defendants' employment policies regarding military leave and their compliance with the Uniformed Services Employment and Reemployment Rights Act ("USERRA"). The material facts are largely undisputed for the purpose of this motion, and the Court must accept as true the substantive allegations of the class claim. *See Blackie v. Barrack,* 524 F.2d 891, 901 n.17 (9th Cir. 1975).

Plaintiff was employed as an airline pilot by Horizon until November 6, 2017 and thereafter was employed by Alaska, and during his employment with both Defendants was a member of the Washington Air National Guard. ECF No. 31 at 6, ¶ 13. Plaintiff alleges that neither Horizon nor Alaska provides servicemember-employees with paid short-term military leave, despite providing other forms of paid short-term leave. ECF No. 31 at 14-15, ¶ 37; *Id.* at 16, ¶ 41. Plaintiff also alleges that Horizon applies a "virtual credit" policy to employees who take military leave. ECF No. 31 at 15, ¶ 38. The "virtual credit" policy allocates 2.45 credit hours per day for paid and unpaid leave days to employees, which reflects fewer credit hours than the employee would have received on days when they are scheduled to fly. *Id.* The number of hours per month that an employee works or is credited determines that employee's status as a Regular Line

holder, which comes with a minimum pay guarantee and a more predictable schedule, or a Reserve or Reduced Line holder, which do not. ECF No. 31 at 16, ¶ 39. Because an employee who takes short-term military leave is only credited with 2.45 hours per day rather than the full amount of hours they would have worked had they not taken leave, the employee who takes short-term military leave is then required to either work additional hours to maintain their Regular Line holder status or to forfeit their Regular Line holder status. ECF No. 31 at 16, ¶ 40.

Plaintiff took military leave from June 8, 2017 through July 8, 2017, received virtual credit for his military leave, and was demoted to a Reserve Line holder from a Regular Line holder upon his return to work. ECF No. 31 at 17-18, ¶¶ 43-47. Plaintiff took military leave again in October 2017 and was able to meet the 70-hour threshold to maintain his Regular Line holder status in October 2017, but only by working extra days when he was not on military leave. ECF No. 31 at 19, ¶ 49.

In August 2017, Plaintiff filed a complaint with the U.S. Department of Labor regarding the "virtual credit" policy. ECF No. 31 at 20-21, ¶ 53. On October 4, 2017, the Department completed its investigation of Plaintiff's complaint and concluded that the "virtual credit" policy violated USERRA. *Id.* at ¶ 55. Despite this finding, Horizon continues to use a virtual credit policy. *Id.* at ¶ 56. In February 2018, Horizon adopted an updated matrix for virtual credit.

## B. Procedural Background

On January 7, 2019, Plaintiff filed a Complaint in federal court challenging Defendants' paid leave and "virtual credit" policies' compliance with USERRA. ECF No. 1. On June 16, 2019, the Court denied Defendants' Motion to Dismiss but granted Plaintiff leave to amend the Complaint. ECF No. 30. On July 1, 2019, Plaintiff filed an Amended Complaint, which is the current operative complaint. ECF No. 31. The Amended Complaint raises five causes of action: (1) violation of USERRA for failure to re-employ employees in their proper line holder position following military leave; (2) violation of USERRA for failing to treat military service as continued employment for determining line holder status; (3) violation of USERRA for transferring employees to inferior line holder positions following military leave; (4) violation of USERRA for failure to provide paid military leave while providing other forms of paid short-term leave; and (5) violation of the Employee Retirement Income Security Act of 1974 ("ERISA") for failure to respond to Plaintiff's ERISA request. ECF No. 31 at 23-31, ¶¶ 61-94.

## C. Proposed Classes

Plaintiff's Motion for Class Certification (ECF No. 73) proposes the following class definitions:

<u>Virtual Credit Class (Counts I-III):</u> All current and former employees of Horizon or any subsidiary, joint venture, or division of Horizon who were

subjected to Horizon's "virtual credit" policy with respect to a period of military leave from May 1, 2017 through the date of the judgment.

As an initial matter, the Court notes that Plaintiff's proposed Virtual Credit Class definition exceeds the scope of the Amended Complaint. Counts I-III all seek relief for employees who were demoted from Regular Line holder positions as a result of the virtual credit policy, ECF No. 31 at 24-26, ¶¶ 69, 74, 78, or were required to work additional hours to avoid demotion, *id*. at ¶ 51. These claims are narrower than Plaintiff's proposed class definitions because they limit the class to those who were not only subject to the "virtual credit" policy, but who were also demoted in their line holder status as a result of the policy or were required to work additional hours to avoid demotion. Accordingly, the Court will consider the present class certification motion within the scope of Plaintiff's claims as alleged in the Amended Complaint.

Paid Leave Class (Count IV Only): All current or former Alaska union-represented employees or Horizon employees who have taken short-term military leave from October 10, 2004 through the date of the judgment and current or former Alaska non-union employees who took short-term military leave between October 10, 2004 and December 31, 2017.

## DISCUSSION

### A. Class Certification Standard

Certification of a class action lawsuit is governed by Rule 23 of the Federal Rules of Civil Procedure. Pursuant to Rule 23(a), the party seeking class certification must demonstrate that "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

Provided that proposed class satisfies the above criteria, courts must further determine whether certification is appropriate under Rule 23(b). Where a party seeks certification of a so-called "damages class" under Rule 23(b)(3), as here, he or she must demonstrate that (1) "questions of law or fact common to class members predominate over any questions affecting only individual members;" and (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). As the party moving for certification, the plaintiff bears the burden of establishing that the foregoing requirements have been satisfied. *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 588 (9th Cir. 2012).

A court presented with a class certification motion must perform a "rigorous analysis" to determine whether each of these prerequisites has been satisfied. *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982). "Frequently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011); *see also Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011) (emphasizing that a district court "must" consider the merits of a plaintiff's claim to the extent that they overlap with the prerequisites for class certification under Rule 23(a)). That is, "[a] party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart*, 564 U.S. at 350.

## B. Standing

As an initial matter, Defendants raise several challenges to Plaintiff's standing to bring a class action suit. In a class action, standing exists if at least one named plaintiff meets the Article III standing requirements of injury in fact, traceability, and redressability. *Ellis*, 657 F.3d at 978.

Defendants argue Plaintiff lacks standing to represent either the Virtual Credit Class or the Paid Leave Class because, as a former employee of Horizon and as a servicemember who is no longer on active duty, he lacks standing to seek

prospective relief. ECF No. 78 at 12-16. While the Amended Complaint does request prospective relief, ECF No. 31 at 12, ¶ 28, Plaintiff renounces this form of relief, ECF No. 82 at 13. Plaintiff has now clarified that he seeks "a declaration establishing Horizon's violation of the Class' USERRA rights, and then an order requiring Defendants to pay compensation and benefits to the Class." *Id*.

Defendants' also argue that Plaintiff lacks standing because he was paid by the military during his military service, and therefore has no damages, but this misconstrues Plaintiff's allegations. ECF No. 78 at 15-16. Plaintiff's alleged injury is the payment and employment benefits he claims he should have received from Defendants, which is independent of his military income during periods of service. Plaintiff has adequately alleged standing to pursue the class claims.

**C. Numerosity**

Rule 23(a)(1) provides that a proposed class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "Whether joinder would be impracticable depends on the facts and circumstances of each case and does not, as a matter of law, require any specific minimum number of class members." *Smith v. Univ. of Wash. Law Sch.*, 2 F. Supp. 2d 1324, 1340 (W.D. Wash. 1998). "Generally, 40 or more members will satisfy the numerosity requirement." *Garrison v. Asotin Cty.*, 251 F.R.D. 566, 569 (E.D. Wash. 2008) (citing *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995)).

Conversely, the Supreme Court has indicated that a class of 15 "would be too small to meet the numerosity requirement." *Gen. Tel. Co. of the Nw., Inc. v. EEOC,* 446 U.S. 318, 330 (1980).

### 1. The Virtual Credit Class

The parties disagree over the numerosity of the Virtual Credit Class, in part because they inconsistently define the duration of "short-term" military leave as that term is used in the Amended Complaint. *See* ECF No. 73 at 15. Regardless, Plaintiff has identified evidence of 57 unique employees who were placed on reserve status in the same month as taking military leave. ECF No. 82-10 at 3. This is sufficient to meet the numerosity requirement. *Garrison*, 251 F.R.D. at 569.

As discussed *supra*, the Virtual Credit Class must be limited to employees whose line holder status was reduced as a result of the "virtual credit" policy or who were required to work additional hours to maintain their status, in order to comply with the scope of the Amended Complaint. The Court notes that Defendants argue elsewhere that an employee's change in line holder status may be attributable to other factors such as the employee's overall seniority or individual scheduling preferences, regardless of whether the employee took military leave during that month. ECF No. 78 at 18-21. If Defendants identify evidence to indicate that this causation issue further narrows the size of the Virtual

Credit Class, this may properly be the subject of a motion for class decertification.

*2. The Paid Leave Class*

Plaintiff identifies the Paid Leave Class to include 278 Alaska and Horizon employees, of which 212 are pilots. ECF No. 73 at 15; *see* ECF No. 73-11 at 5. Defendants do not specifically challenge the numerosity of this proposed class. ECF No. 78 at 21-35. Plaintiff has alleged sufficient numerosity for this proposed class.

**D. Commonality**

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). For purposes of this rule, "[c]ommonality exists where class members' situations share a common issue of law or fact, and are sufficiently parallel to insure a vigorous and full presentation of all claims for relief." *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1172 (9th Cir. 2010) (internal quotation and citation omitted). At its core, the commonality requirement is designed to ensure that class-wide adjudication will "generate common *answers* apt to drive the resolution of the litigation." *Wal-Mart*, 564 U.S. at 350 (emphasis in original) (internal quotation and citation omitted). "This does not, however, mean that *every* question of law or fact must be common to the class; all that Rule 23(a)(2) requires is a single *significant* question of law or fact." *Abdullah v. U.S. Sec. Assoc., Inc.,* 731 F.3d 952, 957 (9th Cir. 2013) (emphasis in

original) (quotation omitted). "If a common question will drive the resolution, even if there are important questions affecting only individual members, then the class is 'sufficiently cohesive to warrant adjudication by representation.'" *Jabbari v. Farmer*, --- F.3d ---, 2020 WL 4046029, at *2 (9th Cir. July 20, 2020) (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623-24 (1997)).

### 1. *The Virtual Credit Class*

Plaintiff identifies common questions for the Virtual Credit Class as whether the Virtual Credit Class members had to be credited or worked a certain number of hours to keep their Regular Line holder status, and whether the "virtual credit" policy failed to credit those employees with the same amount of hours as if they had been working at Horizon instead of being on military leave. ECF No. 73 at 17-18. Defendants do not specifically challenge Plaintiff's commonality allegations for this class. ECF No. 78 at 16-21. Plaintiff has sufficiently identified questions of law and fact common to this proposed class.

### 2. *The Paid Leave Class*

Plaintiff identifies a common legal question for the Paid Leave Class as whether paid leave is one of the "rights and benefits" that must be provided equally to employees on military leave under USERRA, and a common factual question of whether Defendants provide other short-term paid leave that is comparable to short-term military leave. ECF No. 73 at 16. Defendants contend that the factual

question is not common among the class because comparable forms of short-term leave will vary by employee group. ECF No. 78 at 34-35. Even if the factual circumstances vary by employee group, the Paid Leave Class claim does raise a single common question of law across employee groups. Defendants' concerns about variations between employee groups are addressed more thoroughly *infra*. Plaintiff has sufficiently alleged a common legal question across the Paid Leave Class.

### 3. Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). This requirement serves to ensure that "the interest of the named representative aligns with the interests of the class." *Wolin*, 617 F.3d at 1175. Factors relevant to the typicality inquiry include "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Ellis*, 657 F.3d at 984. Stated differently, "[t]ypicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought." *Id.*; *see also Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1019 (9th Cir. 2011), abrogated on other grounds by *Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013) ("The typicality requirement

looks to whether the claims of the class representatives are typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.") (brackets omitted).

   1. *The Virtual Credit Class*

Plaintiff argues his "virtual credit" claims are typical of the class because the same "virtual credit" policy applies across the class. ECF No. 73 at 20-21. Defendants do not specifically challenge Plaintiff's typicality argument. ECF No. 78 at 16-21. As noted *supra*, Plaintiff's proposed definition of the Virtual Credit Class exceeds the scope of the allegations in the Amended Complaint. When the Virtual Credit Class is narrowed to employees whose line holder status was demoted as a result of the "virtual credit" policy or who had to work additional hours to maintain their status, Plaintiff's claims are typical of the class. However, Plaintiff no longer works for Horizon as of November 6, 2017 and Horizon updated its virtual credit matrix in February 2018. Both of these developments do not allow Plaintiff to represent a class of persons who worked for Horizon after he left the company. His claim is no longer typical of their claims, certainly not when the policy changed.

   2. *The Paid Leave Class*

Plaintiff argues his paid leave claim is typical of the class because

Defendants apply a uniform policy of failing to provide paid military leave to its employees while paying for other comparable forms of short-term leave. ECF No. 73 at 20. However, this inquiry will require comparing military leave to other forms of short-term leave available to all other employees, and as Defendants note, this inquiry will vary by employee group and by employer. ECF Nos. 28 at 22-32; 73-20; and 73-21. Plaintiff's paid leave claim is only typical of his own employment group, Alaska and Horizon pilots, and the collective bargaining agreements by which Plaintiff's employment and benefits are governed. Because the nature of Plaintiff's legal claim requires a comparison of paid military leave to other comparable forms of leave as they were available to him, the paid leave class must be limited to Alaska and Horizon pilots. Because the comparative forms of leave varied by non-pilot employee groups and by employer, Plaintiff's claims are not typical of the other employees' claims.

### 3. Adequacy of Representation

The final prerequisite for class certification is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This requirement applies to both the named class representatives and to their counsel. "To determine whether named plaintiffs will adequately represent a class, courts must resolve two questions: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members[;] and (2) will the

named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Ellis*, 657 F.3d at 985 (internal quotations omitted).

Plaintiff represents that he has no conflicts of interest with other class members and that he and his counsel will vigorously pursue the claims on behalf of the classes. ECF No. 73 at 22-25. Defendants challenge Plaintiff's adequacy to represent the Paid Leave Class, but these concerns are addressed by the Court's finding that the Paid Leave Class should be limited to employees in Plaintiff's own employment groups. ECF No. 78 at 22-33. Plaintiff's counsel have significant experience litigating class action and USERRA cases. The Court finds that Plaintiff and his counsel will adequately represent the interests of the classes.

**E.  Rule 23(b)(3) Requirements**

*1.  Predominance*

For purposes of Rule 23(b)(3), the relevant inquiry is whether these common questions *predominate* over individualized questions. *See Wolin*, 617 F.3d at 1172 ("While Rule 23(a)(2) asks whether there are issues common to the class, Rule 23(b)(3) asks whether these common questions predominate."). Although Rule 23(a)(2) and Rule 23(b)(3) both address commonality, "the 23(b)(3) test is 'far more demanding,' and asks 'whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Id.* (quoting *Windsor*, 521 U.S. at 623-24).

Plaintiff argues that the central USERRA questions about liability predominate over individual considerations such as damages amounts. ECF No. 73 at 25-28. Defendants contend individual claim differences within the proposed classes mean that common questions of liability do not predominate in this case. ECF No. 78 at 18-21, 33-35. However, with the limitations to the class definitions discussed *supra*, these individualized concerns are limited or eliminated. The Court finds that the issues common to the classes predominate in this case.

  2.  *Superiority*

In considering whether class adjudication is superior to separate individual actions, a court must determine "whether the objectives of the particular class action procedure will be achieved in the particular case." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1023 (9th Cir. 1998), *overruled on other grounds by Wal-Mart*, 564 U.S. at 338. In making this determination, the court must consider, *inter alia*, (1) the interests of individual class members in pursuing their claims separately; (2) the extent of any existing litigation concerning the same subject-matter; (3) the desirability of concentrating the litigation in a particular forum; and (4) the feasibility of managing the case as a class action. Fed. R. Civ. P. 23(b)(3)(A)-(D). A court's consideration of these factors must "focus on the efficiency and economy elements of the class action so that cases allowed under subdivision (b)(3) are those that can be adjudicated most profitably on a

representative basis." *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1190 (9th Cir. 2001) (quotation and citation omitted).

Here, class adjudication would serve the interests of individual class members for whom the potential recovery may be small in comparison to the costs of litigation. The parties do not identify other litigation concerning the same subject-matter. This district is an appropriate forum given the extent of Defendants' business in this state and the number of class members who reside in this district. Finally, with the limitations to the class definition discussed *supra*, this case could feasibly be managed as a class action. With certain restrictions to the scope of the classes, Plaintiff has satisfied the requirements for class certification.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Class Certification, ECF No. 73, is **GRANTED** in part.
2. Pursuant to Fed. R. Civ. P. 23(b)(3), the Court hereby certifies the following Classes in this case:
    a. <u>Virtual Credit Class (Counts I-III):</u> All current and former employees of Horizon who were subjected to Horizon's "virtual credit" policy with respect to a period of military leave and who were demoted or were forced to work additional hours in order to

maintain their line holder status as a result of the "virtual credit" policy from May 1, 2017 through November 6, 2017.

    b. <u>Paid Leave Class (Count IV Only):</u> All current or former Alaska or Horizon pilots who have taken short-term military leave from October 10, 2004 through the date of the judgment.

3. Pursuant to Fed. R. Civ. P. 23(c)(1)(B), the Court hereby certifies the following claims, including all damages related thereto:

    a. <u>Virtual Credit Class (Counts I-III):</u> The claims that Horizon gave class members "virtual credit" during short-term military leave at a lesser rate than if they had been continuously employed resulting in reemployment at an inferior position, in violation of USERRA which requires reemployment in the position of employment in which the person would have been employed if the continuous employment of such person with the employer had not been interrupted by such service, or in the position of employment in which the person was employed on the date of the commencement of the service in the uniformed services (count I); that Horizon failed to treat class members' military leaves of absence as continuous employment in computing the number of hours of credit they had for purposes of determining the employee's

position following a period of military leave, including the seniority and rights and benefits which would have attained if the person remained continuously employed, in violation of USERRA (Count II); and that Horizon, by applying it virtual credit policy demoted or transferred class members following their military leave without cause, in violation of USERRA (count III).

    b. <u>Paid Leave Class (Count IV Only):</u> The claim that Defendants Alaska and Horizon failed to pay the regular wages or salaries of class members when they took short-term military leave, while paying pilots when they took comparable forms of non-military leave, in violation of the class members' rights under USERRA.

4. Excluded from the Classes are persons who previously reached settlements with or judgments against Defendants resolving or releasing any claims arising during the Class periods under USERRA related to any of the claims in this lawsuit.

5. Plaintiff Casey Clarkson is appointed as the Class Representative for both certified Classes.

6. R. Joseph Barton of Block & Leviton LLP and Michael J. Scimone of Outten & Golden LLP are appointed as Co-Lead Class Counsel for the Classes. Peter Romer-Friedman of Gupta Wessler PLLC, Matthew

Crotty of Crotty & Son Law Firm, PLLC, and Thomas G. Jarrard of the Law Office of Thomas G. Jarrard are appointed as additional Class Counsel for the Classes.

7. Pursuant to Rule 23(c)(2)(B), within fourteen (14) days from the date of this Order, class counsel shall serve and file a proposed "Notice" to members of the certified classes and suggest a method by which this should be accomplished and at whose expense. This "Notice" shall comply with the requirements of Rule 23(c)(2)(B).

8. Defendants shall have fourteen (14) days from service of the proposed "Notice" to serve and file any objections to the same.

9. Class counsel shall have seven (7) days from service of any objection to serve and file a reply to the same.

10. The Court will thereafter Order Notice to be provided and by whom.

11. The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** August 4, 2020.



THOMAS O. RICE
United States District Judge

ORDER PARTIALLY GRANTING MOTION FOR CLASS CERTIFICATION ~ 20