Kathryn S. Rosen, WSBA #29465
Davis Wright Tremaine LLP
920 5th Avenue, Ste. 3300
Seattle, WA 98104-1610
Tel: (206) 622-3150
Fax: (206) 757-7700
katierosen@dwt.com

Mark W. Robertson, N.Y. Bar #4508248 (*pro hac vice*)
Anton Metlitsky, N.Y. Bar #989354 (*pro hac vice*)
O'Melveny & Myers LLP
7 Times Square
New York, NY 10036
Tel: (212) 326-2000
Fax: (212) 326-2061
mrobertson@omm.com
ametlitsky@omm.com

M. Tristan Morales, CA Bar #278498 (*pro hac vice*)
O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, D.C. 20006
Tel.: (202) 383-5300
Fax: (202) 383-5414
tmorales@omm.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CASEY CLARKSON,<br><br>Plaintiff,<br><br>v.<br><br>ALASKA AIRLINES, INC., HORIZON AIR INDUSTRIES, INC., and ALASKA AIRLINES PENSION/BENEFITS ADMINISTRATIVE COMMITTEE,<br><br>Defendants. | Case No. 2:19-cv-0005 TOR<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**WITHOUT ORAL ARGUMENT**<br><br>**NOTING DATE: SEPTEMBER 8, 2020** |

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT - 1

# INTRODUCTION

On July 17, 2020, prior to this Court's decision on class certification, in the midst of discovery, and at the same time that Plaintiff moved for a four-month extension of discovery (which this Court has now granted), Plaintiff filed a motion for partial summary judgment. (ECF No. 83.) Plaintiff seeks summary judgment as to: (1) Count V of Plaintiff's First Amended Complaint, which is asserted solely against the Alaska Airlines Pension/Benefits Administrative Committee (the "Committee"); and (2) six affirmative defenses set forth by Alaska Airlines, Inc. ("Alaska"), Horizon Air Industries, Inc. ("Horizon"), and the Committee (collectively "Defendants") in Defendants' Answer to Plaintiff's First Amended Complaint (ECF No. 32) ("Answer").

Defendants request that the Court exercise its discretion to deny Plaintiff's motion as premature without further briefing, with the right for Plaintiff to refile. *See Advanced Semiconductor Materials America, Inc. v. Applied Materials, Inc.*, 1995 WL 419747, at *3 (N.D. Cal. July 10, 1995) (quoting Wright, Miller & Cooper, *Federal Practice & Procedure* § 2737) ("[T]he court has discretion to decline to enter partial summary judgment if it would not 'materially expedite the

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT - 2

adjudication.'"); *see also Egervary v. Rooney*, 2000 WL 1160720, at *7 (E.D. Pa. Aug. 15, 2000) *aff'd* 366 F.3d 238 (3d Cir. 2004) (same).

Alternatively, Defendants request that the Court hold Plaintiff's motion in abeyance during discovery, and set Defendants' opposition deadline for a date after the close of discovery.

## ARGUMENT

### I. Count V

Plaintiff's request for summary judgment on Count V of the Amended Complaint is now moot because, on July 30, 2020, subsequent to Plaintiff filing his motion, the Committee and Plaintiff reached a settlement as to Count V (pending the execution of a formal settlement agreement). Because Count V will be dismissed pursuant to this settlement, Plaintiff's motion for summary judgment is moot as to Count V.

### II. Affirmative Defenses

In their Answer, Defendants assert nine affirmative defenses and reserve the right to supplement or amend those defenses as discovery proceeds. (ECF No. 32.) In his motion, Plaintiff seeks summary judgment as to Defendants' First through Third, and Seventh through Ninth affirmative defenses. (ECF No. 83 at 1.)

Plaintiff's motion is premature. Four days after he filed his motion, Plaintiff filed a separate motion seeking to extend the outstanding deadlines in this case by

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT - 3

120 days, including moving the close of discovery (which was previously scheduled to close on November 2, 2020) to March 2021. (ECF No. 85.) In support of his scheduling motion, Plaintiff noted that the Court has held that certain discovery "is premature at this stage, *i.e.*, before the Court decides on Plaintiff's motion for class certification." (*Id*. at 2.) Plaintiff's observation on this point is correct: in denying two of Plaintiff's motions to compel, the Court held that discovery prior to class certification must be circumscribed in a manner that is proportional to the pre-certification needs of the case. (ECF No. 72, 74; *see also* ECF No. 85 at 2.)

      The Court issued its decision on class certification only earlier this week, and on that same day, this Court granted Plaintiff's request to move all scheduled dates by approximately four months. (ECF Nos. 89-90.) The Court has also, at Plaintiff's request, now provided the parties seven months to conclude discovery, in March 2021. (*See* ECF No. 90.) In light of these very recent developments, Defendants should have an opportunity to determine the nature and scope of the affirmative defenses they plan to pursue, along with the related facts, as the Court's class certification decision has a potentially significant impact on these affirmative defenses. For example, the nature and scope of Defendants' laches defense depends on who Plaintiff represents — Defendants now know, as of three days ago, that the class of represented employees is narrower than Plaintiff proposed.

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT - 4

Moreover, whether Plaintiff's claims are barred by the takings clause of the Fifth Amendment is dependent on Plaintiff's damages theory and accompanying damages-related discovery, both of which remain undeveloped at this stage, prior to the ensuing expert discovery. Given these facts and the current, incomplete state of discovery, Plaintiff's motion for summary judgment on Defendants' affirmative defenses is premature. *See City of Colton v. Am. Promotional Events, Inc.*, 2012 WL 13013036, at *3 (C.D. Cal. Sept. 12, 2012) ("[I]t is not appropriate to use summary judgment as a vehicle for fragmented adjudication of non-determinative issues because such motions waste judicial resources.").[1]

Nor is it appropriate at this point to adjudicate, for example, whether "resolution of Plaintiff's claims would require the Court to interpret or apply a

---

[1] Plaintiff's statement of undisputed material facts (ECF No. 84) is largely moot, as eight of the 11 alleged facts relate to Count V, which has now been resolved. Because Plaintiff's motion for partial summary judgment is otherwise premature, the remaining three alleged facts in Plaintiff's statement of material facts are also premature. Indeed, two of these alleged facts are expressly immaterial to Defendants' argument that Plaintiff's motion is premature (*see* ECF No. 84 at ¶¶ 10-11 (claiming Defendants are not yet aware of facts supporting their affirmative defense that Plaintiff's claims are barred by the statute of limitations

collective bargaining agreement." (*See* ECF No. 32 (First Affirmative Defense).)[2] This question depends on: (1) the CBAs which are at issue (which was impacted by the recent decision on class certification) and (2) whether Plaintiff's claims, as fully briefed on the merits, would require the Court to interpret or apply any provision(s) of the relevant CBAs—which in turn depends on whether the parties agree or disagree on the proper interpretation of all of the relevant CBA provisions. It would be premature to decide, three days after the decision on class certification, if the parties agree or disagree on all of the relevant CBA provisions, when the

---

and have not yet produced settlements or releases executed by Plaintiff)) while the remaining, also immaterial alleged fact simply, and incorrectly, lists the date Plaintiff filed the initial complaint in this action as January 7, 2020 (*id.* ¶ 9; *but see* ECF No. 1).

[2] Moreover, because this defense goes to whether this Court has subject matter jurisdiction to hear Plaintiff's claims, Defendants can raise this defense at any time. *Pearson v. Nw. Airlines, Inc.*, 659 F. Supp. 2d 1084, 1088 n.3 (C.D. Cal. 2009) ("A defense on the basis of subject-matter jurisdiction is never waived.").

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT - 6

parties only recently learned which CBAs would be at issue at the merits stage of this litigation.

Accordingly, it is premature to adjudicate this or any other of Defendants' affirmative defenses at this time.[3]

## CONCLUSION

For these reasons, this Court should either exercise its discretion to deny Plaintiff's motion as premature without further briefing, with the right for Plaintiff to refile, or alternatively, schedule Defendants' opposition due date after the close of discovery.

Dated: August 7, 2020

Respectfully submitted,

s/Mark W. Robertson
Mark W. Robertson (admitted *pro hac vice*)
Anton Metlitsky (admitted *pro hac vice*)
O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036
Tel: (212) 326-2000

---

[3] Defendants believe that Plaintiff's motion for partial summary judgment is premature on its face, and thus have submitted this opposition as opposed to a formal motion under Rule 56(d). If the Court deems it necessary or appropriate to do so, however, Defendants can submit a formal motion under Rule 56(d).

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT - 7

1  
2  Fax: (212) 326-2061  
mrobertson@omm.com  
ametlitsky@omm.com  

3  M. Tristan Morales  
(admitted *pro hac vice*)  
4  O'MELVENY & MYERS LLP  
1625 Eye Street, NW  
5  Washington, D.C. 20006  
Tel: (202) 383-5300  
6  Fax: (202) 383-5414  
tmorales@omm.com  

7  
Kathryn S. Rosen, WSBA #29465  
8  Davis Wright Tremaine LLP  
920 5th Avenue, Ste. 3300  
9  Seattle, WA 98104-1610  
Tel: (206) 622-3150  
10  Fax: (206) 757-7700  
katierosen@dwt.com  

11  
*Attorneys for Defendants*  

12  

13  

14  

15  

16  

17  

18  

19  

20  

DEFENDANTS' RESPONSE TO PLAINTIFF'S  
MOTION FOR PARTIAL SUMMARY JUDGMENT - 8

# CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

s/Mark W. Robertson
Mark W. Robertson
