UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CASEY CLARKSON,<br><br>                Plaintiff,<br><br>  v.<br><br>ALASKA AIRLINES, INC.,<br>HORIZON AIR INDUSTRIES, INC.<br>and ALASKA AIRLINES<br>PENSION/BENEFITS<br>ADMINISTRATIVE COMMITTEE<br><br>                Defendants. | NO. 2:19-CV-0005-TOR<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

BEFORE THE COURT is Plaintiff's Motion for Partial Summary Judgment. ECF No. 83. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Plaintiff's Motion for Partial Summary Judgment (ECF No. 83) is **GRANTED in part** and **DENIED in part.**

## BACKGROUND

This case arises out of Plaintiff's class action filed against Defendants on

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 1

January 7, 2019. Plaintiff filed an Amended Complaint on July 1, 2019, which is now the operative Complaint. ECF No. 31. The allegations raised in Plaintiff's Amended Complaint concern two of Defendants' employment policies regarding military leave and their compliance with the Uniformed Services Employment and Reemployment Rights Act ("USERRA"). *Id.* at ¶¶ 61-94. Defendants filed their Answer on July 15, 2019. ECF No. 32. Plaintiff now seeks partial summary judgment on Defendants' First, Second, Third, Seventh, Eighth, and Ninth Affirmative Defenses, as well as Count V. ECF No. 83 at 7. Defendants indicated in their Response to Plaintiff's Motion for Summary Judgment they have withdrawn the affirmative defenses of statute of limitations (Third Affirmative Defense), personal jurisdiction (Seventh Affirmative Defense), and claims barred by settlement or release (Eighth Affirmative Defense). ECF. No. 101 at 6. Defendants also indicated the parties have reached a settlement as to Count V. *Id.* Therefore, Plaintiff's request for summary judgment as to Defendants' Third, Seventh, and Eighth Affirmative Defenses, as well as Count V, are now **GRANTED.** The Court will address the remaining affirmative defenses at issue (First, Second, and Ninth).

## FACTS

Plaintiff Casey Clarkson worked as a pilot for Defendant Horizon Air Industries, Inc. ("Horizon") from November 2013 until November 2017 when he

was hired as a pilot for Defendant Alaska Airlines, Inc. ("Alaska"). ECF No. 30 at 3. Plaintiff is still employed by Alaska. *Id*. While working as pilot for Horizon and Alaska, Plaintiff also served in the Air National Guard. *Id*. Plaintiff's Guard duty required him to take periods of short-term military leave throughout his employment with Horizon and Alaska. *Id*. Horizon and Alaska have certain policies regarding employees who take short-term military leave. *Id*.

Plaintiff contends these policies caused him and other similarly situated pilots to lose their seniority status, which affected their pay and benefits. ECF No. 30 at 4-6. Plaintiff also alleges these policies caused him and other similarly situated employees who took short-term military leave to be denied their regular wages, even though Horizon and Alaska paid full wages to other employees who took comparable leave. ECF No. 30 at 7.

## DISCUSSION

### I. Summary Judgment Standard

The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court must only consider admissible evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002). The party moving for summary judgment bears the initial burden of showing the

1  absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S.
2  317, 323 (1986). To carry this burden, "the moving party must either produce
3  evidence negating an essential element of the nonmoving party's claim or defense
4  or show that the nonmoving party does not have enough evidence of an essential
5  element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine*
6  *Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)
7  (citation omitted). The moving party must persuade the court there is no genuine
8  issue of material fact. *Id*.

9      For purposes of summary judgment, a fact is "material" if it might affect the
10  outcome of the suit under the governing law. *Id.* at 248. Further, a dispute is
11  "genuine" only where the evidence is such that a reasonable jury could find in
12  favor of the non-moving party. *Id.* The Court views the facts, and all rational
13  inferences therefrom, in the light most favorable to the non-moving party. *Scott v.*
14  *Harris*, 550 U.S. 372, 378 (2007).

15      If the moving party successfully carries its initial burden, the burden then
16  shifts to the non-moving party to identify specific facts showing there is a genuine
17  issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256
18  (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's
19  position will be insufficient; there must be evidence on which the jury could
20  reasonably find for the plaintiff." *Id*. at 252. Summary judgment will thus be

granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. However, if the moving party fails to successfully carry its initial burden, "the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd.*, 210 F.3d at 1102-03 (citation omitted).

## II. Defendants' Affirmative Defenses

### A. Defendants' First Affirmative Defense (Applicability of the RLA)

Plaintiff moves for summary judgment on Defendants' First Affirmative Defense regarding the applicability of the Railway Labor Act ("RLA"), 45 U.S.C. §§ 151, *et seq.* ECF No. 83 at 11. Under the dispute resolution mechanism of the RLA, a federal court lacks subject matter jurisdiction to adjudicate "minor disputes" that require the interpretation or application of a collective bargaining agreement. *Alaska Airlines Inc. v. Schurke,* 898 F.3d 904, 917 (9th Cir. 2018), *cert. denied,* 139 S. Ct. 1445 (2019) (quotation and citation omitted). Plaintiff argues Defendants have failed to identify any disputed terms within any collective bargaining agreement, and thus, the RLA does not apply. ECF No. 83 at 11. Defendants assert the factual record is not yet sufficiently developed to determine

whether there is, or will be, a dispute over terms in a collective bargaining agreement. ECF No. 101 at 10.

Labor relations between airline employees and airlines are governed by the provisions of the RLA. *Air Line Pilots Ass'n, Int'l v. Alaska Airlines, Inc.*, 898 F.2d 1393, 1395 (9th Cir. 1990) (citing 45 U.S.C. §§ 151-188). Disputes are classified as either major or minor. *Ass'n of Flight Attendants, AFL-CIO v. Horizon Air Indus., Inc.,* 280 F.3d 901, 904 (9th Cir. 2002) (citation omitted). Major disputes involve rates of pay, rules, or working conditions, and "arise where there is no [collective bargaining agreement] or where it is sought to change the terms of [an existing] one." *Schurke,* 898 F.3d at 917 (9th Cir. 2018) (quotation and citation omitted). Minor disputes involve grievances or the interpretation or application of collective bargaining agreements "concerning rates of pay, rules, or working conditions." *Id.* Federal courts do not have jurisdiction to adjudicate minor disputes, as they are resolved through binding arbitration in front of the System Board of Adjustment. *Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. Alaska Airlines, Inc.*, 813 F.2d 1038, 1040 (9th Cir. 1987) (citation omitted); *see also* 45 U.S.C. § 185.

Here, Plaintiff asserts Defendants have not met their burden of production at summary judgment because they failed to identify specific disputed material facts, and because Defendants have not submitted an affidavit or declaration

1  demonstrating why they could not present facts in opposition to the motion. ECF

2  No. 103 at 7; *id*. at 9-10.

3        As the moving party, Plaintiff bears the initial burden of production to

4  negate an essential element of Defendants' defense or show Defendants lack

5  enough evidence to carry their ultimate burden at trial. *Nissan Fire & Marine Ins.*

6  *Co., Ltd.,* 210 F.3d at 1102. To support his motion for summary judgment on

7  Defendants' First Affirmative Defense, Plaintiff cites to a single answer in

8  Plaintiff's First Set of Interrogatories in which Defendants state,

> To the extent the parties have a disagreement over the interpretation or application of any of the terms of Alaska or Horizon's CBA that are relevant to resolving Plaintiff's claims during this litigation, pursuant to the Railway Labor Act ("RLA"), 45 U.S.C. §§ 151 *et seq*., the applicable system board would have exclusive jurisdiction to resolve such a dispute. Defendants do not yet know how Plaintiff is interpreting and applying the relevant provisions of the applicable CBAs, so Defendants cannot yet know whether the parties have a dispute regarding the interpretation and/or application of the relevant CBAs.

15  ECF No. 83 at 12; ECF No. 73-10 at 15-16. In their Response, Defendants

16  maintain it is still impossible to determine whether a dispute could arise until the

17  parties begin substantively litigating the claims. ECF. No. 101 at 10. The Court

18  agrees with Defendants.

19        To illustrate, Claim IV alleges that Defendants failed to pay employees for

20  military leave but paid other employees for comparable non-military leave. ECF

No. 31 at 28, ¶ 82; ECF No. 101 at 10. Because it is not clear from the current record what constitutes "comparable non-military leave," Plaintiff is putting the terms of his and other employees' collective bargaining agreements at issue. Plaintiff has failed to make a sufficient showing that the terms of the collective bargaining agreement would not require interpretation or application. Therefore, the extent Plaintiff's claims require an interpretation or application of a collective bargaining agreement, this Court's subject matter jurisdiction may come into question. Additionally, because challenges to subject matter jurisdiction may be raised at any time during litigation, summary judgment on the issue is not appropriate at this time. Fed. R. Civ. P. 12(h)(3). Therefore, Plaintiff's motion for summary judgment on Defendants' First Affirmative Defense regarding the applicability of the RLA is denied.

**B.    Defendants' Second Affirmative Defense (Laches)**

Plaintiff moves for summary judgment on Defendants' Second Affirmative Defense of laches as to Plaintiff's claims in Counts I-IV. ECF No. 83 at 13. Plaintiff alleges the defense of laches is barred because Congress specifically amended the statute to eliminate the statute of limitations and because Defendant has not suffered any evidentiary or economic prejudice. ECF No. 83 at 14-15. Defendants argue laches is a recognized defense under USERRA claims and that they can establish prejudice. ECF No. 101 at 13; *id*. at 15. Defendants are not

currently asserting the defense of laches against Plaintiff's individual claims, nor do they intend to assert the defense against the entire Paid Leave Class. ECF No. 101 at 12. Rather, Defendants will assert the defense of laches against individual Paid Leave Class members once members are identified. *Id*.

In 2008, Congress amended the relevant USERRA statute, 38 U.S.C. § 4327(b), "to clarify that the original intent of Congress was that USERRA would not be subject to a federal or state statute of limitations period and specifically states that there is no time limit for a person to file a complaint . . . ." S. Rep. 110-449, at 26 (2008). Prior to 2008, the statute specifically barred the application of state statute of limitations but was silent as to federal statutes of limitations. *See Rogers v. City of San Antonio,* 392 F.3d 758, 772 (5th Cir. 2004) (". . . USERRA does not provide a time limit for bringing a claim for relief, stating only that 'no State statute of limitations shall apply . . . .'"). Plaintiff contends the 2008 amendment also bars the defense of laches. ECF No. 83 at 14.

The Ninth Circuit has not addressed the effect of the 2008 amendment on a laches defense. Plaintiff attempts to compare the amended USERRA statute to an amended student loan collections statute. ECF No. 83 at 14. However, several district courts outside the Ninth Circuit have addressed post-2008 USERRA claims and held the defense applicable. *See, e.g., Corbin v. Sw. Airlines, Inc.*, No. CV H-17-2813, 2018 WL 4901155, at *10 (S.D. Tex. Oct. 9, 2018) (finding laches may

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 9

bar plaintiff's complaint if delay prejudiced the defendant); *Seiler v. Hollidaysburg Am. Legion Ambulance Serv., Inc.*, No. CIV.A. 3:10-41, 2011 WL 4017965, at *8 (W.D. Pa. Sept. 8, 2011) (finding "laches is the only mechanism by which Defendant can challenge Plaintiff's delay in pursuing his USERRA claims."); *Mock v. City of Rome*, 851 F. Supp. 2d 428, 436 (N.D.N.Y. 2012) (applying laches analysis to find the defendants failed to demonstrate prejudice); *Sumrall v. Ensco Offshore Co.*, No. 2:17-CV-48-KS-MTP, 2018 WL 2088761, at *8 (S.D. Miss. May 7, 2018) (stating "courts have permitted the affirmative defense of laches to prevent injustice."). Therefore, Plaintiff's comparison is unpersuasive.

To establish a laches defense, a defendant must prove "unreasonable delay by the plaintiff and prejudice to itself." *Couveau v. Am. Airlines, Inc.*, 218 F.3d 1078, 1083 (9th Cir. 2000) (citation omitted). Because the application of laches is fact-specific, summary judgment on the issue is rarely appropriate. *Id*. Here, Defendants argue they will suffer evidentiary prejudice because the Paid Leave Class includes Alaska and Horizon pilots whose claims may stretch back to 2004, and it would be unreasonable to expect those pilots to recall when they first learned of Defendants' policies or of their ability to assert a claim. ECF No. 101 at 16. Defendants also argue they will suffer economic prejudice because any pilot who asserts a claim dating back to 2004 may be entitled to substantial backpay. *Id*. Plaintiff is also seeking liquidated damages, which could exacerbate Defendants'

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 10

1  economic prejudice. *Id.*

2  Here, additional Paid Leave Class members are not yet known. Because the
3  defense of laches will only be asserted against these putative members, the factual
4  record is insufficient to determine whether Defendants have been unfairly
5  prejudiced. Therefore, Plaintiff's motion for summary judgment on Defendants'
6  Second Affirmative Defense regarding the defense of laches is denied.

7  **C.    Defendants' Ninth Affirmative Defense (Fifth Amendment)**

8  Plaintiff moves for summary judgment on Defendants' Ninth Affirmative
9  Defense regarding the Fifth Amendment's takings clause. ECF 83 at 13. Plaintiff
10 argues he and Paid Leave Class members are entitled the same rights and benefits
11 while on short-term military leave as those rights and benefits conferred to other
12 employees who take leave for non-military reasons, such as jury duty,
13 bereavement, and sick leave. *See* ECF No. 31 at 28, ¶¶ 82-84. Defendants allege
14 if Plaintiff prevails on Count IV, the Court will be required to address whether
15 Congress is constitutionally permitted to require private employers to pay
16 employees regular wages while those employees are on leave performing military
17 services. ECF No. 101 at 17-18. Defendants claim such a requirement may be an
18 unconstitutional taking under the Fifth Amendment. *Id.*

19 The Court finds it unnecessary to reach the constitutional question at this
20 stage in the litigation. There is a "fundamental and longstanding principle of

judicial restraint" that requires courts to avoid addressing constitutional questions before it is necessary. *Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445 (1988). Instead, "[p]rior to reaching any constitutional questions, federal courts must consider nonconstitutional grounds for a decision." *Jean v. Nelson*, 472 U.S. 846, 854 (1985) (citation omitted). Presently, the factual record before the Court does not contain any evidence upon which summary judgment can be granted for this issue. Therefore, the Court finds Defendants' Fifth Amendment question would be more appropriately resolved in a motion for summary judgment on the merits of Count IV so the Court can consider additional evidence, such as damages and expert testimony. Plaintiff's motion for summary judgment on Defendants' Ninth Affirmative Defense is denied.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiff's Motion for Partial Summary Judgment (ECF No. 83) is **GRANTED in part** and **DENIED in part**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** October 5, 2020.



THOMAS O. RICE
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 12