UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CASEY CLARKSON,<br><br>                     Plaintiff,<br><br>     v.<br><br>ALASKA AIRLINES, INC., HORIZON AIR INDUSTRIES, INC., and ALASKA AIRLINES PENSION/BENEFITS ADMINISTRATIVE COMMITTEE,<br><br>                     Defendants. | NO. 2:19-CV-0005-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION REQUESTING A DOCUMENT SUBPOENA |

BEFORE THE COURT are Plaintiff's Motion Requesting a Document Subpoena (ECF No. 116) and the Amended Motion for Protective Order (ECF No. 115). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below Plaintiff's Motion Requesting a Document Subpoena (ECF No. 116) is denied and Amended Motion for Protective Order (ECF No. 115) is denied as moot.

ORDER DENYING PLAINTIFF'S MOTION REQUESTING DOCUMENT SUBPOENA ~ 1

# BACKGROUND

This matter arises from Plaintiff Casey Clarkson's class action filed against Defendants on January 7, 2019. ECF No. 1. The factual background of this case is described in detail in the Court's Order Partially Granting Motion for Class Certification. ECF No. 89. The Amended Complaint alleges, *inter alia*, that Defendants' employment policies regarding military leave violated the Uniformed Services Employment and Reemployment Rights Act ("USERRA"). ECF No. 31. Specifically, Count IV alleges that Defendants failed to pay regular wages to employees who take short-term military leave while continuing to pay regular wages to employees who take other forms of short-term leave. ECF No. 31 at 28, ¶ 82.

With respect to Count IV, the Court certified a Paid Leave Class on August 4, 2020, and defined the Class as follows:

> Paid Leave Class (Count IV Only):  All current or former Alaska or Horizon pilots who have taken short-term military leave from October 10, 2004 through the date of the judgment.

ECF No. 89 at 18. Plaintiff has not identified how many members are in the Class. The motion now before the Court seeks a judge-signed subpoena ordering the disclosure of United States military records for members of the Paid Leave Class in order to calculate the pay differentials alleged in Count IV. The Amended Motion

ORDER DENYING PLAINTIFF'S MOTION REQUESTING DOCUMENT SUBPOENA ~ 2

for Protective Order seeks to allow the parties to share information with the "United States Federal Government, the Internal Revenue Service, and state tax authorities."

## DISCUSSION

Plaintiff Casey Clarkson moves the Court for a Rule 45 subpoena signed by a judge pursuant to 5 U.S.C. § 522a of the Privacy Act to obtain agency records held by the United States Department of Defense ("DOD") and the Defense Finance and Accounting Service ("DFAS"). ECF No. 116. Defendants do not oppose the motion. Section 522a prohibits disclosure of agency records unless such disclosure is "pursuant to the order of a court of competent jurisdiction." 5 U.S.C. § 522a(b)(11). The regulations governing disclosure of records from DOD require more than a subpoena signed by an attorney or clerk of court. 32 C.F.R. § 516.46(b)(1). Instead, records will only be released upon written consent of the subject of the records or "an order or writ requiring the production of the records, signed by a judge or magistrate." *Id*. Plaintiff has not presented written consent from the subjects of the records nor has he indicated he intends to seek written consent.

The caselaw on this particular issue is not robust. Courts that have addressed Rule 45 subpoenas pursuant to the Privacy Act disagree as to which standard should be applied in determining whether to issue the order. In *Perry v.*

1   *State Farm Fire & Cas. Co.*, the Eleventh Circuit held "[r]equests for court orders

2   under § 552a(b)(11) should be evaluated by balancing the need for the disclosure

3   against the potential harm to the subject of the disclosure."  734 F.2d 1441, 1447

4   (11th Cir. 1984) (citation omitted).  More recent courts have also applied the *Perry*

5   balancing standard.  *See, e.g.*, *Gutierrez v. Benavides*, 292 F.R.D. 401 (S.D. Tex.

6   2013); *U.S. Equal Empl. Opportunity Commn. v. Rent-A-Ctr. E. Inc.*, No. 16-2222,

7   2017 WL 6945662 (C.D. Ill. Apr. 5, 2017).  Alternatively, other courts have

8   rejected the heightened *Perry* standard, finding the usual relevance standard of

9   Rule 26 more appropriate.  Specifically, the court in *Laxalt v. McClatchy* stated

10  "[w]e . . . find no basis for inferring that the statute replaces the usual discovery

11  standards of the FRCP—in particular, Rules 26 and 45(b)—with a different and

12  higher standard."  809 F.2d 885, 888-89 (D.C. Cir. 1987).  *See also Broderick v.*

13  *Shad*, 117 F.R.D. 306 (D.D.C. 1987); *Walker v. Sci. Applications Int'l Corp.*, 1:07-

14  CV-1609-WTL-DML, 2010 WL 11561269, at *2 (S.D. Ind. May 13, 2010).

15  However, "some substantive balancing of interests" under this standard is still

16  proper.  *Laxalt*, 809 F.2d at 890.  The Ninth Circuit has not addressed the issue.

17      Here, the Court does not find it necessary to adopt a specific standard

18  because Plaintiff cannot meet either the relevancy standard under Rule 26 or the

19  heightened standard under *Perry*.  Rule 26 permits discovery that is "relevant to

20  any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Courts have broad

ORDER DENYING PLAINTIFF'S MOTION REQUESTING DOCUMENT SUBPOENA ~ 4

1 discretion in determining relevancy. *Goro v. Flowers Foods, Inc.*, 334 F.R.D. 275, 283 (S.D. Cal. 2018). Under the current Rule 26, which was amended in 2015, "[r]elevancy alone is no longer sufficient—discovery must also be proportional to the needs of the case." *In re Bard IVC Filters Products Liab. Litig.*, 317 F.R.D. 562, 564 (D. Ariz. 2016) (citing Fed. R. Civ. P. 26(b) Advis. Comm. Notes for 2015 Amends.).

When evaluating proportionality, Rule 26 identifies several factors courts should consider: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Plaintiff's proposed subpoena seeks United States military records from an unspecified number of Paid Leave Class members to estimate Defendants' liability as to Count IV. ECF No. 116 at 4, ¶ 6. Specifically, Plaintiff requests class members' military entry dates, branches of service, their Point Credit Accounting Record System information, their W-2s, periods of military service based on military ranks, military pay charts, and dates of military duty. *Id*. Plaintiff asserts this information is necessary to determine the difference in pay that class members

ORDER DENYING PLAINTIFF'S MOTION REQUESTING DOCUMENT SUBPOENA ~ 5

received while on short-term military leave compared to the pay they allegedly should have received. *Id*.

The Court agrees this information may be relevant to Plaintiff's claims at some point but does not find the request from a third party proportional at this time. First, Plaintiff has access to Casey Clarkson's military history and related information but has not explained why this information is insufficient at this stage in the litigation for estimating the pay differential. Plaintiff also has access to the Paid Leave Class members' contact information (ECF No. 116 at 5, ¶ 7), but has not explained whether he has attempted to contact those individuals directly to obtain the requested information or why contacting them directly is unfeasible. Plaintiff's relative access to the relevant information and his available resources weigh against ordering disclosure.

It is also unclear at this stage how many members of the Class will be moving forward with the litigation because Plaintiff has not submitted any names or even a raw number of how many members are included the Class. It appears the putative class members still may opt out of the case. See ECF No. 111 at 25. Instead, Plaintiff merely states that an exhibit listing each members' first, middle, and last name, date of birth, and social security number will accompany the subpoena. ECF No. 116 at 5 n.2. The Court is not inclined to order disclosure of records for individuals who choose not to move forward with the litigation; their

ORDER DENYING PLAINTIFF'S MOTION REQUESTING DOCUMENT SUBPOENA ~ 6

1  information would not be important in resolving the liability issue of Count IV.

2  Having considered the applicable proportionality factors, the Court finds Plaintiff

3  cannot meet the relevancy standard under Rule 26.

4      Likewise, Plaintiff cannot meet the heightened standard under *Perry*, which

5  requires Plaintiff to demonstrate that his need for the information outweighs the

6  potential harm to the subjects of the disclosure. *Perry*, 734 F.2d at 1447.

7  Plaintiff's request triggers legitimate privacy concerns, particularly where some of

8  the subjects of the disclosure may not be parties to this case. Plaintiff has not

9  persuaded the Court that his need for the information outweighs these concerns at

10 this time.

11 **ACCORDINGLY, IT IS HEREBY ORDERED:**

12   1. Plaintiff's Motion Requesting a Document Subpoena (ECF No. 116) is

13      **DENIED**.

14   **2.** The Amended Motion for Protective Order (ECF No. 115) is **DENIED as**

15      **moot.**

16     The District Court Executive is directed to enter this Order and furnish

17 copies to counsel.

18     **DATED** December 9, 2020.



                  THOMAS O. RICE
                  United States District Judge

ORDER DENYING PLAINTIFF'S MOTION REQUESTING DOCUMENT SUBPOENA ~ 7