1   Colin M. Downes (admitted *pro hac vice*)
    BARTON & DOWNES LLP
2   1633 Connecticut Avenue NW, Suite 200
    Washington D.C. 20009
3   Tel: (202) 734-7046
    colin@bartondownes.com
4
    *Attorney for Plaintiff*
5

6               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF WASHINGTON

7   CASEY CLARKSON,                          Case No. 2:19-cv-0005 TOR

8              Plaintiff,                     **PLAINTIFF'S UNOPPOSED
                                             MOTION TO MODIFY ORDER
        v.                                   GRANTING MOTION FOR
9                                            CLASS CERTIFICATION AND
    ALASKA AIRLINES, INC., HORIZON           MEMORANDUM OF POINTS
    AIR INDUSTRIES, INC., and ALASKA         AND AUTHORITIES**
10  AIRLINES PENSION/BENEFITS
    ADMINISTRATIVE COMMITTEE,                **NOTED FOR HEARING:**
11                                           **September 25, 2024**
               Defendants.
                                             **WITHOUT ORAL ARGUMENT**
12

13

14

15

16

17

18

19

20

    PLAINTIFF'S MOTION TO MODIFY CLASS

# TABLE OF CONTENTS

BACKGROUND ..................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ...........................................3

    I.     The Court Should Modify the Class Definition to Fix a Class Period End Date of May 31, 2023, For Purposes of Settlement ..........4

    II.    The Court Should Appoint Matt Fisk, Ryan Schwend, and Scott Silvester as Additional Class Representatives. ....................................6

          A.    Appointing the Additional Class Representatives Will Provide the Paid Leave Class With More Complete Representation. ..............................................................................7

          B.    The Additional Class Representatives Have Claims Typical of the Class and are Adequate Class Representatives. ........................................................................11

          C.    Amendment of the Complaint and Joinder are Not Required. ......................................................................................13

          D.    The Standards of Rule 16 and 24 Are Satisfied. ......................14

CONCLUSION ...............................................................................................17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*,
  568 U.S. 455 (2013)..................................................................3

*In re Arakis Energy Corp. Sec. Litig.*,
  No. 95-cv-3431 (ARR), 1999 WL 1021819 (E.D.N.Y. Apr. 27,
  1999) ........................................................................................6

*In re Asacol Antitrust Litig.*,
  907 F.3d 42 (1st Cir. 2018)......................................................13

*Bates v. United Parcel Serv., Inc.*,
  511 F.3d 974 (9th Cir. 2007) ...................................................11

*Beckman Indus., Inc. v. Int'l Ins. Co.*,
  966 F.2d 470 (9th Cir. 1992) ...................................................16

*Berger v. Prop. I.D. Corp.*,
  No. CV 05-5373-GHK (CWX), 2008 WL 11342785 (C.D. Cal.
  Aug. 29, 2008) ..........................................................................4

*Boley v. Universal Health Servs., Inc.*,
  36 F.4th 124 (3d Cir. 2022) .....................................................13

*Brumback v. Ferguson*,
  343 F.R.D. 335 (E.D. Wash. 2022) ..........................................16

*Clarkson v. Alaska Airlines, Inc.*,
  No. 2:19-CV-0005-TOR, 2020 WL 13311693 (E.D. Wash. Nov. 3,
  2020) ........................................................................................14

*Clarkson v. Alaska Airlines, Inc.*,
  No. 2:19-cv-0005-TOR, 2020 WL 4495278 (E.D. Wash. Aug. 6,
  2020) .........................................................................4, 11, 12, 15

*Class Plaintiffs v. City of Seattle*,
  955 F.2d 1268 (9th Cir. 1992) ...................................................9

*Club v. McLerran*,
  No. C11-1759RSL, 2012 WL 12846108 (W.D. Wash. Mar. 19, 2012) ................................................................................................16

*Foster v. Adams & Assocs., Inc.*,
  No. 18-CV-02723-JSC, 2021 WL 4924849 (N.D. Cal. Oct. 21, 2021) ..................................................................................................4

*Friend v. Hertz Corp.*,
  No. C07-5222 MMC, 2014 WL 4415988 (N.D. Cal. Sept. 8, 2014) ..................3

*Hahn v. Massage Envy Franchising, LLC*,
  No. 12CV153 DMS (BGS), 2016 WL 11620608 (S.D. Cal. Mar. 30, 2016) ...............................................................................................9, 10

*Howell v. Advantage RN, LLC*,
  401 F.Supp.3d 1078 (S.D. Cal. 2019)................................................................4

*Jones v. Varsity Brands, LLC*,
  No. 2:20-CV-02892-SHL-TMP, 2024 WL 1159289 (W.D. Tenn. Mar. 18, 2024)...............................................................................................14

*Low v. Trump Univ.*,
  LLC, 881 F.3d 1111 (9th Cir. 2018)....................................................................6

*Munoz v. PHH Corp.*,
  No. 1:08-CV-0759-AWI-BAM, 2013 WL 3935054 (E.D. Cal. July 29, 2013) ..............................................................................................................7

*N.J. Carpenters Health Fund v. Residential Cap., LLC*,
  No. 08 CV 5093 HB, 2013 WL 6839093 (S.D.N.Y. Dec. 27, 2013)................10

*Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of S.F.*,
  688 F.2d 615 (9th Cir. 1982) ............................................................................10

*Peterson v. Alaska Commc'ns Sys. Grp., Inc.*,
  328 F.R.D. 255 (D. Alaska 2018)......................................................................13

*Sampson v. Knight Transp., Inc.*,
  C17-0028-JCC, 2021 WL 2255129 (W.D. Wash. June 3, 2021)........................4

*Spangler v. Pasadena City Bd. of Ed.*,
  552 F.2d 1326 (9th Cir. 1977) ..........................................................................15

PLAINTIFF'S MOTION TO MODIFY CLASS - iii

*In re Telectronics Pacing Sys., Inc.*,
    172 F.R.D. 271 (S.D. Ohio 1997) ....................................................14

*United Airlines, Inc. v. McDonald*,
    432 U.S. 385 (1977) ......................................................................13

**Other Authorities**

Fed. R. Civ. P. 15 ............................................................................13

Fed. R. Civ. P. 16 ..................................................................13, 14, 15

Fed. R. Civ. P. 23 ................................................................*passim*

Fed. R. Civ. P. 24 ..................................................................14, 15, 17

1 *McLaughlin on Class Actions* § 4:27 (20th ed.) ................................8

1    Plaintiff Casey Clarkson, by and through his undersigned counsel,

2    respectfully requests that the Court enter an order under Federal Rule of Civil

3    Procedure 23(c)(1) modifying its prior Order Partially Granting Motion for Class

4    Certification dated August 4, 2020, ECF No. 89 (as previously modified by the

5    Court's Order of November 3, 2020, ECF No. 111), in connection with the

6    proposed settlement of this action. Specifically, Plaintiff requests that the Court:

7    (1) set a class period end date for the Paid Leave Class of May 31, 2023 for

8    purposes of settlement, and (2) appoint three absent members of the Paid Leave

9    Class, Matt Fisk, Ryan Schwend, and Scott Silvester (the "Additional Class

10    Representatives"), as Class Representatives.

11                                    **Background**

12    Casey Clarkson served in the Washington Air National Guard from

13    November 2013 through June 2018, spanning his employment with both Alaska

14    and Horizon. ECF No. 73-22 at ¶ 2-3. By the time he filed this case in January

15    2019, he had retired from military service. *Id.* at ¶ 3.

16    Following the Ninth Circuit's reversal and remand in this case, Defendants

17    produced updated class data running through May 31, 2023. Downes Decl. ¶ 2.

18    Defendants also stated their intention to take discovery of absent Class members in

19    support of a decertification motion. ECF No. 205 at 9-10, 13-15. Defendants

20    identified five such absent class members, including Ryan Schwend and Scott

PLAINTIFF'S MOTION TO MODIFY CLASS - 1

Silvester. Downes Decl. ¶ 2. Mr. Silvester has been employed as a pilot by Horizon since May 2013, and was a member of the Idaho Air National Guard from November 2008 through December 2023. Silvester Decl. ¶¶ 2-3. Defendants issued a document subpoena to Mr. Silvester, in response to which he collected and produced documents. *Id.* ¶ 7. Defendants also took Mr. Silvester's deposition. *Id.* Mr. Schwend was employed by Horizon from March 2018 through August 2023 and has been employed by Alaska since August 2023. Schwend Decl. ¶ 2. He has been a member of the Washington Army National Guard since February 2014. *Id.* ¶ 3. Defendants likewise served Mr. Schwend with a document subpoena in response to which he collected documents. *Id.* at 7. His deposition was scheduled but taken off the calendar when this Court vacated deadlines in this case in light of the parties' progress in settlement discussions. Downes Decl. ¶ 3; *see* ECF No. 225.

On October 11, 2023, the parties held an all-day, in-person mediation with the assistance of Hunter Hughes, an independent mediator. Downes Decl. ¶ 4. The parties reached tentative agreement on the principal monetary terms of settlement, conditioned on reaching agreement as to the principal non-monetary terms of settlement. *Id.* Because Mr. Clarkson was no longer a military servicemember and thus would not benefit personally from non-monetary relief negotiated on behalf of the Class, Class Counsel sought the assistance of Class Members who were both

PLAINTIFF'S MOTION TO MODIFY CLASS - 2

current Alaska/Horizon pilots and current military servicemembers. *Id*. Mr. Fisk, a Horizon pilot from April 2018 through May 2024 and a member of the Washington Air National Guard since January 2009, Fisk Decl. ¶¶ 2-3, agreed to assist with the negotiations, *id*. ¶¶ 5,7, as did Mr. Schwend and Mr. Silvester. Schwend Decl. ¶¶ 5, 7; Silvester Decl. ¶¶ 5, 7. The parties—together with the Additional Class Representatives—then held a second all-day, hybrid in-person/remote mediation on December 6, 2023, also facilitated by Mr. Hughes. Downes Decl. ¶ 5. The parties reached agreement on the principal non-monetary terms of settlement at that mediation. *Id*.

## Memorandum of Points and Authorities

Rule 23(c)(1)(C) provides that "[a]n order that grants or denies class certification may be altered or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C). "The purpose of Rule 23(c)(1)(C) is to afford district courts the latitude to amend an existing class certification order, or an order denying class certification, in light of subsequent developments." *Friend v. Hertz Corp.*, No. C07-5222 MMC, 2014 WL 4415988, at *2 (N.D. Cal. Sept. 8, 2014); see *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 479 n.9 (2013) ("Rule 23 empowers district courts to 'alte[r] or amen[d]' class-certification orders based on circumstances developing as the case unfolds").

PLAINTIFF'S MOTION TO MODIFY CLASS - 3

**I.    The Court Should Modify the Class Definition to Fix a Class Period End Date of May 31, 2023, For Purposes of Settlement**

The Court previously certified a Class consisting of "All current or former Alaska or Horizon pilots who have taken short-term military leave from October 10, 2004 through the date of the judgment." *Clarkson v. Alaska Airlines, Inc.*, No. 2:19-cv-0005-TOR, 2020 WL 4495278, at *6 (E.D. Wash. Aug. 6, 2020). While an open-ended class period made sense while the litigation was ongoing, courts generally agree that it is appropriate to fix an end-date to the class period to effect class settlements. *Sampson v. Knight Transp., Inc.*, C17-0028-JCC, 2021 WL 2255129, at *2-3 (W.D. Wash. June 3, 2021) (surveying law and setting an end date as of the court's order). This modification will "not alter the reasoning underlying the Court's prior Order granting class certification." *Foster v. Adams & Assocs., Inc.*, No. 18-CV-02723-JSC, 2021 WL 4924849, at *3 (N.D. Cal. Oct. 21, 2021) (modifying class definition on preliminary approval of class action settlement to provide for end date); *see Berger v. Prop. I.D. Corp.*, No. CV 05-5373-GHK (CWX), 2008 WL 11342785, at *2 (C.D. Cal. Aug. 29, 2008) (amending class definitions from open-ended to definite class periods for purposes of settlement).

A class certification order may be altered or amended before final judgment. Fed. R. Civ. P. 23(c)(1)(C); *Howell v. Advantage RN, LLC*, 401 F.Supp.3d 1078, 1085 (S.D. Cal. 2019) (finding courts retain discretion to modify the class

PLAINTIFF'S MOTION TO MODIFY CLASS - 4

definition "in light of subsequent developments in the litigation"). Without an end date, pilots would continue to take short-term military leave and thus accrue claims even after notice had been given and allocations calculated. This would make administration of the Settlement impractical and give rise to due process concerns, as participants joining the Class after the distribution of class notice would be class members, would be providing a release of claims, but would not receive notice or a settlement award.

Here, the Class definition should consist of "All current or former Alaska or Horizon pilots who have taken short-term military leave from October 10, 2004, through May 31, 2023." May 31, 2023, is the last date for which Class Counsel had class leave and pay data at Horizon and Alaska when the parties held the first day of mediation and reached tentative agreement on the monetary terms of settlement. Downes Decl. ¶¶ 2, 4. Using May 31, 2023, as the end date for the class period will both streamline administration and ensure that the application of the Plan of Allocation is equitable, taking into account and releasing only claims known to Class Counsel at the time the settlement was negotiated.

Modifying the class definition will not require providing class members with an additional opportunity to opt-out of the Class. All pilots identified in data produced by Defendants through May 31, 2023, have already received notice of this suit and an opportunity to opt-out of the Class, either in 2020 when the Court

1    certified the Class or in 2023 when the Court approved notice to additional persons

2    who joined the Class in the intervening years. ECF No.111; ECF No. 213. *Low v.*

3    *Trump Univ.*, LLC, 881 F.3d 1111, 1121 (9th Cir. 2018) (holding due process and

4    Rule 23 do not require a second, settlement-stage opt-out opportunity). Horizon

5    pilots in the 2004-2008 timeframe who are included in the class but do not appear

6    in Defendants' data, will receive an opportunity to opt-out of the Class upon

7    receipt of the Class Notice, which will be sent to all Horizon pilots from 2004

8    through 2008.[1]

9    ## II.    The Court Should Appoint Matt Fisk, Ryan Schwend, and Scott Silvester as Additional Class Representatives.

10    Rule 23(d)(1)(B)(iii) specifically contemplates that the Court may grant

11    leave to absent class members "to intervene and present claims or defenses, or to

12    otherwise come into the action." Fed. R. Civ. P. 23(d)(1)(B)(iii). see Manual for

13    Complex Litigation § 21.26 ("The Court may permit intervention by a new

14    representative or may simply designate that person as a representative in the order

15    granting class certification."). "Courts have generally permitted the addition or

16    substitution of class representatives when there is no showing of prejudice to

17    defendants and such addition or substitution would advance the purposes served by

18    class certification." *In re Arakis Energy Corp. Sec. Litig.*, No. 95-cv-3431 (ARR),

19    ───────────────

[1] The plan of Class Notice is more fully described in Plaintiff's Unopposed Motion

20    for Preliminary Approval of Class Action Settlement, also filed today.

PLAINTIFF'S MOTION TO MODIFY CLASS - 6

1999 WL 1021819, at *13 (E.D.N.Y. Apr. 27, 1999); *see Munoz v. PHH Corp*.,

No. 1:08-CV-0759-AWI-BAM, 2013 WL 3935054, at *5 (E.D. Cal. July 29, 2013)

("Intervention of class representatives to ensure adequate class representation is

highly desirable.").

  A. **Appointing the Additional Class Representatives Will Provide the Paid Leave Class With More Complete Representation.**

  During settlement discussions in this case, Defendants expressed interest in a

resolution that would include prospective relief for the Class and a corresponding

release of claims. Downes Decl. ¶ 4. But the sole class representative, Casey

Clarkson, had previously retired from the military.  ECF No. 73-22 at ¶ 2-3. In

order to ensure that the interests of the Class members who were currently

servicemembers were adequately represented, the following members of the Paid

Leave Class who were both currently military servicemembers and pilots

employed by Defendants participated in the settlement negotiations: Matt Fisk, a

Horizon pilot and a member of the Washington Air National Guard; Ryan

Schwend, an Alaska pilot, former Horizon pilot, and member of the Washington

Army National Guard; and Scott Silvester, Horizon pilot and a member of the

Idaho Air National Guard. Fisk Decl. ¶¶ 2-3; Silvester Decl. ¶¶ 2-3; Schwend Decl.

¶¶ 2-3. As both current airline pilots and current military servicemembers, these

Class members faced the likelihood they would be affected by Defendants' policies

going forward and thus had standing to pursue claims for prospective relief against

PLAINTIFF'S MOTION TO MODIFY CLASS - 7

1    Defendants.  As a result of that mediation and with the participation and approval

2    the proposed Additional Class Representatives, Plaintiff and Defendants reached

3    agreement on the material non-monetary terms of settlement: four days of paid

4    short-term military leave per year for members of the Paid Leave Class, at both

5    airlines. Downes Decl. ¶ 5.

6          The essence of adequate representation under Rule 23 is "shared interests

7    and lack of internal division between the proposed representative and absent class

8    members." 1 *McLaughlin on Class Actions* § 4:27 (20th ed.). The Additional Class

9    Representatives have enhanced the adequacy of representation of the Paid Leave

10   Class. Their participation alleviated any potential concern regarding whether Mr.

11   Clarkson—as a former servicemember—could adequately represent the interests of

12   other class members in seeking changes to Defendants' policies. Including Mr.

13   Fisk, Mr. Schwend, and Mr. Silvester, who were class members with interests in

14   both monetary and prospective relief, ensured that the interests of the Class were

15   fully aligned throughout the settlement negotiation process. Formally adding the

16   Additional Class Representatives for purposes of settlement will enhance the

17   adequate representation of the Class.

18         There is authority in this Circuit supporting that Plaintiff Clarkson's

19   standing to pursue his monetary claims would be sufficient for him to settle and for

20   this Court to approve a settlement that provides prospective relief and a

PLAINTIFF'S MOTION TO MODIFY CLASS - 8

1  corresponding release of such relief. Another court in this Circuit concluded that

2  "[o]nce a plaintiff establishes standing to assert a claim, the court has jurisdiction

3  to approve settlement of a claim arising from the same common nucleus of

4  operative facts even if the court would not have had jurisdiction over the claim had

5  it gone to trial." *Hahn v. Massage Envy Franchising, LLC*, No. 12CV153 DMS

6  (BGS), 2016 WL 11620608, at *5 (S.D. Cal. Mar. 30, 2016). In *Massage Envy*, the

7  plaintiffs were former members of a massage parlor chain who sought to settle on a

8  class basis the claims of both current and former members. *Id*. Objectors argued

9  that the plaintiffs lacked standing to pursue prospective, injunctive relief, and thus

10  could not settle the claims of current members for such relief. *Id*. But the court held

11  that this objection really raised a class certification question—how similar the

12  injuries of current and former members were—not "whether the Court has

13  jurisdiction to approve settlement of, as opposed to adjudicate, a disputed claim."

14  *Id*. Here, Plaintiff's claims for monetary relief and the claims for injunctive relief

15  of absent class members arise out of the same common nucleus of operative fact:

16  Horizon and Alaska's policies of not paying pilots on short-term military leave

17  while paying pilots who take other, comparable forms of leave. As a result, it is

18  irrelevant that Plaintiff would not have been able himself to secure an injunction at

19  trial. *See Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1288 (9th Cir. 1992)

20  (holding "it was not necessary for the district court to actually exercise subject

PLAINTIFF'S MOTION TO MODIFY CLASS - 9

matter jurisdiction over the claims to approve their release"); *see also Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of S.F.*, 688 F.2d 615, 632 n.18 (9th Cir. 1982) ("[W]here a particular type of relief potentially available to the class members is compromised in the settlement process, it is mainly irrelevant whether or not that relief was specifically requested in the complaint. The breadth of negotiations is not necessarily strictly confined by the pleadings."). Thus, this settlement could be approved without the appointment of the Additional Class Representatives.

But appointing these Additional Class Representatives would strengthen the representation of the Class. *N.J. Carpenters Health Fund v. Residential Cap., LLC*, No. 08 CV 5093 HB, 2013 WL 6839093, at *3 (S.D.N.Y. Dec. 27, 2013) (appointing additional representatives to "strengthen[ ] the adequacy of representation" of the class). The *Massage Envy* court concluded that the settlement improperly differentiated between current and former members and inappropriately favored former members. *Hahn*, 2016 WL 11620608, at *9. The inclusion of the Additional Class Representatives in the settlement negotiations eliminated that concern here. Thus, even if Plaintiff Clarkson alone is an adequate representative for a settlement that includes prospective relief, the Additional Class Representatives will continue to strengthen the representation of the Class.

1    "In a class action, standing is satisfied if at least one named plaintiff meets

2    the requirements." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir.

3    2007). Following the mediation and during the months required to conduct the

4    union review process with the Alaska and Horizon pilot unions and to finalize the

5    formal settlement agreement, Mr. Fisk has terminated his employment with

6    Horizon and Mr. Silvester has retired from the armed services. Fisk Decl. ¶¶ 2-3;

7    Silvester Decl. ¶¶ 2-3. But Mr. Schwend remains both a current pilot at Alaska and

8    a member of the Washington Army National Guard. Schwend Decl. ¶¶ 2-3. To the

9    extent the Court concludes it is necessary to have at least one class representative

10   with standing to pursue prospective relief in order to award such relief as part of

11   settlement, Mr. Schwend satisfies that requirement.

**B.    The Additional Class Representatives Have Claims Typical of the Class and are Adequate Class Representatives.**

12   The Additional Class Representatives have claims typical of the Paid Leave

13   Class and would adequately represent its interests for the same reasons the Court

14   previously held Clarkson's claims typical and him adequate. The typicality

15   requirement ensures that "the interest of the named representative aligns with the

16   interests of the class." *Clarkson*, 2020 WL 4495278, at *4. Here, typicality is

17   satisfied as "Defendants apply a uniform policy of failing to provide paid military

18   leave to its employees while paying for other comparable forms of short-term

19   leave." *Id.* at *5. All the Additional Class Members, as both pilots with the airlines

PLAINTIFF'S MOTION TO MODIFY CLASS - 11

and military servicemembers, have been subject to that policy. Fisk Decl. ¶¶ 2-3; Silvester Decl. ¶¶ 2-3; Schwend Decl. ¶¶ 2-3.

Adequacy of representation requirement asks: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members[;] and (2) will the named plaintiffs … prosecute the action vigorously on behalf of the class?" *Clarkson*, 2020 WL 4495278, at *5. Like Plaintiff, the Additional Class Representatives have no conflicts of interest with the Class and will and have vigorously pursued the claims on behalf of the Class. All three Additional Class Representatives understand the duties of Class Representatives in a class action. Fisk Decl. ¶¶ 5-6; Silvester Decl. ¶¶ 5-6; Schwend Decl. ¶¶ 5-6. Schwend was the subject of a document subpoena issued by Defendants, and collected responsive documents and worked with Class Counsel to comply with it. Schwend Decl. ¶ 7. Silvester was subject to a document subpoena, produced responsive documents, and was also deposed by Defendants. Silvester Decl. ¶ 7. And all three Additional Class Representatives participated in the all-day mediation at which the material non-monetary terms of settlement were negotiated through hard-fought bargaining. Fisk Decl. ¶ 7; Silvester Decl. ¶ 7; Schwend Decl. ¶ 7; Downes Decl. ¶ 6.

To the extent the Court concludes that at least one Class Representative must have standing to pursue injunctive relief in order for it to approve the Settlement, Mr. Schwend satisfies that requirement. He is both currently a pilot for Alaska (and

1   formerly for Horizon) and a current military servicemember. Schwend Decl. ¶ 2-3.

2   That is sufficient. *Boley v. Universal Health Servs., Inc.*, 36 F.4th 124, 133 (3d Cir.

3   2022) (holding so long as plaintiff "had a concrete and personalized stake in each

4   claim alleged in the complaint, [plaintiff satisfied] Article III"); *In re Asacol*

5   *Antitrust Litig.*, 907 F.3d 42, 49 (1st Cir. 2018) (citing *Gratz v. Bollinger,* 539 U.S.

6   244, 262-68 (2003) ("Nothing in [Article III] precedent …. suggests that the claims

7   of the named plaintiffs must in all respects be identical to the claims of each class

8   member.").

## C.  Amendment of the Complaint and Joinder are Not Required.

9

10  Rule 23 refers to "representative parties," not plaintiffs. Fed. R. Civ. P.

11  23(a)(3) & (4). And the Supreme Court has held that a member of a putative class

12  can "enter the litigation" without filing a complaint or formally intervening. *United*

13  *Airlines, Inc. v. McDonald*, 432 U.S. 385, 394 (1977). Courts considering the

14  appointment of additional, non-party class representatives thus do not require that

15  the representatives to be joined as named plaintiffs nor that the operative pleadings

16  be amended. *Peterson v. Alaska Commc'ns Sys. Grp., Inc.*, 328 F.R.D. 255, 268 (D.

17  Alaska 2018). As a recent decision surveying the law in this area explained that

18  courts considering "whether to appoint a non-named plaintiff as an additional class

19  representative have not undertaken a Rule 15 or Rule 16 analysis, nor have they

20  required the pleadings be amended to include class representatives as a named

1   plaintiff in the action." *Jones v. Varsity Brands, LLC,* No. 2:20-CV-02892-SHL-

2   TMP, 2024 WL 1159289, at *3 (W.D. Tenn. Mar. 18, 2024); *see also In re*

3   *Telectronics Pacing Sys., Inc.*, 172 F.R.D. 271, 283 (S.D. Ohio 1997) (finding

4   "unnecessary for a class member to have filed an individual action in order to

5   qualify as a class representative").

6           **D.      The Standards of Rule 16 and 24 Are Satisfied.**

7           This Court previously decided that the addition of another proposed non-

8   party class representative required analysis under Rule 24 and Rule 16. *Clarkson v.*

9   *Alaska Airlines, Inc.*, No. 2:19-CV-0005-TOR, 2020 WL 13311693, at *2 (E.D.

10  Wash. Nov. 3, 2020). To the extent those Rules apply, good cause exists to amend

11  the scheduling order and to permit the intervention of the Additional Class

12  Members.

13          "The good cause standard under Rule 16 focuses primarily on the diligence

14  of the party seeking modification of the scheduling order." *Id.* at *3. Plaintiff has

15  been diligent here. "Courts have considered the following factors in evaluating a

16  movant's diligence: (1) whether the movant was diligent in assisting the court with

17  the creation of a workable scheduling order, (2) whether noncompliance with a

18  Rule 16 scheduling order occurred due to the development of new information that

19  was unforeseeable at the time of the scheduling conference, and (3) whether the

20  party was diligent in seeking amendment of the Rule 16 order once it became

PLAINTIFF'S MOTION TO MODIFY CLASS - 14

1   apparent that compliance with the established deadlines would not be possible." *Id*.

2   With respect to the first and second factors, Defendants had previously opposed

3   allowing Mr. Clarkson to seek prospective relief for the Class. ECF 109 at 5-8. As

4   to the third factor, the Settlement Agreement was signed on August 15, 2024, and

5   this motion was filed on August 23, 2024, just over a week later. Had the parties

6   not entered into a formal settlement agreement on the terms reached with the

7   assistance of the Additional Class Representatives, it would not have been

8   necessary to supplement the representation of the Class. Because the need to add

9   additional representatives could not have been predicted when the schedule was

10  formulated, arose from developments that could not have been foreseen at that

11  time, and was promptly sought following entry into the Settlement Agreement,

12  Plaintiff has been diligent and good cause exists to amend the schedule to permit

13  the intervention of the Additional Class Representatives.

14      And the requirements of Rule 24(b)(1)(B) are likewise satisfied. The court

15  has already held that absent members of the Paid Leave Class have claims that

16  share common questions of law and fact with Clarkson's claims. *Clarkson*, 2020

17  WL 4495278, at *4. Courts of this circuit considering permissive intervention

18  consider factors "include[ing] the nature and extent of the intervenors' interest,

19  their standing to raise relevant legal issues, the legal position they seek to advance,

20  and its probable relation to the merits of the case." *Spangler v. Pasadena City Bd.*

PLAINTIFF'S MOTION TO MODIFY CLASS - 15

*of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977). Courts find that these factors favor intervention where the intervenor's presence will "contribute to the just and equitable resolution of the issues before it" and "ensure that [intervenors] perspective on the matters at the heart of this litigation are given due consideration." *Brumback v. Ferguson*, 343 F.R.D. 335, 346 (E.D. Wash. 2022) (granting permissive intervention). The entry of intervenors will not "prolong or unduly delay resolution of this case," *id*.: to the contrary, it will assist in the prompt and equitable resolution of this case by settlement. The Additional Class Members have "a substantial interest in the outcome of the litigation," as all are class members who have been injured by the Defendants' longstanding policy of refusing to pay pilots who take short-term military leave. *Club v. McLerran*, No. C11-1759RSL, 2012 WL 12846108, at *2 (W.D. Wash. Mar. 19, 2012); Fisk Decl. ¶ 4; Silvester Decl. ¶ 4; Schwend Decl. ¶ 4. And Defendants will not be prejudiced: they do not oppose the relief sought by this motion. Permissive joinder is thus appropriate in this instance.[2]

---

[2] The Additional Class Members need not be formally joined as named Plaintiffs. The Ninth Circuit has expressly held that a non-party seeking to intervene need not intervene as a full party to the litigation, but may intervene for a limited purpose. *See Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 472 (9th Cir. 1992)

PLAINTIFF'S MOTION TO MODIFY CLASS - 16

1      Alternatively, to the extent the Court concludes that it could not approve the

2   Settlement without the joinder of the Additional Class Representatives (or at least

3   Mr. Schwend) because Clarkson could not settle claims for prospective relief,

4   intervention as of right is appropriate. The Court "must permit anyone to intervene

5   who… claims an interest relating to the property or transaction that is the subject

6   of the action, and is so situated that disposing of the action may as a practical

7   matter impair or impede the movant's ability to protect its interest, unless existing

8   parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). To the extent

9   the Court believes Mr. Clarkson is inadequate to represent the interests of Class

10  Members in prospective relief, the Additional Class Members should be permitted

11  to intervene to represent that interest.

**CONCLUSION**

13      For the foregoing reasons, Plaintiff's Motion to Modify Order Granting

14  Class Certification should be granted.

---

19  (approving intervention of non-party who sought only to modify a protective

20  order).

PLAINTIFF'S MOTION TO MODIFY CLASS - 17

1    Dated: August 23, 2024        Respectfully submitted,

2

3    _____

R. Joseph Barton

4    (admitted *pro hac vice*)

Colin M. Downes

5    (admitted *pro hac vice*)

BARTON & DOWNES LLP

6    1633 Connecticut Ave. N.W.

Suite 200

7    Washington, DC 20009

Tel: (202) 734-7046

8    jbarton@bartondownes.com

colin@bartondownes.com

9

Michael J. Scimone

10    (admitted *pro hac vice*)

OUTTEN & GOLDEN LLP

11    685 Third Avenue 25th Floor

New York, NY 10017

12    Tel: (212) 245-1000

mscimone@outtengolden.com

13

Hannah Cole-Chu

14    (admitted *pro hac vice*)

OUTTEN & GOLDEN LLP

15    1225 New York Avenue NW

Suite 1200B

16    Washington, DC 20005

Tel: (202) 847-4400

17    hcoleschu@outtengolden.com

18    Peter Romer-Friedman

(admitted *pro hac vice*)

19    PETER ROMER-FRIEDMAN

LAW PLLC

20    1629 K Street, NW, Suite 300

Washington, DC 20006

PLAINTIFF'S MOTION TO MODIFY CLASS - 18

1

2

Tel: (202) 355-6364
peter@prf-law.com

_____

3

Matthew Z. Crotty (WSBA #39284)
RIVERSIDE LAW GROUP, PLLC

4

905 W. Riverside Ave. Suite 404
Spokane, WA 99201

5

Tel: (509) 850-7011
mzc@rnwlg.com

6

7

Thomas G. Jarrard (WSBA #39774)
LAW OFFICE OF THOMAS
JARRARD, PLLC

8

1020 N. Washington St.
Spokane, WA 99201

9

Tel: (425) 239-7290
tjarrard@att.net

10

*Attorneys for Plaintiff and the Class*

11

12

13

14

15

16

17

18

19

20

PLAINTIFF'S MOTION TO MODIFY CLASS - 19