R. Joseph Barton
(admitted *pro hac vice*)
The Barton Firm LLP
1633 Connecticut Ave. N.W.
Suite 200
Washington, DC 20009
Telephone: (202) 734-7046
jbarton@thebartonfirm.com

*Attorneys for Plaintiff & the Class*
*(additional counsel listed below)*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| CASEY CLARKSON,<br><br>*Plaintiff*,<br><br>v.<br><br>ALASKA AIRLINES, INC, and HORIZON AIR INDUSTRIES, INC.,<br><br>*Defendants* | No. 2:19-CV-005-TOR<br><br>**PLAINTIFF'S & CLASS REPRESENTATIVES' MOTION FOR SERVICE AWARD AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**NOTED FOR HEARING: January 15, 2025**<br><br>**WITH ORAL ARGUMENT** |

MOTION FOR SERVICE AWARD

## I. INTRODUCTION

Class Representatives Casey Clarkson, Ryan Schwend, Scott Silvester and Matt Fisk respectfully submit this Motion for Service Awards. Mr. Clarkson, a current employee of Alaska Airlines and a veteran who served in the Washington Air National Guard, took on risks in initiating and advancing the litigation. Mr. Clarkson has been actively involved in various aspects of prosecuting the lawsuit from its inception through settlement, including participating in discovery, sitting for his deposition, and participating in the in-person and virtual mediation sessions. Mr. Schwend and Mr. Silvester were identified by Defendants as absent class members and they both collected and produced documents, appeared for depositions. All of them participated in the virtual mediation. None of them will receive any benefit from the litigation beyond their pro-rata shares of the settlement as members of the Class. The requested service awards collectively represent only 0.63% of the Settlement Fund (without considering the value of the prospective relief). Courts in this Circuit frequently award similar amounts to employee class representatives who play an active and integral role in the litigation and who face the risk of future reputation injury and adverse employment prospects because they sued their former employer. Therefore, the Court should grant this Motion for a service award in the amount of $15,000 for Plaintiff Clarkson and $5,000 each for Class Representatives Mr. Schwend, Mr. Silvester and Mr. Fisk.

MOTION FOR SERVICE AWARD — 1

## II. ARGUMENT

"Incentive awards [to class representatives] are fairly typical in class action cases." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009). "Such awards are discretionary . . . and are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Id.* at 958-59. "In the Ninth Circuit, a $5,000 service award "is presumptively reasonable." *Tuttle v. Audiophile Music Direct, Inc.,* No. C22-1081JLR, 2023 WL 8891575, at *15 (W.D. Wash. Dec. 26, 2023) (citing cases, but approving of an award of $10,000). "It is well established that the court may grant incentive awards to class representatives, both as an inducement to participate in the suit and as compensation for time spent in litigation activities, including depositions." *Marshall v. Northrop Grumman Corp.,* No. 16-cv-06794 AB-JCX, 2020 WL 5668935, at *10 (C.D. Cal. Sept. 18, 2020) (citation omitted)., *appeal dismissed*, No. 20-cv-56096, 2021 WL 1546069 (9th Cir. Feb. 16, 2021) Courts consider the following factors in determining whether to approve a service award:

> (1) the risk to the class representative in commencing suit, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; and (5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation.

MOTION FOR SERVICE AWARD                                                                                    2

*Id.* (citation omitted). Each of these factors weighs in favor of awarding the requested service award here.

### A. Plaintiff and the Other Class Representatives Took on Risks in Order to Advance the Litigation

Mr. Clarkson, a current employee of Alaska Airlines, "undertook a significant 'reputational risk' in bringing this action against her former employer." *Deaver v. Compass Bank*, No. 13-cv-00222 JSC, 2015 WL 8526982, at *15 (N.D. Cal. Dec. 11, 2015); *see* ECF No. 1 ¶ 9. Mr. Clarkson and Mr. Schwend still work for Alaska Airlines. Declaration of Casey Clarkson ("Clarkson Decl.") ¶ 2 & Declaration of Ryan Schwend (ECF No. 241-4) ¶ 2. Mr. Silvester still works for Horizon Air. Declaration of Scott Silvester (ECF No. 241-6) ¶ 2. Mr. Fisk only recently stopped working for Horizon Air as of May 2024. Declaration of Matt Fisk (ECF No. 241-2) ¶ 2. Obviously, Alaska/Horizon knows that Mr. Clarkson initiated this lawsuit against them. And there is a risk that future employers will be aware – merely by searching the names of any of the Class Representatives – that they participated in a lawsuit against their employer. Mr. Clarkson, Mr. Schwend, Mr. Silvester and Mr. Fisk understood and took on these risks in order to vindicate the rights of all servicemembers of Alaska and Horizon. Clarkson Decl. ¶ 10; Schwend Decl. ¶¶ 5-6; Silvester Decl. ¶¶ 5-6; Fisk Decl. ¶¶ 5-6.

### B. The Notoriety and Personal Difficulties Factor Weighs in Favor of the Requested Service Award

In evaluating whether the notoriety of the litigation and personal challenges faced by plaintiffs weighs in favor of a service award, courts frequently look to

MOTION FOR SERVICE AWARD                                                                 3

whether a case produced significant media coverage. *Marshall*, 2020 WL 5668935 at *10. However, "[e]ven if there was no media attention or difficulties encountered by the Class representatives, that would not preclude the Court from awarding incentive awards." *Id.* Here, the case was widely covered. It was widely covered in the legal press. *E.g.*, https://www.law360.com/employment-authority/articles/1872698/9th-circ-revives-military-bias-claims-against-alaska-airlines; https://news.bloombergtax.com/class-action/alaska-airlines-pilot-gets-military-leave-accrual-suit-revived?context=search&index=7. It was covered in the industry press. *E.g.* https://simpleflying.com/us-appeals-court-revives-american-airlines-pilot-lawsuit-military-compensation/ (also discussing this case). It was repeatedly covered by the business press, such as Reuters. *E.g.* https://www.reuters.com/legal/litigation/alaska-airlines-may-have-pay-pilots-short-term-military-leave-2023-02-01/. It was also covered by numerous employer-side organizations, like SHRM. *E.g.*, https://www.shrm.org/topics-tools/employment-law-compliance/jury-must-allowed-to-decide-military-leave-comparable-to-leave; https://www.ppibenefits.com/Article-Detail/ninth-circuit-revives-userra-paid-leave-class-action; https://www.theemployerreport.com/2023/02/paid-leave-for-userra-we-recommend-a-comparability-analysis/; Law firms that represent employers followed and repeatedly and frequently reported on this case. *E.g.* https://www.littler.com/publication-press/publication/userra-short-term-paid-military-leave-class-action-revived-federal. A simple internet search of "Alaska

military paid leave lawsuit" on Google yields at least 10 pages of websites covering this case. Thus, the factor concerning notoriety and personal difficulties weighs in favor of a service award

    **C.    The Amount of Time and Effort Spent by Plaintiff and Class Representatives Strongly Favors the Requested Service Awards**

"An incentive award is appropriate where the class representatives remained fully involved and expended considerable time and energy during the course of the litigation." *Marshall*, 2020 WL 5668935 at *11 (citation omitted). Here, Mr. Clarkson devoted significant time and effort to the litigation. Before and after the litigation was filed, Mr. Clarkson collected and provided Class Counsel with various documents related to his military leave. Clarkson Decl. ¶ 6. Mr. Clarkson also participated in phone discussions and in-person meetings with Class Counsel. *Id*. After the litigation commenced, Mr. Clarkson actively participated in discovery, including verifying answers to interrogatories, searching for documents responsive to requests for production issued by Defendants. *Id*. Mr. Clarkson met with Class Counsel to prepare for and appear at his deposition. *Id*. Mr. Clarkson regularly reviewed the court filings in the case. *Id*. ¶ 5 Mr. Clarkson attended and participated in the all-day in-person mediation held on October 11, 2023 and the all-day virtual mediation held on December 6, 2024. *Id*. ¶ 7. Mr. Schwend and Mr. Silvester responded to and produced documents responsive to Defendants' subpoenas to produce documents. Schwend Decl. ¶ 7; Silvester Decl. ¶ 7. Mr. Schwend and Mr. Silvester also appeared for their respective depositions. Schwend

MOTION FOR SERVICE AWARD     5

Decl. ¶ 7; Silvester Decl. ¶ 7. Mr. Schwend, Mr. Silvester and Mr. Fisk participated in the all-day virtual mediation held on December 6, 2024. Schwend Decl. ¶ 7; Silvester Decl. ¶ 7; Fisk Decl. ¶ 7. Thus, Plaintiff's and the other Class Representatives' involvement in the litigation weighs heavily in favor of approving the service award.

**D.    The Duration of the Litigation Weighs in Favor of a Service Award**

Participating in "years of litigation" supports a service award. *See Marshall,* 2020 WL 5668935 at *11 (citations omitted). In *Marshall*, the fact that the case had been pending for three years at final approval weighed in favor of service awards. *Id.* (awarding $25,000 each to 6 class representative); *see Hamilton v. Juul Labs, Inc.,* 20-cv-03710-EMC, 2021 WL 5331451, at *14 (N.D. Cal. Nov. 16, 2021) (awarding $10,000 where case had been pending for 2 years); *Bellinghausen v. Tractor Supply Co.,* 306 F.R.D. 245, 267 (N.D. Cal. 2015) (awarding $15,000 where case had been pending "for one year and nine months" and plaintiff spent 73 hours on the case). Here, the litigation has been pending for five years since January 7, 2020, with Mr. Clarkson being actively involved throughout the case. ECF No. 1.; Clarkson Decl. ¶¶ 5-6. The duration of the litigation weighs heavily in favor of the requested service award.

**E.    Plaintiff and Class Representatives Are Not Receiving Any Extra Personal Benefit as a Result of the Litigation, Which Weighs in Favor of the Service Award**

"An incentive award may be appropriate when a class representative[] will not gain any benefit beyond that they would receive as an ordinary class member."

MOTION FOR SERVICE AWARD                                                                 6

*Waldbuesser v. Northrop Grumman Corp.*, No. 06-cv-06213, 2017 WL 9614818, at *8 (C.D. Cal. Oct. 24, 2017) (citing *Van Vranken v. A. Richfield Co.*, 901 F.Supp.294, 299 (N.D. Cal. 1995)). Here, Plaintiff and Class Representatives are not receiving any benefit from the litigation beyond their pro-rata share of the settlement. Declaration of R. Joseph Barton ("Barton Decl.") ¶ 2. Plaintiff and Class Representatives support the settlement whether or not the Court authorizes their service award. Clarkson Decl. ¶ 13; Schwend Decl. ¶ 8; Silvester Decl. ¶ 8; Fisk Decl. ¶ 8. For these reasons, the "personal benefit" factor weighs strongly in favor of the requested service award.

### F. The Amount Sought is Consistent With Amounts Awarded in Other Cases Given Plaintiff's and Class Representatives' Involvement in this Case

The amounts of $15,000.00 requested for Plaintiff and $5,000.00 each for the other Class Representatives are in line with awards in similar cases in this District and this Circuit where class representatives have had similar or less involvement or similar or less risk. *Marshall*, 2020 WL 5668935, at *11 (approving awards of $25,000 to each of six class representatives and citing cases where similar amounts awarded); *Schmitt v. Kaiser Found. Health Plan of Washington,* No. 2:17-CV-1611-RSL, 2024 WL 1676754, at *6 (W.D. Wash. Apr. 18, 2024) (approving awards of $15,000 each to three class representatives from $3 million settlement); *Randall v. Integrated Commc'n Serv., Inc.,* No. 3:20-CV-05438-DGE, 2023 WL 5743133, at *4 (W.D. Wash. Sept. 6, 2023) (approving service awards of $15,000 each to two class representatives where awards would

amount to 2.16% of settlement and class members would be $1,849 on average from the settlement). Another court in this District recently approved a $15,000 service award to class representative who had served as a named plaintiff in th[e] action for five years" where the settlement fund was $4.4 million. *Kurtz v. RHHC Trios Health, LLC*, No. 4:19-CV-05049-MKD, 2024 WL 3930500, at *9 (E.D. Wash. Aug. 23, 2024) (finding service award "consistent with awards granted in other cases."). In the only other USERRA class action that Class Counsel found in this District, another court in this District approved of a $20,000 service award to one representative and a $10,000 service awards to two other representatives. *Hall v. L-3 Commc'ns Corp.,* No. 2:15-CV-00231-SAB, 2019 WL 3845460, at *4 (E.D. Wash. Aug. 2, 2019) (finding the awards would amount to 1.5% of the $2 million settlement).

      This Court approved a $10,000 service award for the class representative where the award represented less than 1% of the $1.6 million settlement amount and the plaintiff "assisted with Class Counsel with investigating Defendant's practices, drafting the complaint, and participated in negotiating the settlement of this matter." *Morris v. FPI Mgmt., Inc.,* No. 2:19-CV-0128-TOR, 2022 WL 3013076, at *7 (E.D. Wash. Feb. 3, 2022). There is no indication that the plaintiff in *Morris* was deposed, or that the plaintiff participated in two mediations or there was any potential risk to the plaintiff's potential reputational risk or employment status (as she was not an employee). *See id.* Moreover, the overall amount of the

settlement was far less than this settlement as was the average expected value per class member (of only about $30) than the thousands per class member in this case. *See id.* at *3. Nor does the settlement in *Morris* appear to provide any prospective relief. *Id.*

The factors that led courts to approve similar amounts apply here: (1) Mr. Clarkson filed this lawsuit despite the potential reputational risk and adverse impact on his future employment, (2) Mr. Clarkson, Mr. Schwend and Silvester were each deposed, (3) Mr. Clarkson participated in two different mediations and Mr. Schwend, Mr. Silvester and Mr. Fisk participated in one mediation, and (4) the settlement is substantial – equal to a gross average value of $8,928 per class member.[1]

## III.  CONCLUSION

For the forgoing reasons, the Court should grant Plaintiff's motion and approve a service award of $15,000 to Casey Clarkson and $5,000 each to Ryan Schwend, Scott Silvester and Matt Fisk.

---

[1] The Ninth Circuit "approved incentive awards of $5,000 each to [] class representatives" for a 5,400 person class with a settlement of merely $1.7 million. *Staton v. Boeing Co.,* 327 F.3d 938, 976 (9th Cir. 2003) (citing with approval *In re Mego Fin. Corp. Sec. Litig.,* 213 F.3d 454, 463 (9th Cir. 2000) (approving such awards for $1.75 million settlement on behalf of 5,400 class members)). Not only is the settlement amount and the average amount per class member greater than in either the *Staton or Mega* cases, but adjusting $5,000 in the year 2000 for inflation, a $5,000 award would be the equivalent of $9,113.07 today. *See* https://www.amortization.org/inflation/amount.php?year=2000&amount=5000. Thus, this request is less than $2,000 in real dollar value over what the Ninth Circuit previously recognized 20 years ago as presumptively reasonable.

MOTION FOR SERVICE AWARD                                                                 9

Dated: January 2, 2025               Respectfully submitted,


                                     */s/ R. Joseph Barton*
                                     R. Joseph Barton
                                     (admitted *pro hac vice*)
                                     The Barton Firm LLP
                                     1633 Connecticut Ave. N.W.
                                     Suite 200
                                     Washington, DC 20009
                                     Tel: (202) 734-7046
                                     jbarton@thebartonfirm.com

                                     Michael J. Scimone
                                     (admitted *pro hac vice*)
                                     OUTTEN & GOLDEN LLP
                                     685 Third Avenue 25th Floor
                                     New York, NY 10017
                                     Tel: (212) 245-1000
                                     mscimone@outtengolden.com

                                     Hannah Cole-Chu
                                     (admitted *pro hac vice*)
                                     OUTTEN & GOLDEN LLP
                                     1225 New York Avenue NW
                                     Suite 1200B
                                     Washington, DC 20005
                                     Tel: (202) 847-4400
                                     hcoleschu@outtengolden.com

                                     Peter Romer-Friedman
                                     (admitted *pro hac vice*)
                                     PETER ROMER-FRIEDMAN LAW PLLC
                                     1629 K Street, NW, Suite 300
                                     Washington, DC 20006
                                     Tel: (202) 355-6364
                                     peter@prf-law.com

                                     Matthew Z. Crotty (WSBA #39284)
                                     RIVERSIDE LAW GROUP, PLLC

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  

905 W. Riverside Ave. Suite 404  
Spokane, WA 99201  
Tel: (509) 850-7011  
mzc@riverside-law.com  

*/s/ Thomas G. Jarrard*  
Thomas G. Jarrard (WSBA #39774)  
LAW OFFICE OF THOMAS JARRARD, PLLC  
1020 N. Washington St.  
Spokane, WA 99201  
Tel: (425) 239-7290  
tjarrard@att.net  

*Attorneys for Plaintiff and the Class*

**CERTIFICATE OF SERVICE**

I certify that on January 2, 2025, I caused the foregoing **PLAINTIFF'S MOTION FOR SERVICE AWARD AND MEMORANDUM OF POINTS AND AUTHORITIES** to be electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the all counsel of record.

*/s/ Ming Siegel*
Ming Siegel